# EXHIBIT 2

*Financial Remedy Order*

FD 13 D 05340



# IN THE HIGH COURT OF JUSTICE
# FAMILY DIVISION

THE MATRIMONIAL CAUSES ACT 1973

THE MARRIAGE OF TATIANA MIKHAILOVNA AKHMEDOVA AND FARKHAD TEIMUR OGLY AKHMEDOV

AFTER hearing Nigel Dyer QC, Dakis Hagen and Henry Clayton for the applicant. The Respondent, the Second Respondent and the Third Respondent were not represented, and none of the Respondents attended the final hearing although the court is satisfied that each of the Respondents had notice of the hearing and of the Applicant's claims.

AND upon the court reading the court bundle comprising of 5 lever arch files of statements and documentary evidence, and the documents submitted by the Applicant's counsel, and taking the oral evidence of the Applicant and Anthony David Kerman on a witness summons.

ORDER MADE BY MR JUSTICE HADDON-CAVE ON 20 DECEMBER 2016 FOLLOWING THE FINAL HEARING HELD IN PRIVATE ON THE FOLLOWING DATES 28 - 30 NOVEMBER 2016, 2, 5, 15, 16 and 20 DECEMBER 2016. IF YOU FARKHAD AKHMEDOV, AND/OR WOODBLADE LTD, COTOR INVESTMENT SA, QUBO 1 ESTABLISHMENT, QUBO 2 ESTABLISHMENT DO NOT COMPLY WITH THIS ORDER YOU MAY BE HELD TO BE IN CONTEMPT OF COURT AND IMPRISONED OR FINED, OR YOUR ASSETS MAY BE SEIZED.

THE PARTIES

1.   The Petitioner/Applicant is Tatiana Akhmedova, who is domiciled and resident in    England.

2.   The Respondent is Farkhad Akhmedov, who is domiciled and resident in Azerbaijan.

3.   The Second Respondent is Woodblade Limited, a company registered in Cyprus, of which the Respondent is the only director.

4.   The Third Respondent is Cotor Investment SA, a company registered in Panama.

Please address all communications for the Court to The Family Division of the High Court, 1st Mezzanine, Queen's Building, Royal Courts of Justice, Strand, London WC2A 2LL quoting the case number in the top right hand corner of this form. The Court Office is open between 10.00 a.m. and 4.30 p.m. on Mondays to Fridays.

D264

1

5.  The Fourth Respondent is Qubo 1 Establishment, a Liechtenstein Anstalt which was registered on 21 October 2016 [under register number 0002.532.781-9] and its registered agent is Walpart Trust, Zollstrasse 2, 9490 Vaduz, Liechtenstein.

6.  The Fifth Respondent is Qubo 2 Establishment, a Liechtenstein Anstalt which was registered on 21 October 2016 [under register number 0002.532.775-5] and its registered agent is Walpart Trust, Zollstrasse 2, 9490 Vaduz, Liechtenstein.


DEFINITIONS

7.  "assets held in the name of the Third Respondent" includes (but is not limited to):-

    a. money and investments held in portfolio 240-139817-R001 at UBS Switzerland AG and/or UBS AG, Postfach, 8098 Zurich, or in any other portfolio in the name of the Third Respondent at UBS Switzerland AG and/or UBS AG, and in accounts at LGT Bank, in Herrengasse 12, FL-9490 Vaduz, Liechtenstein.

8.  "assets held in the name of the Fourth Respondent" and "assets held in the name of the Fifth Respondent" includes (but is not limited to):-

    a. the collection of modern art which is itemised in Annex 1 to this order, and which was transferred by the Third Respondent to the Fourth Respondent on a date in and around October or November 2016, and understood to be currently held at Stabiq Treasure House, Wirtschaftspark 27, 9492, Eschen, Liechtenstein;

    b. money and investments held account(s) at LGT Bank, in Herrengasse 12, FL-9490 Vaduz, Liechtenstein.


9.  "Somerton House" means the Applicant's home at Somerton House, St. George's Hill, Weybridge, Surrey KT13 0NR.


RECITALS

10. It is recorded by the court that:-

    a. Decree Nisi was made absolute on 15 December 2016.

    b. The Respondent voluntarily submitted to the jurisdiction of England and Wales (by letter dated 18 June 2015 from his solicitors Sears Tooth) in these divorce proceedings and he participated in these proceedings until 11 November 2016 when Sears Tooth came off the court record as acting for the Respondent. Since then the Respondent has played no part in the

proceedings and he is in contempt of court; he is in breach of various orders, including the order which directed that he must personally attend the duration of the trial commencing on 28 November 2016.

c. The Second Respondent was joined as a party to the proceedings on 25 October 2016 and there was good service of the joinder order on 25 October 2016 and of the Applicant's case on 8 November 2016. The Second Respondent has failed to participate in these proceedings.

d. The Third Respondent was joined as a party to the proceedings on 25 October 2016 and there was good service of the joinder order on 25 October 2016 and of the Applicant's case on 8 November 2016. The Third Respondent has failed to participate in these proceedings.

e. The Fourth Respondent was joined as a party to these proceedings by this order. The Fourth Respondent had constructive notice of these proceedings and of the claims made by the Applicant.

f. The Fifth Respondent was joined as a party to these proceedings by this order. The Fifth Respondent had constructive notice of these proceedings and of the claims made by the Applicant.

## DECLARATIONS

11. The court finds and DECLARES under the court's general civil and commercial jurisdiction, that:-

a. The Third Respondent is the Respondent's nominee, and the assets held and previously held in the name of the Third Respondent belong to the Respondent.

b. The Fourth Respondent is the Respondent's nominee, and the assets held in the name of the Fourth Respondent belong to the Respondent.

c. The Fifth Respondent is the Respondent's nominee, and the assets held in the name of the Fourth Respondent belong to the Respondent.

d. £224,430,508 of the lump sum ordered in paragraph 13 below amounts to maintenance for the purposes of: (i) European Council Regulation (EC no 4/2009) on jurisdiction, applicable law, recognition and enforcement of decisions and cooperation in matters relating to maintenance obligations, (ii) European Council Regulation (EC no 1215/2012) on jurisdiction and the recognition and enforcement of judgments in civil and commercial matters and (iii) the Convention on jurisdiction and the enforcement of judgments in civil and commercial matters signed in Lugano on 30 October 2007, and the definition of maintenance as decided in *Van den Boogaard v Laumen*; ECJ 27 Feb 1997.

e. This order is final and enforceable under the Regulation and Convention set out in paragraph d. above.

f. The purported Declaration of Trust dated 17 March 2015 (Annex 2 to this order) was a transaction (a) at an undervalue for the purposes of Insolvency Act 1986 s.423 and (b) made by the Respondent for the purpose of putting assets beyond the reach of a person who is making a

Please address all communications for the Court to The Family Division of the High Court, 1st Mezzanine, Queen's Building, Royal Courts of Justice, Strand, London WC2A 2LL quoting the case number in the top right hand corner of this form. The Court Office is open between 10.00 a.m. and 4.30 p.m. on Mondays to Fridays.

D264

3

claim against him or otherwise for prejudicing the interests of that person in relation to the claim which she is making;

g. The purported transfer of the collection of modern art which is itemised in Annex 1 to this order from the Third Respondent (Cotor Investment SA) to the Fourth Respondent (Qubo 1 Establishment) or the Fifth Respondent (Qubo 2 Establishment) was a transaction (a) at an undervalue for purposes of the Insolvency Act 1986 s. 423 and (b) made by the Respondent for the purpose of putting assets beyond the reach of a person who is making a claim against him or otherwise for prejudicing the interests of that person in relation to the claim which she is making.

h. Any purported transfer of the money and investments held in portfolio 240-139817-R001 at UBS Switzerland AG and/or UBS AG, Postfach, 8098 Zurich, or in any other portfolio formerly in the name of the Third Respondent at UBS Switzerland AG to any other entity including the Fourth Respondent (Qubo 1 Establishment) and the Fifth Respondent (Qubo 2 Establishment) was a transaction (a) at an undervalue for the purposes of the Insolvency Act 1986 s. 423 and (b) made by the Respondent for the purpose of putting assets beyond the reach of a person who is making a claim against him or otherwise for prejudicing the interests of that person in relation to the claim which she is making.

**IT IS ORDERED THAT:-**

**JOINDER OF QUBO 1 AND QUBO 2**

12. Qubo 1 Establishment and Qubo 2 Establishment are joined as parties to these proceedings and known as the Fourth Respondent and Fifth Respondent respectively. Liberty to the Fourth Respondent and to the Fifth Respondent apply on 7 days' notice in writing to the applicant's solicitors (Payne Hicks Beach) to be disjoined.

**LUMP SUM**

13. The Respondent (Farkhad Akhmedov), or his nominees the Third Respondent (Cotor Investment SA), the Fourth Respondent (Qubo 1 Establishment) and the Fifth Respondent (Qubo 2 Establishment), shall pay to the Applicant (Tatiana Akhmedova) a lump sum of £350,000,000 (350 million pounds sterling) by 4pm on Friday 6 January 2017. The Respondent, the Third Respondent, the Fourth Respondent and the Fifth Respondent are jointly and severally liable to pay this lump sum.

14. If this lump sum is not paid in full by the due date then interest shall run at Judgment Debt rate of 8% per annum.

4

## TRANSFER OF PROPERTY

15. The Respondent shall transfer forthwith to the Applicant all of his legal and beneficial interest in:-

    a. each of the chattels identified in Annex 3 to this order, and any other chattels situated at Somerton House;

    b. the Aston Martin Virage Vantage Coupe motor car registration mark W7 FTA;

and it is DECLARED that with immediate effect the Applicant is the legal and beneficial owner of each of the chattels identified in Annex 3 to this order, and any other chattels situated at Somerton House, and the Aston Martin Virage Vantage Coupe motor car registration mark W7 FTA.

16. The Third Respondent and /or the Fourth and/or Fifth Respondent shall forthwith:-

    a. transfer the legal and beneficial ownership of each picture in the collection of modern art which is itemised in Annex 1 to this order to the Applicant,

    b. exercise any rights under the custody agreement concluded with Stabiq Treasure House so that the above transfer can occur, and

    c. deliver up each picture in the collection of modern art which is itemised in Annex 1 to this order to the order of the Applicant's attorneys, Gasser Partners, Wuhrstrasse 6, 9490 Vaduz, Fürstentum, Liechtenstein

and it is DECLARED that with immediate effect the Applicant is the legal and beneficial owner of each picture in the collection of modern art which is itemised in Annex 1.

## SET-ASIDE

17. The Respondent's purported declaration of trust dated 17 March 2015 (Annex 2 to this order) is hereby set aside under Matrimonial Causes Act 1973 s.37 and under s. 423 of the Insolvency Act 1986. The Respondent's beneficial interest in the shares of Avenger Assets Corporation; Carolina Ltd; Lucy Ltd; Sedell Finance Ltd and Sunningdale Ltd as it was immediately prior to the declaration of trust dated 17 March 2015 (Annex 2 to this order) is vested in the Respondent absolutely

18. The purported transfer of the collection of modern art which is itemised in Annex 1 to this order from the Third Respondent (Cotor Investment SA) to the Fourth Respondent (Qubo 1 Establishment) and/or the Fifth Respondent (Qubo 2 Establishment) is hereby reversed under s. 423 of the Insolvency Act 1986 and an order made under s. 423(2) and s. 425(1)(a) of the Insolvency Act 1986 that the collection be vested in the Applicant with immediate effect in the manner articulated in paragraph 16 above.

Please address all communications for the Court to The Family Division of the High Court, 1st Mezzanine, Queen's Building, Royal Courts of Justice, Strand, London WC2A 2LL quoting the case number in the top right hand corner of this form. The Court Office is open between 10.00 a.m. and 4.30 p.m. on Mondays to Fridays.

D264

5

19. Any purported transfer of the money and investments held in portfolio 240-139817-R001 at UBS Switzerland AG and/or UBS AG, Postfach, 8098 Zurich, or in any other portfolio formerly in the name of the Third Respondent to any other entity including the Fourth Respondent (Qubo 1 Establishment) and/or the Fifth Respondent (Qubo 2 Establishment) is hereby reversed under s. 423 of the Insolvency Act 1986 and an order made under s. 423(2) and s. 425(2)(d) of the Insolvency Act 1986 that cash and securities up to the amount of £350 million be paid to the Applicant in accordance with paragraph 13 above.

## ORDER FOR SALE OF PROPERTY

20. In the event that the Respondent or the Third Respondent or Fourth Respondent or Fifth Respondent fails to discharge the costs order provided for in paragraph 29 below in full by the due date, then the Respondent's 5 Holland & Holland sporting guns identified on Annex 4 to this order and in the possession of Richard Roberts of The Hollies, Old Avenue, West Byfleet, Surrey, KT14 6A or Holland & Holland, 33 Bruton St, London W1J 6HH shall be sold by such method and in a timeframe that the Applicant's solicitors shall prescribe. The proceeds of sale, after deducting any sale costs, shall be paid to the Applicant's solicitors, Payne Hicks Beach, in part satisfaction of the costs order.

## CLEAN BREAK: CAPITAL AND INCOME

21. Upon full and complete compliance with this order, the Applicant's claims and the Respondent's claims for periodical payments orders, secured periodical payments orders, lump sum orders, property adjustment orders, pension sharing orders and pension attachment orders shall be dismissed, and neither party shall be entitled to make any further application in relation to the marriage for an order under the Matrimonial Causes Act 1973, section 23(1)(a) or (b), or be entitled on the other's death to apply for an order under the Inheritance (Provision for Family and Dependants) Act 1975, section 2.

## USE OF DOCUMENTS

22. Permission to the Applicant to rely on any documents disclosed in these proceedings in any litigation for the purpose of the enforcement of this order, or any related action claiming the financial provision made in this order, in any jurisdiction world-wide.

## SERVICE OF THIS ORDER AND THE JUDGMENT HANDED DOWN ON 15 DECEMBER 2016

23. Upon the Applicant's solicitors undertaking to use their best endeavors to obtain relief from the court in Liechtenstein as soon as possible, the Applicant's solicitors shall serve this order and the judgment on 3 January 2017 upon:-

    a. all the Respondents: by email to fta@f-ta.net;

b. the Second Respondent: by registered post to the registered address: Patrician Chambers, 332 Agiou Andreou Street 3035, PO Box 54543, Limassol, Cyprus; and by fax to 0035725344548; and by email to info@pavlaw.com;

c. the Third Respondent: by registered post to the address of the resident agent, Anzola Robles & Asociados, Credicorp Bank Plaza, 26th Floor, Nicanor De Obarrio Avenue, 50th Street, PO Box 0832-2325, Panama City, Republic of Panama;  and by fax to (507) 263-0006 / (507) 263-4194; and by email to info@anzolaw.net.

d. the Fourth Respondent: by official service at the address of the registered agent, Walpart Trust, Zollstrasse 2, 9490 Vaduz, Liechtenstein.

e. The Fifth Respondent: by official service at the address of the registered agent, Walpart Trust, Zollstrasse 2, 9490 Vaduz, Liechtenstein.

## LIBERTY TO APPLY

24. Liberty to apply to Haddon-Cave J to extend the time for serving this order and the judgment as provided in paragraph 23 above.

25. Liberty to apply as to timing and implementation.

26. Liberty to restore for enforcement purposes the application under section 24(1)(c) of the Matrimonial Causes Act 1973.

27. Liberty to bring any other applications for enforcement purposes under s. 37 of the Matrimonial Causes Act 1973 and/or s. 423 of the Insolvency Act 1986.

28. Liberty to apply to Mr Justice HADDON-CAVE for directions in respect of the publication, reporting and anonymisation of the judgment.

## COSTS

29. The Respondent, the Third Respondent, the Fourth Respondent and the Fifth Respondent shall pay the Applicant's costs of these proceedings on the indemnity basis, summarily assessed at £1,096,971 and to be paid by 4pm on Friday 6 January 2017. The Respondent, the Third Respondent, Fourth Respondent and Fifth Respondent are jointly and severally liable to pay these costs.

DATED 20 DECEMBER 2016
sj



Please address all communications for the Court to The Family Division of the High Court, 1st Mezzanine, Queen's Building, Royal Courts of Justice, Strand, London WC2A 2LL quoting the case number in the top right hand corner of this form. The Court Office is open between 10.00 a.m. and 4.30 p.m. on Mondays to Fridays.

D264

7

INDEX TO ANNEXES

Annex 1 – Art collection
Annex 2 – Declaration of Trust
Annex 3 – contents/chattels schedule
Annex 4 – Holland & Holland schedule
Annex 5 – Lugano Certificate
Annex 6 – Council Regulation (EU no 4/2009) Certificate
Annex 7 – Council Regulation (EU no 1215/2012) Certificate

IN THE HIGH COURT OF JUSTICE
FAMILY DIVISION

CASE NO. FD13D05340

BETWEEN:

TATIANA MIKHAILOVNA AKHMEDOVA

Applicant

– and –

FARKHAD TEMUR OGLY AKHMEDOV

Respondent

WOODBLADE LTD

2nd Respondent

COTOR INVESTMENT SA

3rd Respondent

QUBO 1 ESTABLISHMENT

4th Respondent

QUBO 2 ESTABLISHMENT

5th Respondent

ANNEX 1 TO ORDER DATED 20 DECEMBER 2016

| No. | Artist | Painting Description |
|---|---|---|
| 1. | Klein, Yves | Untitled Blue Monochrome (IKB 271), 1960, mixed media, 50 by 50cm |
| 2. | Doig, Peter | Country-rock (wing-mirror), 1999, oil on canvas, 194.9 by 270cm |
| 3. | Warhol, Andy | Nine Multi-coloured Marilyns (Reversal Series), 1979-86, acrylic and silkscreen ink on canvas, 138 by 106.1 cm |
| 4. | Wesselmann, Tom | Bedroom Painting #49, 1983, oil on canvas, 66 by 40 5/8 in |
| 5. | Warhol, Andy | Brigitte Bardot, 1974, Acrylic and silkscreen ink on canvas, 120.6 x 120 cm |
| 6. | Klein, Yves | Untitled Anthropométrie (ANT 9), 1960, mixed media, 76 by 54 cm |
| 7. | Rothko, Mark | Untitled, 1968, acrylic on paper laid on panel, 85 by 65.6 cm |
| 8. | Rothko, Mark | Untitled (Yellow and Blue), 1954, (registered under the Mark Rothko Estate number 1218.68), oil on canvas, 242.9 x 186.7 cm |
| 9. | Klein, Yves | Accord Bleu (RE 52), 1958, Dry pigment, synthetic resin, natural sponges, 20 ½ x 53 ¾ x 3 in |
| 10. | Hirst, Damien | Kingdom of Heaven, 2006, butterflies and household glass on canvas, 243.8 by 213.4cm |
| 11. | Gursky, Andreas | Pyongyang V, 2007, c-print mounted on Plexiglas in artist's frame, ed. 1/6, framed: 307 by 219cm, image: 284.5 by 196.5cm |



Contemporary Art



Yves Klein
UNTITLED BLUE MONOCHROME
(IKB 271)
dated 1960 and dedicated *De bleu avec l'amitie de Yves Klein* on the overlap
dry pigment and synthetic resin on linen mounted on panel
80 by 60 cm; 1940 by 1940 in.

Please note that this work is accompanied by a certificate of authenticity issued by the Yves Klein Archives and
recorded in the archives under IKB 271.

PROVENANCE
Blu & Bertini, Milan
Galerie Blanc, Stockholm
Private Collection, Turin
Christie's, London, Contemporary Art, 27 June 1996, Lot 69
Private Swiss Collection
Sotheby's London, Contemporary Art Evening Auction, 30 June 2014, Lot 13
Acquired directly from the above by the present owner

Contemporary Art



Peter Doig
COUNTRY ROCK (WING-MIRROR)
signed, dated 1999 and variously inscribed on the reverse
oil on canvas
199.9 by 270cm; 78¾ by 106¼in.

PROVENANCE
Gavin Brown's Enterprise, New York
Private Distinguished American Collection, 1999
Sotheby's, London, Contemporary Art Evening Auction, 30 June 2014, lot 27
Acquired directly from the above by the present owner

EXHIBITED
New York, Gavin Brown's Enterprise, Wing-Mirror, 1999
Vancouver, Morris and Helen Belkin Art Gallery; Ottowa, National Gallery of Canada; and Toronto, The Power Plant, Peter Doig, 2001-02, p. 30, illustrated in colour
Athicadale-on-Hudson, Bard College, At Home/Not At Home, 2010, p. 155 (text)

LITERATURE
Jerry Saltz, 'Out of the Fog', The Village Voice, 20 December 1999, illustrated in view





Andy Warhol
NINE MULTICOLOURED MARILYNS (REVERSAL SERIES)
signed and dated 79/86 on the overlap
acrylic and silkscreen ink on canvas
$54 \frac{1}{8}$ by $40 \frac{3}{8}$ in. $54\frac{1}{2}$ by $41$ in.

Executed in 1979-86.

PROVENANCE
Galerie Bruno Bischofberger, Zurich
Private Collection, Germany
Sale: Christie's, New York, Contemporary Art, 8 May 1996, Lot 46
Private Collection
Sotheby's, London, Contemporary Art Evening Auction, 30 June 2014, Lot 43
Acquired directly from the above by the present owner

EXHIBITED
Cologne, Galerie Gmurzynska, Chachez la Femme, 1998-99, n.p., no. 46, illustrated
Vienna, Galerie Wörthle, Andy Warhol, 1993
Hamburg, Deichtorhallen Hamburg; and Stuttgart, Württembergischer Kunstverein Stuttgart, Andy Warhol:
Retrospektiv, 1993-94, p.109, illustrated in colour

LITERATURE
Seoul, Ho-Am Museum, Andy Warhol: Pop Art's Superstar, 1998, p.53, illustrated



Contemporary Art



Tom Wesselmann
BEDROOM PAINTING #39
signed and dated Wesselmann 83 on the overlap and titled and dated again BEDROOM PAINTING #39 1983 on the stretcher
oil on canvas
86½ by 102½ in. 65½ by 40 by 20½ in.

Painted in 1983.

PROVENANCE:
Sydney Janis Gallery, New York
Hokin Gallery, Inc., Palm Beach
Sotheby's, New York, Contemporary Art Day Sale Wednesday, May 16, 2007, Lot 226
Private Collection, New York
Acquired directly from the above by the present owner





**Andy Warhol**
BRIGITTE BARDOT
signed with initials and dated 74 on the overlap
acrylic, silkscreen ink and pencil on canvas
120.6 by 120cm. 47½ by 47½in.

PROVENANCE
Gunter Sachs Collection, Switzerland (commissioned directly from the artist)
Sotheby's, New York, Contemporary Art Evening Auction, 11 November 2014, Lot 41
Acquired directly from the above by the present owner

EXHIBITED
Paris, Musée National d'Art Moderne, Centre Georges Pompidou, Andy Warhol Retrospective, June -
September 1990
Hamburg, Museum für Kunst und Gewerbe, Gunter Sachs - Große Retrospektive: Pop Feast, Kunst und
Werbung, August - September 2003
Moscow, Museum Tsaritsyno, Gunter Sachs, 2009
London, Gagosian Gallery, Warhol: Bardot, October - November 2015, p. 95, illustrated in colour
Munich, Museum Villa Stuck, Schwindlicht / Künstliche Dämmerlicht, Die Sammlung Gunter Sachs, October 2012 -
March 2014, p. 15, illustrated in colour (in Gunter Sachs' St. Moritz apartment) and pp. 28 and 116, illustrated
in colour

LITERATURE
Exhibition Catalogue, Leipzig, Museum der Bildenden Künste, Gunter Sachs, 2008, p. 83, illustrated in colour
(in Gunter Sachs' St. Moritz apartment)
Neil Printz and Sally King Nero, eds., The Andy Warhol Catalogue Raisonné: Paintings and Sculptures, 1974 -
1976, Vol. 03, New York, 2010, cat. no. 2726, p. 453, illustrated in colour



Contemporary Art





Yves Klein
UNTITLED ANTHROPOMÉTRIE
(ANT 9)
dry pigment in synthetic resin on paper laid down on canvas
76 by 54cm / 29 7/8 by 21 1/4in.

Executed in 1960.

This work is recorded in the Yves Klein Archives under number ANT 9

PROVENANCE
Private Collection, Paris (acquired directly from the artist in 1960)
Private Collection
Sotheby's, London, Contemporary Art Evening Auction, 16 February 2016, Lot 22
Acquired directly from the above by the present owner

LITERATURE
Paul Wember, Yves Klein: Catalogue Raisonné, Cologne 1969, p. 135, no. ANT 9, illustrated





CONTEMPORARY ART



Mark Rothko
UNTITLED
Dated 66 and stamped by the Mark Rothko Estate on the reverse
acrylic on paper laid on panel
as the 60 century at by 20 in.

This work is registered under the Mark Rothko Estate number 1218.68.

PROVENANCE
Marlborough Gallery, New York
Kate Rothko-Prizel Collection, New York
Galerie Beyeler, Basel
Thomas Segal Gallery, Baltimore
Private Collection
Vail to Wagner Fine Art, New York Private Collection
Sotheby's, London, Bond Street, 10 March 2015, Lot 10
Acquired directly from the above by the present owner

EXHIBITED
Basel, Galerie Beyeler, Mark Rothko: Works on Paper 1930-1969, 2005, p. 58, no. 51, illustrated in colour







Mark Rothko
UNTITLED (YELLOW AND BLUE)
oil on canvas
80¾ by 73 in. 204.2 by 186.7 cm.

Executed in 1954.

This work is registered under the Mark Rothko Estate number 1213.60.

PROVENANCE
Estate of the Artist (Estate no. 1197.54)
Marlborough A.G., Liechtenstein/Marlborough Gallery Inc., New York
(acquired from the above in 1970)
Mr. and Mrs. Paul Mellon, Upperville, Virginia (acquired from the above
circa 1970-1971)
François Pinault, Paris (acquired from the above)
Private Collection Sotheby's, New York, Contemporary Art Evening Auction, 13 May 2015, Lot 11

Acquired directly from the above by the present owner

EXHIBITED
Washington, D.C., National Gallery of Art, Extended Loan, June 1979 -
November 1985; September 1988 - September 1991; December 1997 - March
1998
Washington, D.C., National Gallery of Art, Twentieth-Century Art Selections for
the Tenth Anniversary of the East Building, December 1988 - December 1999
Venice, Palazzo Grassi, "Where Are We Going?", Selections from the François
Pinault Collection, April - October 2006, p. 187, illustrated in color and pp. 338-
339 (text by David Anfam)

LITERATURE
Exh. Cat., New Haven, Yale University Art Gallery, Salute to Mark Rothko, 1971,
cat. no. 6 (as Yellow and Blue) (checklist)
David Anfam, Mark Rothko The Works on Canvas, Catalogue Raisonné, New
Haven and London, 1998, cat. no. 512, p. 394, illustrated in color

17

⑨

Contemporary Art



Yves Klein
ACCORD BLEU
(RE 62)
signed, titled, dated 58 and inscribed Gelsenkirchen on the reverse
dry pigment in synthetic resin, natural sponges and pebbles on board
52 by 196.5 by 7.6cm.; 20½ by 63¼ by 3in.

This work is registered with the Yves Klein Archives, Paris under number RE 62. Upon the request of the
purchaser, a certificate of authenticity will be issued by the archives.

PROVENANCE
Galerie Rive Droite, Paris
Mr. William K. Jacobs, Jr., 1960
The Brooklyn Museum, New York (bequest of the above, 1992)
Christie's, New York, November 14, 2012, Lot 60 (consigned by the above)
Private Collection, Sotheby's, New York, Contemporary Art Evening Auction, 12 May 2015, Lot 33

Acquired directly from the above by the present owner

18







Damien Hirst
KINGDOM OF HEAVEN
variously inscribed on the reverse
butterflies and household gloss on canvas
249.9 by 213.4cm; 98 by 84in.

Executed in 2006.

PROVENANCE
White Cube, London, 2006
Ahead of the Curve: The Sender Collection
Sotheby's London, Contemporary Art Evening Auction, 30 June 2014, Lot 4
Acquired directly from the above by the present owner

19



Contemporary Art



Andreas Gursky
PYONGYANG V
stamp-numbered affixed to the backing board
a print mounted on Plexiglas in artist's frame
frame: 307 by 219 cm; 120 7/8 by 86 1/4 in.
image: 294 by 196.8cm; 115 by 77.4/8 in.

Executed in 2007, this work is number 4 from an edition of 6.

FURTHER EXAMPLES FROM THIS EDITION ARE HELD IN THE FOLLOWING COLLECTIONS
Kunstmuseum, Wolfsburg, Wolfsburg
The National Museum of Art, Osaka
The National Centre, Kiev

PROVENANCE
Matthew Marks Gallery, New York, 2008
Sotheby's, London, Contemporary Art Evening Auction, 30 June 2013, Lot 21
Acquired directly from the above by the present owner

EXHIBITED
Basel, Kunstmuseum Basel, Andreas Gursky, 2007-08, another example exhibited, p. 90, illustrated in colour

LITERATURE
Exhibition Catalogue, Krefeld, Kunstmuseum Krefeld (and travelling), Andreas Gursky: Works 80-08, 2008, p. 29, illustrated of another example in colour

IN THE HIGH COURT OF JUSTICE
FAMILY DIVISION

CASE NO. FD13D05340

BETWEEN:

TATIANA MIKHAILOVNA AKHMEDOVA

**Applicant**

– and –

FARKHAD TEMUR OGLY AKHMEDOV

**Respondent**

WOODBLADE LTD

**2nd Respondent**

COTOR INVESTMENT SA

**3rd Respondent**

QUBO 1 ESTABLISHMENT

**4th Respondent**

QUBO 2 ESTABLISHMENT

**5th Respondent**

ANNEX 2 TO ORDER DATED 20 DECEMBER 2016

21

THIS DECLARATION OF TRUST is made the 17 day of March 2015

BETWEEN:

(1)     FARKHAD TEYMUR-OGLY AKHMEDOV of House 16, Pestovo Village, Mytishchinskii rayon, Moskovskaya oblast, 141035 Russian Federation ("FTA") and

(2)     WOODBLADE LIMITED a company registered in the Republic of Cyprus under number HE 221906 whose registered address is 332 Agiou Andreou, Patrician Chambers, 3035 Limassol, Republic of Cyprus (the "Trustee")

NOW THIS DEED WITNESSES as follows:

1.     FTA hereby assigns to the Trustee, as trustee of the Akhmedov 2013 Discretionary Trust all his right title and interest of whatsoever nature in the assets set out in the Schedule to this Deed (the "Scheduled Assets").

2.     Pending completion of the transfers of the Scheduled Assets, FTA declares himself to be the trustee of the Scheduled Assets, and undertakes only to deal with the Scheduled Assets as directed by the Trustee.

3.     FTA further undertakes to execute such documentation as the Trustee may reasonably require in order to transfer legal title to the Scheduled Assets to the Trustee.

IN WITNESS of which this deed has been duly executed on the day and year first above written

EXECUTED AS A DEED BY                    )
FARKHAD TEYMUR-OGLY AKHMEDOV    )    .................................

In the presence of:

4. D. Kärnzan
Solicitor
200 Strand
London WC2R 1SJ

22

## SCHEDULED ASSETS

All FTA's right title and interest in the entire issued share capital of the following entities:

| Entity | Country of Incorporation |
|---|---|
| Avenger Assets Corp. | Republic of Panama |
| Carolina Limited | Isle of Man |
| Lucy Limited | Isle of Man |
| Sedell Finance Limited | British Virgin Islands |
| Sunningdale Limited | Republic of Cyprus |

IN THE HIGH COURT OF JUSTICE

FAMILY DIVISION

CASE NO. FD13D05340

BETWEEN:

TATIANA MIKHAILOVNA AKHMEDOVA

Applicant

– and –

FARKHAD TEMUR OGLY AKHMEDOV

Respondent

WOODBLADE LTD

2nd Respondent

COTOR INVESTMENT SA

3rd Respondent

QUBO 1 ESTABLISHMENT

4th Respondent

QUBO 2 ESTABLISHMENT

5th Respondent

---

ANNEX 3 TO ORDER DATED 20 DECEMBER 2016

---

1    Pair of George II mahogany open arm chairs circa 1750
2    George II mahogany oval wine cooler and stand circa 1750
3    Pair of cut glass twelve light, two tier chandeliers,
     20th century in mid 19th Century Perry style
4    Large Empire style faux bronze carved wood torches,
     first half 19th Century

24

5       Ivan Konstantinovich Aivazovsky (Russian, b.1817 - d.1900)
        (stormy coastal view with travellers)
6       Ivan Konstantinovich Aivazovsky (Russian, b.1817 - d.1900)
        (Square with figures standing by a church)
7       Ivan Konstantinovich Aivazovsky (Russian b.1817 - d.1900)
        (Shipping of a rocky coast in rough seas)
8       Pair of George III painted and gilt demi lune console tables
9       Kuba runner, the Caucasus, 3rd quarter 19th Century
10      Sergei Arsenevich Vinogradov (Russian b.1869 - d.1938)
11      Ivan Konstantinovich Aivazovsky (Russian b.1817 - d.1900)
        (Bullock carts near the coast at sunset)
12      Yuli Yulievich Klever the Younger (Russian, b. 1882 - d.1942)
13      Pair George III mahogany library open arm chairs
14      Aggregate value on Victorian mahogany full size billiards table,
        6 light scroll frame full size billiards table pendant light frame,
        Mahogany circular revolving cues stand,
        Burroughs & Watts mahogany scoreboard,
        89.5cms wide, Balls and accessories wall rack,
        cues rest, balls and accessories
15      Pavel Kuznetsov (Russian b.1878 - d.1968)
16      Alexander Benois (Russian b.1870 - d.1960)
17      Konstantin Krizhitzhki (1858 - 1911)
18      Russian early 19th Century fold over top card table
19      Empire style oval work table, early 19th Century
20      Mid 19th Century circular centre table
21      Russian Karelian birch circular centre table, early 19th Century
22      Russian malachite and ormolu surtout de table in Empire Style,
        mid 19th Cenutry
23      Pair of granite and ormolu mantel urns, 19th Century
24      George III gilt carton pierre overmantel, circa 1775
25      Pair of George III mahogany gilt open arm chairs, probably by
        Thomas Chippendale, circa 1770
26      George III mahogany library breakfront bookcase, third quarter
        18th century
27      Twelve light two tire chandelier in early 19th Century Perry style
28      Ormolu and malachite mantel clock signed Breguet, first half 19th Century
29      Iranian silk garden carpet, late 20th Century
30      Iranian part silk rug, late 20th Century
31      Ivan Konstantinovich Aivazovsky (Russian b.1817 - d.1900)
        (Moonlit sea with a ship)
32      Ivan Konstantinovich Aivazovsky (Russian b.1817 - d.1900)
        (Ships being driven offshore in a storm)
33      Ivan Konstantinovich Aivazovsky (Russian b.1817 - d.1900)
        (Shipping in a clam with a rocky headland)
34      Ivan Konstantinovich Aivazovsky (Russian b.1817 - d.1900)
        (Coastal view with a tower and camels drawing a cart)
35      Isaac Ilyitch Levitan (Russian, B.1860 - d.1900)
        (A marsh with fishing boat and birds at dawn)
36      Set of 12 George III mahogany dining chairs after a design by John Linnell,
        with two open arm charis of a later date

| | |
|---|---|
| 37 | George III mahogany serving table circa 1780 |
| 38 | Pair of Goerge III mahogany demi lune console tables, circa 1780 |
| 39 | Regency oak and pollard oak four pillar dining talbe by George Bullock |
| 40 | Early 19th Century Carrara and breche marble chimneypiece |
| 41 | Pair of Empire bronze and ormolu seven light candelbra first half of 19th Century |
| 42 | Tabriz carpet, North West Persia, circa 1930 |
| 43 | Ivan Konstantinovich Aivazovsky (Russian b.1817 - d.1900) (Moonlight coast landscape with figures on the shore) |
| 44 | Nicolas Gregorovitch Svertschkoff (Russian b.1817 - d. 1898) (The Tsar being drawn in a sleigh in snow) |
| 45 | Nicolas Gregorovitch Svertschkoff (Russian b.1817 - d. 1898) (A coachman driving a sleigh in snow) |
| 46 | Aggregate value on Pair of 6 light cut glass chandelier in 19th Century style, pair matching triple wall sconces |
| 47 | Ivan Konstantinovich Aivazovsky (Russian b.1817 - d.1900) (Mountain top village with a ruined tower) |
| 48 | Isaac Ilyitch Levitan (Russian, B.1860 - d.1900) (Woodland clearing) |
| 49 | Part set of enamelled glass wares made for the Russian Imperial yacht 'Derzhava' |
| 50 | Part suite of George III gilt seat furniture, late 18th Century |
| 51 | Pair of early 19th Century rosewood 'X' frame stools or window seats |
| 52 | Iranian Tabriz silk carpet, late 20th Century (field with 10 bands of formal foliate medallions) |
| 53 | Ivan Konstantinovich Aivazovsky (Russian b.1817 - d.1900) (Sappho) |
| 54 | Vassily Vasilievich Veretshchagin (Russian b.1842 - d.1904) |
| 55 | Konstantin Somov |
| 56 | Alexei Petrovich Bogoliubov (Russian b. 1824 - d.1896) |
| 57 | Ivan Konstantinovich Aivazovsky (Russian b.1817 - d.1900) (Study of a ship of the coast) |
| 58 | Ivan Konstantinovich Aivazovsky (Russian b.1817 - d.1900) (Moonlight landscape in the bay of Naples) |
| 59 | Piotr Ivanovich Balashov (Russian b.1835 - d.1888) |
| 60 | Sylvester Feodosievich Schedrin (Russian, b.1791 - d.1830) |
| 61 | G I Ranin (?) |
| 62 | Nicolas Gregorovitch Svertschkoff (Russian b.1817 - d.1898) |
| 63 | Russian school late 19th Century (Winter landscapes) |
| 64 | Alexandre Altmann (Russian b.1885 - d.1950) |
| 65 | Early George III mahogany bureau/bookcase, possibly Irish, circa 1765 |
| 66 | Ivan Konstantinovich Aivazovsky (Russian b.1817 - d.1900) (Figures in a boat) |
| 67 | N Planin (?) |
| 68 | Ivan Konstantinovich Aivazovsky (Russian b.1817 - d.1900) (Paddle steamer offshore) |
| 69 | Late 18th Century mahogany and ormolu cylinder bureau in the manner of David Roentgen |
| 70 | Ivan Konstantinovich Aivazovsky (Russian b.1817 - d.1900) (Winter landscape) |
| 71 | Russian silver mounted oval centrepiece bowl |

72    Russian silver mounted square glass dish
73

     Russian silver punch bowl and ladle
74    Russian silver mounted slender oval dish stand
75    Set of 12 Russian silver plates
76    Russian silver mounted glass punch bowl
77    Russian silver oval bowl with swing handle

27

IN THE HIGH COURT OF JUSTICE
FAMILY DIVISION

CASE NO. FD13D05340

BETWEEN:

TATIANA MIKHAILOVNA AKHMEDOVA

Applicant

– and –

FARKHAD TEMUR OGLY AKHMEDOV

Respondent

WOODBLADE LTD

2nd Respondent

COTOR INVESTMENT SA

3rd Respondent

QUBO 1 ESTABLISHMENT

4th Respondent

QUBO 2 ESTABLISHMENT

5th Respondent

ANNEX 4 TO ORDER DATED 20 DECEMBER 2016

| Gauge or calibre | Maker's name | Type (e.g. over-and-under, side-by-side, etc) including identification number | | |
|---|---|---|---|---|
| 12 bore | HOLLAND & HOLLAND | Shot Gun | SIDE BY SIDE | 40034 |
| 12 bore | HOLLAND & HOLLAND | Shot Gun | SIDE BY SIDE | 40033 |
| 20 bore | HOLLAND & HOLLAND | Shot Gun | SIDE BY SIDE | 41361 |
| 20 bore | HOLLAND & HOLLAND | Shot Gun | SIDE BY SIDE | 41360 |
| 12 bore | HOLLAND & HOLLAND | Shot Gun | SIDE BY SIDE | 41398 |

28

IN THE HIGH COURT OF JUSTICE
FAMILY DIVISION

CASE NO. FD13D05340

BETWEEN:

TATIANA MIKHAILOVNA AKHMEDOVA

Applicant

– and –

FARKHAD TEMUR OGLY AKHMEDOV

Respondent

WOODBLADE LTD

2nd Respondent

COTOR INVESTMENT SA

3rd Respondent

QUBO 1 ESTABLISHMENT

4th Respondent

QUBO 2 ESTABLISHMENT

5th Respondent

ANNEX 5 TO ORDER DATED 20 DECEMBER 2016

29

*ANNEX V*

Certificate on judgments and court settlements referred to in Articles 54 and 58 of the Convention on jurisdiction and the recognition and enforcement of judgments in civil and commercial matters

1. State of origin: **United Kingdom (England and Wales)**

2. Court or competent authority issuing the certificate

2.1. Name: **the High Court of Justice**

2.2. Address: **Royal Courts of Justice, Strand, London WC2A 2LL**

2.3. Tel./fax/e-mail: **+4420 7947 6000**

Administrativecourtoffice.generaloffice@hmcts.x.gsi.gov.uk

3. Court which delivered the judgment

3.1. Type of court: **Family Court**

3.2. Place of court: **Royal Courts of Justice, London**

4. Judgment

4.1. Date **15 December 2016**

4.2. Reference number: **FD13D05340**

4.3. The parties to the judgment

4.3.1. Name of plaintiff (Applicant): **Tatiana Mikhailovna Akhmedova**

4.3.2. Name of defendant (Respondent): **Farkhad Temur Ogly Akhmedov**

4.3.3. Name(s) of other parties, if any:

**Woodblade Limited (Cyprus) [Second Respondent]**

**Cotor Investment SA (Panama) [Third Respondent]**

**Qubo 1 Establishment (Liechtenstein) [Fourth Respondent]**

**Qubo 2 Establishment (Liechtenstein) [Fifth Respondent]**

4.4. Date of service of the document instituting the proceedings where judgment was given in default of appearance:

Served on Defendant/Respondent on 23 December 2013 (& he submitted to the jurisdiction on 18 June 2015)

Served on Second Respondent on 25 October 2016 and 3 November 2016

Page 1 of 2

Served on Third Respondent on 25 October 2016 and 8 November 2016

Served on the Fourth Respondent on 25 October 2016 and 8 November 2016

Served on the Fifth Respondent on 25 October 2016 and 8 November 2016

4.5. Text of the judgment as annexed to this certificate

Attached

5. Names of parties to whom legal aid has been granted: not applicable

The judgment is enforceable in the State of origin (Article 38/58 of the Convention) against:

Name: Farkhad Temur Ogly Akhmedov

Woodblade Limited

Cotor Investment SA

Qubo 1 Establishment

Qubo 2 Establishment

Done at Royal Courts of Justice, London, on 20 December 2016

Signature and/or stamp:

*ANNEX V*

Certificate on judgments and court settlements referred to in Articles 54 and 58 of the Convention on jurisdiction and the recognition and enforcement of judgments in civil and commercial matters

1. State of origin: United Kingdom (England and Wales)

2. Court or competent authority issuing the certificate

2.1. Name: the High Court of Justice

2.2. Address: Family Division, Royal Courts of Justice, Strand, London WC2A 2LL

2.3. Tel./fax/e-mail: +4420 7947 7161

rcj.familyhighcourt@hmcts.gsi.gov.uk

3. Court which delivered the judgment

3.1. Type of court: Family Court

3.2. Place of court: Family Division, Royal Courts of Justice, Strand, London WC2A 2LL

4. Judgment and order

4.1. Date judgments dated 15 December 2016 & 20 December 2016 (order dated 20 December 2016)

4.2. Reference number: FD13D05340

4.3. The parties to the judgment

4.3.1. Name of plaintiff (Applicant): Tatiana Mikhailovna Akhmedova

4.3.2. Name of defendant (Respondent): Farkhad Temur Ogly Akhmedov

4.3.3. Name(s) of other parties, if any:

Woodblade Limited (Cyprus) [Second Respondent]

Cotor Investment SA (Panama) [Third Respondent]

Qubo 1 Establishment (Liechtenstein) [Fourth Respondent]

Qubo 2 Establishment (Liechtenstein) [Fifth Respondent]

4.4. Date of service of the document instituting the proceedings where judgment was given in default of appearance:

Served on Defendant/Respondent on 23 December 2013 (& he submitted to the jurisdiction on 18 June 2016)

Served on Second Respondent on 25 October 2016 and 8 November 2016

Page 1 of 2

Served on Third Respondent on 25 October 2016 and 8 November 2016

Served on the Fourth Respondent on 25 October 2016 and 8 November 2016

Served on the Fifth Respondent on 25 October 2016 and 8 November 2016

4.5. Text of the judgment as annexed to this certificate

Attached

6. Names of parties to whom legal aid has been granted: not applicable

The judgment is enforceable in the State of origin (Article 38/58 of the Convention) against:

Name: Farkhad Temur Ogly Akhmedov

Woodblade Limited

Cotor Investment SA

Qubo 1 Establishment

Qubo 2 Establishment

Done at Royal Courts of Justice, Strand, London WC2A 2LL, on 20 December 2016 and amended on 3 January 2017

Signature and/or stamp:

IN THE HIGH COURT OF JUSTICE
FAMILY DIVISION

CASE NO. FD13D05340

BETWEEN:

TATIANA MIKHAILOVNA AKHMEDOVA

Applicant

– and –

FARKHAD TEMUR OGLY AKHMEDOV

Respondent

WOODBLADE LTD

2nd Respondent

COTOR INVESTMENT SA

3rd Respondent

QUBO 1 ESTABLISHMENT

4th Respondent

QUBO 2 ESTABLISHMENT

5th Respondent

ANNEX 6 TO ORDER DATED 20 DECEMBER 2016

34

EXTRACT FROM A DECISION/COURT SETTLEMENT IN MATTERS RELATING
TO MAINTENANCE
OBLIGATIONS SUBJECT TO PROCEEDINGS FOR RECOGNITION AND A
DECLARATION OF
ENFORCEABILITY
(Article 28 and Article 75(2) of Council Regulation (EC) No 4/2009 of 18 December 2008 on
jurisdiction,
applicable law, recognition and enforcement of decisions and cooperation in matters relating
to maintenance
obligations (1))
IMPORTANT
To be issued by the court of origin
To be issued only if the decision or court settlement is enforceable in the Member State
of origin
Mention only information which is given in the decision or court settlement or of which
the court of
origin has been made aware

1. Nature of the document
Decision
Date and reference number: 20 DECEMBER 2016
FD13D05340
2. Court of origin
2.1. Name: THE HIGH COURT OF JUSTICE (FAMILY DIVISION) .
2.2. Address: ROYAL COURTS OF JUSTICE, STRAND, LONDON WC2A 2LL
2.2.1. Street and number/PO box: STRAND
2.2.2. Place and postal code:  LONDON WC2A 2LL
2.2.3. Member State: UNITED KINGDOM
2.3. Telephone/Fax/E-mail: +4420 7947 6000
ADMINSTRATIVECOURTOFFICE.GENERALOFFICE@HMCTS.X.GSI.GOV.UK
3. Claimant
3.1. *Person A*
3.1.1. Surname and given name(s): TATIANA MIKHAILOVNA AKHMEDOVA
3.1.2. Date (dd/mm/yyyy) and place of birth: 26 JULY 1972 BUDAPEST, HUNGARY

(**) If the decision/court settlement concerns more than three claimants or three defendants,
attach an additional sheet.
3.1.3. Identity number or social security number:
3.1.4. Address:
3.1.4.1. Street and number/PO box: SOMERTON HOUSE, ST.GEORGE'S HILL
3.1.4.2. Place and postal code: WEYBRIDGE, SURREY KT13 0NR
3.1.4.3. Country: UNITED KINGDOM
3.1.5. Has benefited from
3.1.5.1. legal aid:
NO
3.1.5.2. exemption from costs and expenses:
NO
3.1.5.3. free proceedings before an administrative authority listed in Annex X of Regulation
(EC) No 4/2009:
NO

Page 1 of 4

35

4. Defendant(s) (*) (**)

*4.1. Respondent*

4.1.1. Surname and given name(s):FARKHAD TEMUR OGLY AKHMEDOV

4.1.2. Date (dd/mm/yyyy) and place of birth: 15 SEPTEMBER 1955, AZERBAIJAN

4.1.3. Identity number or social security number:.

4.1.4. Address:

4.1.4.1. Street and number/PO box: . . . . 17 MIRZA SHAFI STREET, OLD CITY

4.1.4.2. Place and postal code: BAKU AZ1095

4.1.4.3. Country: AZERBAIJAN

(**) If the decision/court settlement concerns more than three claimants or three defendants, attach an additional sheet.

4.1.5. Has benefited from

4.1.5.1. legal aid:

NO

4.1.5.2. exemption from costs and expenses:

NO

4.1.5.3. free proceedings before an administrative authority listed in Annex X of Regulation (EC) No 4/2009:

NO

*4.2. Second Respondent*

4.2.1. Surname and given name(s): WOODBLADE LIMITED

4.2.2. Date (dd/mm/yyyy) and place of birth: COMPANY REGISTERED IN CYPRUS. . . . .

4.2.3. Identity number or social security number:.

4.2.4. Address:

4.2.4.1. Street and number/PO box: PATRICIAN CHAMBERS, 332 AGIOU ANDREOU STREET 3035

4.2.4.2. Place and postal code: LIMASSOL PO BOX545443

4.2.4.3. Country: CYPRUS

4.2.5. Has benefited from

4.2.5.1. legal aid: NO

4.2.5.2. exemption from costs and expenses:

NO

4.2.5.3. free proceedings before an administrative authority listed in Annex X of Regulation (EC) No 4/2009:

NO

*4.3. Third Respondent*

4.3.1. Surname and given name(s): COTOR INVESTMENT SA

4.3.2. Date (dd/mm/yyyy) and place of birth: COMPANY REGISTERED IN PANAMA

4.3.3. Identity number or social security number:

4.3.4. Address:

4.3.4.1. Street and number/PO box: C/O ANZOLA ROBLES & ASODIADOS, CREDITCORP BANK PLAZA, 26TH FLOOR, NICANOR DE OBARRIO AVENUE, 50TH STREET

4.3.4.2. Place and postal code: . . PO BOX 0832-2325, PANAMA CITY

4.3.4.3. Country: REPUBLIC OF PANAMA

4.3.5. Has benefited from

4.3.5.1. legal aid:

NO

4.3.5.2. exemption from costs and expenses:

NO

Person for whom maintenance is owed:
TATIANA AKHMEDOVA
5.2.1.2. Amount to be paid in one sum
Due date: 4PM ON 6 JANUARY 2017

Amount: £224,430,508

5.2.2.6. Interest (if specified in the decision/court settlement)
If the maintenance claim is subject to interest, please indicate the rate: 8% PER ANNUM
Interest due as from: 06/01/2017 (dd/mm/yyyy)
5.3. *Costs and expenses*
The decision/court settlement provides that
FARKHAD AKHMEDOV, COTOR INVESTMENT SA, QUBO 1 ESTABLISHMENT

AND QUBO 2 ESTABLISHMENT must pay the sum of £1,096,971. . . . . . . . . . . . . . . . . .
to: TATIANA AKHMEDOVA

Done at: **THE ROYAL COURTS OF JUSTICE, LONDON on 20/12/2016**
(dd/mm/yyyy)

Signature and/or stamp of the court of origin:

IN THE HIGH COURT OF JUSTICE
FAMILY DIVISION

CASE NO. FD13D05340

BETWEEN:

TATIANA MIKHAILOVNA AKHMEDOVA

Applicant

– and –

FARKHAD TEMUR OGLY AKHMEDOV

Respondent

WOODBLADE LTD

2nd Respondent

COTOR INVESTMENT SA

3rd Respondent

QUBO 1 ESTABLISHMENT

4th Respondent

QUBO 2 ESTABLISHMENT

5th Respondent

---

ANNEX 7 TO ORDER DATED 20 DECEMBER 2016

---

CERTIFICATE CONCERNING A JUDGMENT IN CIVIL AND COMMERCIAL MATTERS

Article 53 of Regulation (EU) No 1215/2012 of the European Parliament and of the Council on jurisdiction and the recognition and enforcement of judgments in civil and commercial matters

1. Court of origin
1.1. Name: THE HIGH COURT OF JUSTICE (FAMILY DIVISION) .
1.2. Address: ROYAL COURTS OF JUSTICE, STRAND, LONDON WC2A 2LL
1.2.1. Street and number/PO box: STRAND
1.2.2. Place and postal code: LONDON WC2A 2LL
1.2.3. Member State: UNITED KINGDOM
1.3. Telephone/Fax/E-mail: +4420 7947 6000
ADMINSTRATIVECOURTOFFICE.GENERALOFFICE@HMCTS.X.GSI.GOV.UK

2. Claimant
2.1. Surname and given name(s): TATIANA MIKHAILOVNA AKHMEDOVA
2.2 Identification number (if applicable and available)
2.3 Date (dd/mm/yyyy) and place of birth: 26/07/1972 BUDAPEST, HUNGARY

2.4. Address:
2.4.1. Street and number/PO box: SOMERTON HOUSE, ST.GEORGE'S HILL
2.4.2. Place and postal code: WEYBRIDGE, SURREY KT13 0NR
2.4.3. Country: UNITED KINGDOM
2.5 Email (if available)

3. Defendant(s)
*Respondent*
3.1.1. Surname and given name(s):FARKHAD TEMUR OGLY AKHMEDOV
3.1.2 Identification number (if applicable and available)
3.1.3. Date (dd/mm/yyyy) and place of birth: 15/09/1955, AZERBAIJAN
3.1.4. Address:
3.1.4.1. Street and number/PO box: . . . . 17 MIRZA SHAFI STREET, OLD CITY
3.1.4.2. Place and postal code: BAKU AZ1095
3.1.4.3. Country: AZERBAIJAN
3.1.5 Email (if available): fta@f-ta.net

*Second Respondent*
3.2.1. Surname and given name(s) / name of company or organisation: WOODBLADE LIMITED
3.2.2 Identification number (if applicable and available)
3.2.3. Date (dd/mm/yyyy) and place of birth: COMPANY REGISTERED IN CYPRUS. . . . .
3.2.4. Address:
3.2.4.1. Street and number/PO box: PATRICIAN CHAMBERS, 332 AGIOU ANDREOU STREET 3035
3.2.4.2. Place and postal code: LIMASSOL PO BOX545443
3.2.4.3. Country: CYPRUS
3.2.5 Email (if available): fta@f-ta.net

*Third Respondent*
3.3.1. Surname and given name(s) / name of company or organisation: COTOR
INVESTMENT SA
3.3.2 Identification number (if applicable and if available)
3.3.3. Date (dd/mm/yyyy) and place of birth: COMPANY REGISTERED IN PANAMA
3.3.4. Address:
3.3.4.1. Street and number/PO box: C/O ANZOLA ROBLES & ASODIADOS, CREDITCORP
BANK PLAZA, 26TH FLOOR, NICANOR DE OBARRIO AVENUE, 50TH STREET
3.3.4.2. Place and postal code: . . PO BOX 0832-2325, PANAMA CITY
3.3.4.3. Country: REPUBLIC OF PANAMA
3.3.5 Email (if available): fta@f-ta.net

*Fourth Respondent*
3.4.1. Surname and given name(s) / name of company or organisation: QUBO 1
ESTABLISHMENT
3.4.2 Identification number (if applicable and if available): 0002.532.781-9
3.4.3. Date (dd/mm/yyyy) and place of birth: LIECHTENSTEIN ANSTALT REGISTERED
21 OCTOBER 2016
3.4.4. Address:
3.4.4.1. Street and number/PO box:  WALPART TRUST, ZOLLSTRASSE 2
3.4.4.2. Place and postal code: 9490 VADUZ
3.4.4.3. Country: LIECHTENSTEIN
3.4.5 Email (if available): fta@f-ta.net

*Fifth Respondent*
3.5.1. Surname and given name(s) / name of company or organisation: QUBO 2
ESTABLISHMENT
3.5.2 Identification number (if applicable and if available): 0002.532.775-5
3.5.3. Date (dd/mm/yyyy) and place of birth: LIECHTENSTEIN ANSTALT REGISTERED
21 OCTOBER 2016
3.5.4. Address:
3.5.4.1. Street and number/PO box:  WALPART TRUST, ZOLLSTRASSE 2
3.5.4.2. Place and postal code: 9490 VADUZ
3.5.4.3. Country: LIECHTENSTEIN
3.5.5 Email (if available): fta@f-ta.net

4. THE JUDGMENT

4.1     Date of the judgment: 15/12/2016 & 20/12/2016

4.2     Reference number of the judgment: FD13D05340 / [2016] EWHC 3234 (Fam)

4.3     The judgment was given in default of appearance:

4.3.2   YES – please indicate the date on which the document instituting the proceedings was
        served on the defendant:

Served on Defendant/Respondent on 23 December 2013 (& he submitted to the jurisdiction on 18 June 2015 but did not attend the final hearing or provide financial disclosure – please see Judgments)

Served on Second Respondent on 25 October 2016 and 8 November 2016

Served on Third Respondent on 25 October 2016 and 8 November 2016

Served on the Fourth Respondent on 25 October 2016 and 8 November 2016

Served on the Fifth Respondent on 25 October 2016 and 8 November 2016

4.4     The Judgment is enforceable in the Member State of origin without any further conditions having to be met:

4.1.1   YES ON 20/12/2016

4.5     As at the date of issue of th certificate, the judgment has been served on the defendant(s):

4.5.2   Not to the knowledge of the court

4.6     Terms of Judgment and interest

4.6.1   Judgment on a monetary claim

4.6.1.1 Short description of the subject-matter of the case: FINANCIAL RELIEF ON DIVORCE

4.6.1.2 The court has ordered:
FARKHAD AKHMEDOV, COTOR INVESTMENT SA, QUBO 1 ESTABLISHMENT AND QUBO 2 ESTABLISHMENT to make payment to TATIANA AKHMEDOVA

4.6.1.2.1   If more than one person has been held liable for one and the same claim, the whole amount may be collected from any one of them:

4.6.1.2.1.1   YES

4.6.1.3     POUNDS STERLING (GBP)

4.6.1.4     Principal amount

4.6.1.4.1   Amount to be paid in one sum: £350,000,000 (of which £224,430,508 amounts to *maintenance*) by 4pm on 06/01/2017

4.6.1.5.1   Interest:

Page 3 of 4

| | | |
|---|---|---|
| 4.6.1.5.1.2 | SPECIFIED IN THE JUDGMENT AS FOLLOWS: 8% PER ANNUM FROM 06/01/2017 | |
| 4.7 | Costs | |
| 4.7.1 | POUNDS STERLING (GBP) | |
| 4.7.2 | The following person(s) against whom enforcement is sought has/have been ordered to bear the costs: | |
| 4.7.2.1. | Surname and given name(s) / name of company or organisation: FARKHAD AKHMEDOV, COTOR INVESTMENT SA, QUBO 1 ESTABLISHMENT AND QUBO 2 ESTABLISHMENT | |
| 4.7.2.2 | If more than one person has been ordered to bear the costs, the whole amount may be collected from any one of them: | |
| 4.7.2.2.1 | Yes | |
| 4.7.3 | The costs of which recovery is sought are as follows: | |
| 4.7.3.3 | Liability for the costs has been determined in the judgment and the exact amounts are as follows: £1,096,971 | |
| 4.7.3.3.1 | Court fees: £850 | |
| 4.7.3.3.2 | Lawyers fees £1,096,121 | |
| 4.7.4 | Interest on costs | |
| 4.7.4.2.2 | Rate: 8% | |
| 4.7.4.2.2.1 | Interest due from 06/01/2017 UNTIL PAYMENT | |

Done at: THE ROYAL COURTS OF JUSTICE, LONDON on 20/12/2016 (dd/mm/yyyy)

Signature and/or stamp of the court of origin: