# EXHIBIT 4

# Application notice

| To be completed by the relevant party | |
|---|---|
| **Name of court**<br>**THE HIGH COURT**<br>**FAMILY DIVISION** | Case No.<br>**FD13D05340** |
| Name of Petitioner/Applicant<br>**TATIANA MIKHAILOVNA AKHMEDOVA** | |
| Name of Respondent<br>**(1) FARKHAD TEIMUR OGLY AKHMEDOV** | |
| Names of Co-Respondents (if applicable)<br>**(2) WOODBLADE LIMITED**<br>**(3) COTOR INVESTMENT S.A**<br>**(4) QUBO 1 ESTABLISHMENT**<br>**(5) QUBO 2 ESTABLISHMENT**<br>**(6) STRAIGHT ESTABLISHMENT SA**<br>**(7) AVENGER ASSETS CORPORATION**<br>**(8) COUNSELOR TRUST REG.**<br>**(9) SOBALDO ESTABLISHMENT** | |
| **(10) TEMUR AKHMEDOV** | |
| Solicitor's fee account no  **PBA0088077** | |
| Help with Fees – Ref no (if applicable) | |

**H  W  F** - ☐☐☐ - ☐☐☐

If completing this form by hand, please use **black ink and BLOCK CAPITAL LETTERS** and tick the boxes that apply.

1. Please state your name or, if you are a solicitor, the name of your firm.

   PCB Litigation LLP

2. Are you the  ☐ Petitioner  ☐ Applicant  ☐ Respondent  ☐ Co-Respondent  [X] Solicitor

   in the main proceedings, or

   ☐ Other?

   (If other, please specify)

   If you are a solicitor, whom do you represent?

   > The Applicant, Tatiana Akhmedova

3. What order are you asking the court to make and why?

   > For the reasons set out in the seventh witness statement of Anthony John Riem dated 21 July 2020, the Applicant seeks the following orders (capitalised words carrying the defined terms as defined in the draft order enclosed with this application):
   >
   > 1. That the Tenth Respondent shall, by 27 July 2020:

1339821 v.1

    a) procure that each of his Electronic Devices are delivered up and made available (with unrestricted access) to Stroz Friedberg Limited, an Aon Company ("**Aon**") at Aon's offices at: The Aon Centre, The Leadenhall Building, 122 Leadenhall Street, London EC3V 4AN;

    b) provide to Aon and the Applicant a list, verified by statement of truth, of all Cloud Accounts and Mobile Communication Services used by him since 1 January 2013, identifying the applicable user-name, e-mail address or telephone number for each such service;

    c) provide to Aon all PIN numbers, user-names, email addresses, combinations, passwords, security verification codes and any other item or piece of information (including, without limitation, authorisations to third party service providers) which may be necessary to give access to the Electronic Devices, Cloud Accounts or Mobile Communication Services.

2. That without prejudice to the preceding paragraph, the Tenth Respondent shall forthwith take such further steps as Aon may require from time to time to obtain effective access to any Electronic Device, Cloud Account or Mobile Communication Service (including, without limitation, completing any two-factor authentication, providing any necessary information to access or decrypt any document, answering questions raised by Aon, and providing his authorisation to third party service providers).

3. That Aon shall act as independent forensic IT experts, and are directed to:

    a) take two forensic images or copies of the data stored on the Electronic Devices, Mobile Communication Services and Cloud Accounts (insofar as such copies can be made);

    b) examine all Electronic Devices, Mobile Communication Services and Cloud Accounts (or the images or copies thereof, if they consider suitable) using such non-destructive process as they consider appropriate in order to:

        i) assess whether any data which is not readily accessible can be recovered and, if so, to recover that data;

        ii) assess whether it appears to him that relevant data has been deleted and/or otherwise destroyed on that device or medium and, if so, to assess how and when such acts took place;

        iii) assess whether the Tenth Respondent's explanation for the loss of data (including the explanation provided in the Tenth Respondent's N265 Disclosure List dated 17 July 2020) is consistent with their examination of those devices;

    c) as soon as reasonably practicable, and on a rolling basis, provide a copy of all documents which contain user-generated material (that is, excluding system files and program files), including recovered documents, found on all Electronic Devices, Mobile Communication Services and Cloud Accounts to the Tenth Respondent's solicitors;

    d) as soon as reasonably practicable and in any event by 21 August 2020, prepare an expert report addressed to the Court setting out:

        i) what Electronic Devices, Mobile Communication Services and Cloud Accounts they have inspected;

        ii) the nature and results of the examination set out in sub-paragraph b) above; and

        iii) any other matters which they consider material which they have identified in the course of their investigations.

    e) save in accordance with sub-paragraphs c) and d) above, or with the consent of the Tenth Respondent and/or pursuant to a further order of the Court, Aon shall keep confidential all data and information received by them in the performance of this order;

    f) Aon shall return Electronic Devices to the Tenth Respondent as soon as practicable. If Aon requires to retain any Electronic Device for more than 3 working days, it shall give notice to the

1339821 v.1

> Applicant and the Tenth Respondent explaining why (and the parties shall have permission to apply to Court for directions);
>
> g) Aon may make a request in writing to the Court for directions for the purpose of assisting it in carrying out its functions at any time. Aon shall provide a copy of any such request to the Applicant and the Tenth Respondent simultaneously with (or before) filing it with the Court, unless Aon considers that doing so would undermine the purpose of this order (in which case it must explain why in its request).
>
> 4. That Aon's report shall be provided to the Tenth Respondent's solicitors, who shall be entitled to redact the report to the extent that it contains privileged material. The report (as redacted, if appropriate) shall be provided to the Court and to all other parties within 7 days of it being provided to the Tenth Respondent's solicitors.
>
> 5. That the Tenth Respondent's solicitors shall, save to the extent that they are satisfied that the documents have already been searched, undertake appropriate searches of those documents and disclose (with simultaneous inspection) any documents which are material to these proceedings. Such searches shall include any reasonable keywords or other parameters which the Applicant notifies to the Tenth Respondent's solicitors. The Tenth Respondent's solicitors shall undertake such searches as expeditiously as reasonably practicable, and provide disclosure on a rolling basis as it becomes available but not later than 21 days after receipt of the relevant tranche of documents from Aon.
>
> 6. That without prejudice to such order as the Court may subsequently make, each of the Applicant and the Tenth Respondent shall pay 50% of any invoice (or request for payment on account) from Aon for the purposes of performing this order.
>
> 7. Orders as to service of the order.

Please attach a draft copy of the order you are applying for.

4.  This application may be considered by a judge on the information you have set out in your application notice. The judge may make an order on that information, without a hearing. However, any party who objects to an order made in this way may apply to the court within 7 days of it being made, for a hearing, at which all parties can attend, when the application will be reconsidered.

Are there any reasons why this application should not be dealt with on paper by a judge?    [X] Yes    [ ] No

If Yes, please provide details.

> The application is not suitable for disposal without a hearing.

5.  Are there any reasons why this application should not be dealt with at a telephone hearing?    [X] Yes    [ ] No

If Yes, please provide details.

> The application is not suitable for a telephone hearing, and should instead be heard via video conference (such as Zoom).

6.  How long do you think the hearing will last? **[Including pre-reading and Judgment]**    3 hours    0 minutes

Is this estimate agreed by all parties?    [ ] Yes    [X] No

7.  Give details of any fixed hearing date or period?

> A return date hearing (relating to freezing order application by the Applicant against the Tenth Respondent) is listed before Mrs Justice Gwynneth Knowles on 23 July 2020.

1339821 v.1

8.  Does this application need to be heard by a specific judge/ level of judge?  [X] Yes  [ ] No

    If Yes, please enter name/level of judge

    | Assigned to Mrs Justice Gwynneth Knowles |
    | --- |

9.  Who should be served with this application?

    | The Tenth Respondent. |
    | --- |

10. What information will you be relying on?

    [X]  the attached statement.

    [ ]  the divorce /dissolution/nullity/(judicial) separation petition.

    [ ]  the affidavit in support of the divorce / dissolution / nullity / (judicial) separation.

    [ ]  the evidence set out in the box below:

    | (If necessary, please continue on a separate sheet) |
    | --- |

1339821 v.1

## Statement of Truth
**This section must be completed by the person making this application (referred to in this section as the 'Applicant'), or by a solicitor acting for the Applicant.**

*delete as appropriate

*[I believe] [the Applicant believes] that the facts stated in this section (and any continuation sheets) are true.

*I am duly authorised by the Applicant to sign this statement.

| Signed | | Dated | ☐☐ / ☐☐ / ☐☐☐☐ |
|---|---|---|---|
| | Applicant('s Solicitor)('s litigation friend) | | |

| Print full name | |
|---|---|
| Name of Applicant's solicitor's firm | |
| Position or office held (if signing on behalf of firm or company) | |

**Proceedings for contempt of court may be brought against a person who makes or causes to be made, a false statement in a document verified by a statement of truth.**

11.   Signature and address details

| Signed | *RB Litigation LLP* | Dated | 2 0 / 0 7 / 2 0 2 0 |
|---|---|---|---|
| | Applicant('s Solicitor)('s litigation friend) | | |

| Position or office held (if signing on behalf of firm or company) | Partner |
|---|---|

| Applicant's address to which documents about this application should be sent: | If applicable | |
|---|---|---|
| PCB Litigation LLP<br>4th Floor, 90 Chancery Lane<br>London WC2A 1EU | Telephone no. | +44 (0) 20 7831 2691 |
| | Fax no. | +44 (0) 20 7404 9435 |
| | DX no. | 0038 LDE |
| | Your ref. | A150.5 |

Postcode   W C 2 A   1 E U

| E-mail | ajr@pcblitigation.com; rt@pcblitigation.com; akh@pcblitigation.com |
|---|---|

1339821 v.1

# Notice of application – Notes for guidance

Court Staff cannot give out legal advice. If you need information or advice on a legal problem you can contact Community Legal Advice on 0845 345 4 345 or www.communitylegaladvice.org.uk, or a Citizens Advice Bureau. Details of your local offices and contact numbers are available on their website www.citizensadvice.org.uk.

**Paying the court fee**
A court fee is payable depending on the type of application you are making. For example:

- To apply for leave to issue a divorce petition without a marriage certificate.
- To apply for an order within existing proceedings.
- To apply for directions to be given by the judge in existing proceedings.
- To ask for a hearing to be adjourned.

For more information on court fees, please refer to booklet **EX50 – Civil and Family Court fees.**

This booklet is available from your local court or on the internet at hmctsformfinder.justice.gov.uk

**What if I cannot afford to pay a court fee?**
If you cannot afford to pay a court fee, you may be eligible for help with your court fee in full or in part. The booklet **EX160 Guide - How to apply for help with court fees** gives all the information you need. You can get a copy from any court office or online at hmctsformfinder.justice.gov.uk

**Completing the form**

**Question 3**
Set out what order you are applying for and why; e.g. to adjourn the hearing because..., to apply for leave to issue my divorce petition without my marriage certificate because... etc. If you are applying to vary an existing order or to re-activate proceedings you should enter the details here. A draft copy of any order you are applying for must be attached to your application. The draft should state the amount of any costs to be paid by the other party and a brief calculation of how it was arrived at.

**Question 4 and 5**
Most applications will require a hearing and you will be expected to attend. The court will allocate a hearing date and time for the application. Please indicate in a covering letter any dates that you are unavailable to attend within the next six weeks.

The court will only deal with the application 'without a hearing' in the following circumstances:

- where all the parties agree to the terms of the order being asked for;
- where all the parties agree that the court should deal with the application without a hearing; or
- where the court does not consider that a hearing would be appropriate.

Telephone hearings are only available in applications where at least one of the parties involved in the case is legally represented.

Not all applications will be suitable for a telephone hearing and the court may refuse your request.

**Question 6**
If you do not know how long the hearing will take do not guess, instead leave these boxes blank.

**Question 7**
If your case has already been allocated a hearing date or trial period please insert details of those dates in the box.

**Question 8**
Enter the details if there is a requirement for your case to be heard by a specific judge or level of judge.

**Question 9**
Please indicate in the box provided who you want the court to send a copy of the application to.

**Question 10**
In this section please set out the information you want the court to take into account in support of the application you are making. If you wish to rely on:

- a **witness statement**, tick the first box and attach the statement to the application notice. A witness statement form is available on request from the court office.
- a **statement of case**, tick the second box if you intend to rely on your particulars of claim or defence in support of your application.
- **written evidence** on this form, tick the fourth box and enter details in the space provided. You must also complete the statement of truth. Proceedings for contempt of court may be brought against a person who signs a statement of truth without an honest belief in its truth.

**Question 11**
The application must be signed and dated and your current address and contact details completed. If you agree that the court and the other parties may communicate with you by Document Exchange, telephone, facsimile or email, please complete the details.

**Before returning your form to the court**

Have you:

- signed the form on page 3?
- enclosed the correct fee or an application for fee remission?
- if you have applied for your Help with Fees online please insert your Help with Fees reference number in the box provided at the top right hand side of this form
- made sufficient copies of your application and supporting documentation? You will need to submit one copy for each party to be served and one copy for the court.

1339821 v.1



**In the High Court of Justice      No: FD13D05340**
**Family Division**

**The Matrimonial Causes Act 1973**

**The Senior Courts Act 1981**

**The Marriage of Tatiana Mikhailovna Akhmedova and Farkhad Teimur Ogly Akhmedov**

**AFTER HEARING** James Willan and Mark Belshaw for Tatiana Mikhailovna Akhmedova (the Applicant); and [xxxx] for Temur Akhmedov (the Tenth Respondent).

**AND UPON** the application of the Applicant by application notice dated 20 July 2020

**TO TEMUR AKHMEDOV of** Apartment C.07.1, One Hyde Park, 100 Knightsbridge, London SW1X 7LJ.

---

**WARNING:**

IF YOU, TEMUR AKHMEDOV, NEGLECT TO OBEY THIS ORDER, YOU MAY BE HELD TO BE IN CONTEMPT OF COURT AND MAY BE IMPRISONED, FINED OR HAVE YOUR ASSETS SEIZED.

ANY OTHER PERSON WHO KNOWS OF THIS ORDER AND DOES ANYTHING WHICH HELPS OR PERMITS TEMUR AKHMEDOV TO BREACH THE TERMS OF THIS ORDER MAY BE HELD TO BE IN CONTEMPT OF COURT AND MAY BE IMPRISONED, FINED OR HAVE THEIR ASSETS SEIZED

---

**The Parties to the Proceedings**

1. The Applicant is Tatiana Mikhailovna Akhmedova

    The First Respondent is Farkhad Teimur Ogly Akhmedov

    The Second Respondent is Woodblade Limited

    The Third Respondent is Cotor Investments SA

    The Fourth Respondent is Qubo 1 Establishment

    The Fifth Respondent is Qubo 2 Establishment

    The Sixth Respondent is Straight Establishment

    The Seventh Respondent is Avenger Assets Corporation

1339828 v.1

The Eighth Respondent is Counselor Trust Reg in its capacity as trustee of the trusts set out in Part A of Schedule 1 to the Order of Mrs Justice Knowles dated 15 August 2019

The Ninth Respondent is Sobaldo Establishment in its capacity as trustee of the trusts set out in Part B of Schedule 1 to the Order of Mrs Justice Knowles dated 15 August 2019

The Tenth Respondent is Temur Akhmedov

**Recitals**

2.  By order of Mrs Justice Knowles dated 19 June 2020 (the "Disclosure Order"), as amended by consent, the Tenth Respondent was required to provide standard disclosure, specific disclosure and inspection of documents by 17 July 2020 and was also required to provide responses to the Applicant's Request for Further Information (the "RFI"). On 17 July 2020, the Tenth Respondent provided disclosure and responses to the RFI in compliance with the Disclosure Order. Inspection of a limited number of documents was provided on 17 June 2020, with inspection of the majority of documents being provided on 20 June 2020.

3.  Also on 17 July 2020, the Applicant sought and obtained against the Tenth Respondent an *ex parte* without notice Worldwide Freezing Order with ancillary asset disclosure (the "WFO"). The WFO was served on the Respondent on 17 July 2020 in accordance with paragraph 39 thereof.

4.  On 20 July 2020, the Applicant applied for an order for delivery up of the Tenth Respondent's Electronic Devices, Mobile Communication Services and Cloud Accounts and for such Electronic Devices, Mobile Communication Services and Cloud Accounts to be imaged by an independent forensic IT expert with a view to such images being reviewed by the Tenth Respondent's solicitors for the purposes of verifying and, if appropriate, securing compliance with the Tenth Respondent's obligation to give disclosure in accordance with the Disclosure Order.

5.  The Judge read the following witness statement:

    Seventh witness statement of Anthony John Riem dated 20 July 2020

6.  The Judge accepted the undertakings given by the independent forensic IT expert set out in Schedule 1 hereto.

**IT IS ORDERED THAT:**

7.  For the purposes of this order, the following definitions shall apply:

    **"Cloud Accounts"** means any remote, internet-based or cloud-based service, including but not limited to webmail or electronic mail services (such as Outlook, Hotmail, Gmail and Yahoo), storage and back up services (such as One Drive, iCloud, Google Drive and Dropbox) and electronic hosting services (such as Rackspace US, Inc) which are currently or have been used by the Tenth Respondent at any time since 1 January 2013.

    **"Electronic Devices"** means any electronic devices (including without limitation computers, tablets, PDAs, mobile telephones, servers, external hard-drives and USB storage devices) within the Tenth Respondent's possession, power, custody or control

1339828 v.1

which are currently or have been used by the Tenth Respondent at any time since 1 January 2013, and which hold or are capable of storing electronic documents.

"**Mobile Communication Services**" means any service which provides instant communication services (such as WhatsApp, iMessage, Signal or Telegraph), which is currently or has been used by the Tenth Respondent at any time since 1 January 2013.

8. The Tenth Respondent shall, by 27 July 2020:

   a) procure that each of his Electronic Devices are delivered up and made available (with unrestricted access) to Stroz Friedberg Limited, an Aon Company ("**Aon**") at Aon's offices at: The Aon Centre, The Leadenhall Building, 122 Leadenhall Street, London EC3V 4AN;

   b) provide to Aon and the Applicant a list, verified by statement of truth, of all Cloud Accounts and Mobile Communication Services used by him since 1 January 2013, identifying the applicable user-name, e-mail address or telephone number for each such service;

   c) provide to Aon all PIN numbers, user-names, email addresses, combinations, passwords, security verification codes and any other item or piece of information (including, without limitation, authorisations to third party service providers) which may be necessary to give access to the Electronic Devices, Cloud Accounts or Mobile Communication Services.

9. Without prejudice to paragraph 8, the Tenth Respondent shall forthwith take such further steps as Aon may require from time to time to obtain effective access to any Electronic Device, Cloud Account or Mobile Communication Service (including, without limitation, completing any two-factor authentication, providing any necessary information to access or decrypt any document, answering questions raised by Aon, and providing his authorisation to third party service providers).

10. Aon shall act as independent forensic IT experts and are directed to:

    a) take two forensic images or copies of the data stored on the Electronic Devices, Mobile Communication Services and Cloud Accounts (insofar as such copies can be made);

    b) examine all Electronic Devices, Mobile Communication Services and Cloud Accounts (or the images or copies thereof, if they consider suitable) using such non-destructive process as they consider appropriate in order to:

       i) assess whether any data which is not readily accessible can be recovered and, if so, to recover that data;

       ii) assess whether it appears to him that relevant data has been deleted and/or otherwise destroyed on that device or medium and, if so, to assess how and when such acts took place;

       iii) assess whether the Tenth Respondent's explanation for the loss of data (including the explanation provided in the Tenth Respondent's N265

1339828 v.1

Disclosure List dated 17 July 2020) is consistent with their examination of those devices;

c) as soon as reasonably practicable, and on a rolling basis, provide a copy of all documents which contain user-generated material (that is, excluding system files and program files), including recovered documents, found on all Electronic Devices, Mobile Communication Services and Cloud Accounts to the Tenth Respondent's solicitors;

d) as soon as reasonably practicable and in any event by 21 August 2020, prepare an expert report addressed to the Court setting out:

i) what Electronic Devices, Mobile Communication Services and Cloud Accounts they have inspected;

ii) the nature and results of the examination set out in sub-paragraph b) above; and

iii) any other matters which they consider material which they have identified in the course of their investigations.

e) save in accordance with sub-paragraphs c) and d) above, or with the consent of the Tenth Respondent and/or pursuant to a further order of the Court, Aon shall keep confidential all data and information received by them in the performance of this order;

f) Aon shall return Electronic Devices to the Tenth Respondent as soon as practicable. If Aon requires to retain any Electronic Device for more than 3 working days, it shall give notice to the Applicant and the Tenth Respondent explaining why (and the parties shall have permission to apply to Court for directions);

g) Aon may make a request in writing to the Court for directions for the purpose of assisting it in carrying out its functions at any time. Aon shall provide a copy of any such request to the Applicant and the Tenth Respondent simultaneously with (or before) filing it with the Court, unless Aon considers that doing so would undermine the purpose of this order (in which case it must explain why in its request).

11. Aon's report shall be provided to the Tenth Respondent's solicitors, who shall be entitled to redact the report to the extent that it contains privileged material. The report (as redacted, if appropriate) shall be provided to the Court and to all other parties within 7 days of it being provided to the Tenth Respondent's solicitors.

12. The Tenth Respondent's solicitors shall, save to the extent that they are satisfied that the documents have already been searched, undertake appropriate searches of those documents and disclose (with simultaneous inspection) any documents which are material to these proceedings. Such searches shall include any reasonable keywords or other parameters which the Applicant notifies to the Tenth Respondent's solicitors. The Tenth Respondent's solicitors shall undertake such searches as expeditiously as reasonably practicable, and provide disclosure on a rolling basis as it becomes available but not later than 21 days after receipt of the relevant tranche of documents from Aon.

1339828 v.1

13. In addition to the activities set out in paragraph 10 above, Aon shall perform such other functions as may be agreed by the Applicant and the Tenth Respondent or as may be ordered by the Court.

**Costs**

14. Without prejudice to such order as the Court may subsequently make, each of the Applicant and the Tenth Respondent shall pay 50% of any invoice (or request for payment on account) from Aon for the purposes of performing this order.

15. The costs of this application are [reserved].

**Effectiveness of this order**

16. **This order shall take immediate effect once approved by the Court notwithstanding that it does not bear the seal of the High Court.**

**Interpretation of this order**

17. A Respondent who is an individual who is ordered not to do something must not do it himself or in any other way. He must not do it through others acting on his behalf or on his instructions or with his encouragement.

18. A Respondent which is not an individual which is ordered not to do something must not do it itself or by its directors, officers, partners, employees or agents or in any other way.

**Service of this order**

19. The Applicant will serve this order upon the Tenth Respondent as soon as practicable.

20. For the purposes of paragraph 19 above, service shall be made by the following methods:

    a) WhatsApp message to the Tenth Respondent's mobile telephone with number +44 7795 973199 attaching this order and a web link to the other documents referred to at paragraph 19 above and informing the Tenth Respondent that the documents have also been emailed to his solicitors;

    b) email to the following email addresses: (i) khyshen@gmail.com; and (ii) temur@stecapital.net, in each case in the same manner as set out in paragraph 20.a) above; and

    c) email to the Tenth Respondent's solicitors Hughes Fowler Carruthers at m.harper@hfclaw.com and f.hughes@hfclaw.com, in each case in the same manner as set out in paragraph 20.a) above.

21. For the purposes of enforcement of this order pursuant to FPR r.37.4, personal service of this order on the Tenth Respondent be dispensed with pursuant to FPR r.37.8 provided that the Tenth Respondent has been served or notified of this order by any of the methods permitted by this order (although the service shall be valid even if the documents cannot successfully be delivered to the email addresses identified in paragraph 20.b) above).

22. The Applicant is not required to serve this order on the First to Ninth Respondents.

1339828 v.1

**Communications with the court**

23. All communications to the court about this order should be sent to the Family Division of the High Court, 1st Mezzanine, Queen's Building, Royal Courts of Justice, Strand, London WC2A 2LL quoting the number in the top right hand corner of this form.

24. The offices are open between 10 a.m. and 4.30 p.m. Monday to Friday.


Dated: 23 July 2020

**SCHEDULE 1**

**Undertakings given by Aon as Independent Forensic IT Expert**

1.  Aon will retain any device delivered to it in its safe keeping until it has made the requisite copies and returned the device to the Tenth Respondent. Aon shall not permit anyone other than its officers or employees to have access to the device during the period that it is held by it.

2.  Aon will make two forensic images or copies of the data stored on the Electronic Devices, Mobile Communication Services and Cloud Accounts (insofar as copies can be made) and shall retain those copies or images in its safe keeping until further order of the Court.

3.  Aon will use its best endeavours to ensure that no damage is done to any Electronic Device, Mobile Communication Service or Cloud Account, or data contained on the same.

4.  Aon will keep confidential all documents, data and information (and copies thereof) which it obtains in performance of its functions under this order, and shall only use or disclose such information: **(i)** for the performance of its functions under this order; **(ii)** as permitted by further order of the Court; or **(iii)** in accordance with an agreement in writing by the Applicant and the Tenth Respondent (or their respective solicitors).

1339828 v.1