# EXHIBIT 6



**In the High Court of Justice**    **No: FD13D05340**
**Family Division**

**The Matrimonial Causes Act 1973**

**The Senior Courts Act 1981**

**The Marriage of Tatiana Mikhailovna Akhmedova and Farkhad Teimur Ogly Akhmedov**

**AFTER HEARING** James Willan and Mark Belshaw for Tatiana Mikhailovna Akhmedova (the Applicant); and Timothy James-Matthews for Temur Akhmedov (the Tenth Respondent).

**AND UPON** the application of the Applicant by application notice dated 20 July 2020

**TO TEMUR AKHMEDOV of** Apartment C.07.1, One Hyde Park, 100 Knightsbridge, London SW1X 7LJ.

---

**WARNING:**

IF YOU, TEMUR AKHMEDOV, NEGLECT TO OBEY THIS ORDER, YOU MAY BE HELD TO BE IN CONTEMPT OF COURT AND MAY BE IMPRISONED, FINED OR HAVE YOUR ASSETS SEIZED.

ANY OTHER PERSON WHO KNOWS OF THIS ORDER AND DOES ANYTHING WHICH HELPS OR PERMITS TEMUR AKHMEDOV TO BREACH THE TERMS OF THIS ORDER MAY BE HELD TO BE IN CONTEMPT OF COURT AND MAY BE IMPRISONED, FINED OR HAVE THEIR ASSETS SEIZED

---

**The Parties to the Proceedings**

1.  The Applicant is Tatiana Mikhailovna Akhmedova

    The First Respondent is Farkhad Teimur Ogly Akhmedov

    The Second Respondent is Woodblade Limited

    The Third Respondent is Cotor Investments SA

    The Fourth Respondent is Qubo 1 Establishment

    The Fifth Respondent is Qubo 2 Establishment

    The Sixth Respondent is Straight Establishment

    The Seventh Respondent is Avenger Assets Corporation

The Eighth Respondent is Counselor Trust Reg in its capacity as trustee of the trusts set out in Part A of Schedule 1 to the Order of Mrs Justice Knowles dated 15 August 2019

The Ninth Respondent is Sobaldo Establishment in its capacity as trustee of the trusts set out in Part B of Schedule 1 to the Order of Mrs Justice Knowles dated 15 August 2019

The Tenth Respondent is Temur Akhmedov

**Recitals**

2. By order of Mrs Justice Knowles dated 19 June 2020 (the "Disclosure Order"), as amended by consent, the Tenth Respondent was required to provide standard disclosure, specific disclosure and inspection of documents by 17 July 2020 and was also required to provide responses to the Applicant's Request for Further Information (the "RFI"). On 17 July 2020, the Tenth Respondent provided disclosure and responses to the RFI in compliance with the Disclosure Order. Inspection of a limited number of documents was provided on 17 June 2020, with inspection of the majority of documents being provided on 20 June 2020.

3. Also on 17 July 2020, the Applicant sought and obtained against the Tenth Respondent an *ex parte* without notice Worldwide Freezing Order with ancillary asset disclosure (the "WFO"). The WFO was served on the Respondent on 17 July 2020 in accordance with paragraph 39 thereof.

4. On 20 July 2020, the Applicant applied for an order for delivery up of the Tenth Respondent's Electronic Devices, Mobile Communication Services and Cloud Accounts and for such Electronic Devices, Mobile Communication Services and Cloud Accounts to be imaged by an independent forensic IT expert with a view to such images being reviewed by the Tenth Respondent's solicitors for the purposes of verifying and, if appropriate, securing compliance with the Tenth Respondent's obligation to give disclosure in accordance with the Disclosure Order.

5. The Judge read the following witness statement:

   Seventh witness statement of Anthony John Riem dated 20 July 2020

6. The Judge accepted the undertakings given by the independent forensic IT expert set out in Schedule 1 hereto.

**IT IS ORDERED THAT:**

7. For the purposes of this order, the following definitions shall apply:

   "**Cloud Accounts**" means any remote, internet-based or cloud-based service, including but not limited to webmail or electronic mail services (such as Outlook, Hotmail, Gmail and Yahoo), storage and back up services (such as One Drive, iCloud, Google Drive and Dropbox) and electronic hosting services (such as Rackspace US, Inc) which are currently or have been used by the Tenth Respondent at any time since 1 January 2013.

   "**Electronic Devices**" means any electronic devices (including without limitation computers, tablets, PDAs, mobile telephones, servers, external hard-drives and USB storage devices) within the Tenth Respondent's possession, power, custody or control

which are currently or have been used by the Tenth Respondent at any time since 1 January 2013, and which hold or are capable of storing electronic documents.

"**Mobile Communication Services**" means any service which provides instant communication services (such as WhatsApp, iMessage, Signal or Telegraph), which is currently or has been used by the Tenth Respondent at any time since 1 January 2013.

8.  The Tenth Respondent shall by noon on 27 July 2020:

    a)  provide to Aon and the Applicant a list, verified by statement of truth, of all Cloud Accounts and Mobile Communication Services used by him since 1 January 2013, identifying the applicable user-name, e-mail address or telephone number for each such service;

    b)  provide to Aon all PIN numbers, user-names, email addresses, combinations, passwords, security verification codes and any other item or piece of information (including, without limitation, authorisations to third party service providers) which may be necessary to give access to the Electronic Devices, Cloud Accounts or Mobile Communication Services.

9.  The Tenth Respondent shall procure that each of his Electronic Devices is delivered up and made available (with unrestricted access) to Stroz Friedberg Limited, an Aon Company ("**Aon**") at Aon's offices at The Aon Centre, The Leadenhall Building, 122 Leadenhall Street, London EC3V 4AN by no later than:

    a)  4pm on 31 July 2020 in respect of the personal computer which he has informed the court is currently located in Turkey; and

    b)  4pm on 28 July 2020 in respect of all other Electronic Devices.

10. Without prejudice to paragraphs 8 and 9, the Tenth Respondent shall forthwith take such further steps as Aon may require from time to time to obtain effective access to any Electronic Device, Cloud Account or Mobile Communication Service (including, without limitation, completing any two-factor authentication, providing any necessary information to access or decrypt any document, answering questions raised by Aon, and providing his authorisation to third party service providers).  The Tenth Respondent shall provide Aon with contact details (including a telephone number and email address) for the purposes of making requests pursuant to this paragraph.

11. Aon shall act as independent forensic IT experts and are directed to:

    a)  take two forensic images or copies of the data stored on the Electronic Devices, Mobile Communication Services and Cloud Accounts (insofar as such copies can be made);

    b)  examine all Electronic Devices, Mobile Communication Services and Cloud Accounts (or the images or copies thereof, if they consider suitable) using such non-destructive process as they consider appropriate in order to:

        i)     assess whether any data which is not readily accessible can be recovered and, if so, to recover that data;

ii)     assess whether it appears to him that relevant data has been deleted and/or otherwise destroyed on that device or medium and, if so, to assess how and when such acts took place;

iii)    assess whether the Tenth Respondent's explanation for the loss of data (including the explanation provided in the Tenth Respondent's N265 Disclosure List dated 17 July 2020) is consistent with their examination of those devices;

c) as soon as reasonably practicable, and on a rolling basis, provide a copy of all documents which contain user-generated material (that is, excluding system files and program files), including recovered documents, found on all Electronic Devices, Mobile Communication Services and Cloud Accounts to the Tenth Respondent's solicitors;

d) as soon as reasonably practicable and in any event by 21 August 2020, prepare an expert report addressed to the Court setting out:

i)      what Electronic Devices, Mobile Communication Services and Cloud Accounts they have inspected;

ii)    the nature and results of the examination set out in sub-paragraph b) above; and

iii)    any other matters which they consider material which they have identified in the course of their investigations.

e) save in accordance with sub-paragraphs c) and d) above, or with the consent of the Tenth Respondent and/or pursuant to a further order of the Court, Aon shall keep confidential all data and information received by them in the performance of this order;

f) Aon shall return Electronic Devices to the Tenth Respondent as soon as practicable. If Aon requires to retain any Electronic Device for more than 3 working days, it shall give notice to the Applicant and the Tenth Respondent explaining why (and the parties shall have permission to apply to Court for directions);

g) Aon may make a request in writing to the Court for directions for the purpose of assisting it in carrying out its functions at any time. Aon shall provide a copy of any such request to the Applicant and the Tenth Respondent simultaneously with (or before) filing it with the Court, unless Aon considers that doing so would undermine the purpose of this order (in which case it must explain why in its request).

12. Aon shall provide the report prepared under paragraph 11(d) above to the Tenth Respondent's solicitors. Thereafter:

a) The Tenth Respondent's solicitors shall be entitled to redact the report to the extent that it contains privileged material (the report, as redacted for privileged material only, is referred to as the "**restricted report**").

    b) The Tenth Respondent's solicitors shall also entitled to produce a further version of the report which is also redacted to the extent that it contains material which is confidential to the Tenth Respondent and/or material in respect of which the Tenth Respondent has a reasonable expectation of privacy, but which is not relevant to these proceedings (the report, as redacted for both privileged and irrelevant private/confidential material, is referred to as the **"unrestricted report"**).

    c) The unrestricted report shall be provided to the Court and to all other parties within 7 days of Aon's report being provided to the Tenth Respondent's solicitors.

    d) The restricted report shall be provided to the Court and to the Applicant's solicitors within 7 days of Aon's report being provided to the Tenth Respondent's solicitors. Material which is contained in the restricted report, but is redacted in the unrestricted report, shall only be made available to the Applicant's solicitors (PCB Litigation LLP) and counsel and must not (unless permitted by the court or agreed by the Tenth Respondent) be communicated to the Applicant herself or to any third party.

13. The Tenth Respondent's solicitors shall, save to the extent that they are satisfied that the documents have already been searched, undertake appropriate searches of those documents and disclose (with simultaneous inspection) any documents which are material to these proceedings. Such searches shall include any reasonable keywords or other parameters which the Applicant notifies to the Tenth Respondent's solicitors. The Tenth Respondent's solicitors shall undertake such searches as expeditiously as reasonably practicable, and provide disclosure on a rolling basis as it becomes available but not later than 21 days after receipt of the relevant tranche of documents from Aon.

14. In addition to the activities set out in paragraph 11 above, Aon shall perform such other functions as may be agreed by the Applicant and the Tenth Respondent or as may be ordered by the Court.

**Costs**

15. Without prejudice to such order as the Court may subsequently make, the Applicant shall pay any invoice (or request for payment on account) from Aon for the purposes of performing this order.

16. The costs of this application are reserved.

**Effectiveness of this order**

17. **This order shall take immediate effect once approved by the Court notwithstanding that it does not bear the seal of the High Court.**

**Interpretation of this order**

18. A Respondent who is an individual who is ordered not to do something must not do it himself or in any other way. He must not do it through others acting on his behalf or on his instructions or with his encouragement.

19. A Respondent which is not an individual which is ordered not to do something must not do it itself or by its directors, officers, partners, employees or agents or in any other way.

**Service of this order**

20. The Applicant will serve this order upon the Tenth Respondent as soon as practicable.

21. For the purposes of paragraph 20 above, service shall be made by the following methods:

   a) WhatsApp message to the Tenth Respondent's mobile telephone with number +44 7795 973199 attaching this order and a web link to the other documents referred to at paragraph 20 above and informing the Tenth Respondent that the documents have also been emailed to his solicitors;

   b) email to the following email addresses: (i) khyshen@gmail.com; and (ii) temur@stecapital.net, in each case in the same manner as set out in paragraph 21.a) above; and

   c) email to the Tenth Respondent's solicitors Hughes Fowler Carruthers at m.harper@hfclaw.com and f.hughes@hfclaw.com, in each case in the same manner as set out in paragraph 21.a) above.

22. For the purposes of enforcement of this order pursuant to FPR r.37.4, personal service of this order on the Tenth Respondent be dispensed with pursuant to FPR r.37.8 provided that the Tenth Respondent has been served or notified of this order by any of the methods permitted by this order (although the service shall be valid even if the documents cannot successfully be delivered to the email addresses identified in paragraph 21.b) above).

23. The Applicant is not required to serve this order on the First to Ninth Respondents.

**Communications with the court**

24. All communications to the court about this order should be sent to the Family Division of the High Court, 1st Mezzanine, Queen's Building, Royal Courts of Justice, Strand, London WC2A 2LL quoting the number in the top right hand corner of this form.

25. The offices are open between 10 a.m. and 4.30 p.m. Monday to Friday.


Dated: 23 July 2020

**SCHEDULE 1**

**Undertakings given by Aon as Independent Forensic IT Expert**

1.  Aon will retain any device delivered to it in its safe keeping until it has made the requisite copies and returned the device to the Tenth Respondent. Aon shall not permit anyone other than its officers or employees to have access to the device during the period that it is held by it.

2.  Aon will make two forensic images or copies of the data stored on the Electronic Devices, Mobile Communication Services and Cloud Accounts (insofar as copies can be made) and shall retain those copies or images in its safe keeping until further order of the Court.

3.  Aon will use its best endeavours to ensure that no damage is done to any Electronic Device, Mobile Communication Service or Cloud Account, or data contained on the same.

4.  Aon will keep confidential all documents, data and information (and copies thereof) which it obtains in performance of its functions under this order, and shall only use or disclose such information: **(i)** for the performance of its functions under this order; **(ii)** as permitted by further order of the Court; or **(iii)** in accordance with an agreement in writing by the Applicant and the Tenth Respondent (or their respective solicitors).