# EXHIBIT 7



**In the High Court of Justice**     **No: FD13D05340**
**Family Division**

**The Matrimonial Causes Act 1973**

**The Senior Courts Act 1981**

**The Marriage of Tatiana Mikhailovna Akhmedova and Farkhad Teimur Ogly Akhmedov**

**AFTER HEARING** Alan Gourgey QC and James Willan for Tatiana Mikhailovna Akhmedova (the Applicant); and Charles Howard QC and Charlotte Hartley for Temur Akhmedov (the Tenth Respondent).

**TO TEMUR AKHMEDOV of** Apartment C.07.1, One Hyde Park, 100 Knightsbridge, London SW1X 7LJ.

---

**WARNING:**

IF YOU, TEMUR AKHMEDOV, NEGLECT TO OBEY THIS ORDER, YOU MAY BE HELD TO BE IN CONTEMPT OF COURT AND MAY BE IMPRISONED, FINED OR HAVE YOUR ASSETS SEIZED.

ANY OTHER PERSON WHO KNOWS OF THIS ORDER AND DOES ANYTHING WHICH HELPS OR PERMITS TEMUR AKHMEDOV TO BREACH THE TERMS OF THIS ORDER MAY BE HELD TO BE IN CONTEMPT OF COURT AND MAY BE IMPRISONED, FINED OR HAVE THEIR ASSETS SEIZED

---

**The Parties to the Proceedings**

1. The Applicant is Tatiana Mikhailovna Akhmedova

    The First Respondent is Farkhad Teimur Ogly Akhmedov

    The Second Respondent is Woodblade Limited

    The Third Respondent is Cotor Investments SA

    The Fourth Respondent is Qubo 1 Establishment

    The Fifth Respondent is Qubo 2 Establishment

    The Sixth Respondent is Straight Establishment

    The Seventh Respondent is Avenger Assets Corporation

    The Eighth Respondent is Counselor Trust Reg in its capacity as trustee of the trusts set out in Part A of Schedule 1 to the Order of Mrs Justice Knowles dated 15 August 2019

The Ninth Respondent is Sobaldo Establishment in its capacity as trustee of the trusts set out in Part B of Schedule 1 to the Order of Mrs Justice Knowles dated 15 August 2019

The Tenth Respondent is Temur Akhmedov

**Recitals**

2. By order of Mrs Justice Knowles dated 23 July 2020 (the "Forensic Examination Order"), the Tenth Respondent was ordered to deliver up his Electronic Devices and to provide access to his Cloud Accounts and Mobile Communication Services for the purposes of independent forensic examination.

3. On 31 July 2020, the Tenth Respondent served an updated List of documents (N265) explaining that he had searched for electronic documents on a digital image of his mobile telephone and laptop computer created in November 2019 (the "November 2019 Image").

4. By an order made without notice by Mrs Justice Knowles dated 3 August 2020 (the "Part 71 Order") the Tenth Respondent was ordered to attend court for questioning and to produce documents.

5. Subsequent to the hearing on 10 August 2020, the Tenth Respondent identified that the November 2019 Image had been taken by TKM Technologies Limited of Suite C, City House, 96a High Road, Beeston, Nottingham, NG9 2LF ("**TKM**").

**IT IS ORDERED THAT:**

6. As to the Forensic Examination Order:

    a) By 4.00pm on 10 August 2020, the Tenth Respondent shall identify the company which created and holds the November 2019 Image.

    b) The Tenth Respondent shall procure that a copy of every image made of his Electronic Devices, Cloud Accounts and/or Mobile Communication Services, including the November 2019 Images, is delivered up and made available (with unrestricted access) to Aon at The Aon Centre, The Leadenhall Building, 122 Leadenhall Street, London EC3V 4AN by no later than 4.30pm on 12 August 2020 for the purposes of examination under the Forensic Examination Order.

    c) TKM is hereby authorised and directed to:

        i)  retain in their possession and safekeeping all images made (or other data extracted or copied) on the instructions of the Tenth Respondent and/or of the Tenth Respondent's Electronic Devices, Cloud Accounts and Mobile Communication Services; and

        ii) forthwith deliver up a copy of all such images (and other data) to Aon at The Aon Centre, The Leadenhall Building, 122 Leadenhall Street, London EC3V 4AN.

    d) The Tenth Respondent shall forthwith execute by hand and deliver to the Applicant's solicitors a mandate for each of his email accounts in the form attached

in the Schedule to this Order authorising and directing Google (and associated companies) to provide Aon with access to and/or with copies of the Tenth Respondent's accounts and any emails, documents, other electronic data and metadata held on those accounts. The Tenth Respondent shall provide such further assistance and execute such further documents as may reasonably be required to give effect to the mandates.

7. As to the Part 71 Order:

   a) Without prejudice to any application to set aside or discharge the Part 71 Order, the examination directed under paragraph 1 of the Part 71 Order is adjourned with liberty to restore before Mrs Justice Knowles. A realistic and (if possible) agreed time estimate must be provided to the court in advance of any fixing of the hearing.

   b) By 4.00pm on 21 August 2020, the Tenth Respondent shall produce copies of all outstanding documents required to be provided under paragraph 2 of the Part 71 Order. The documents to be produced must include:

      i) copies of bank statements for all of the Tenth Respondent's accounts with Metro Bank covering the period 1 August 2018 to 31 December 2018;

      ii) copies of statements for the Tenth Respondent's accounts with Interactive Brokers covering the period from 6 April 2019 until the date on which those accounts were closed;

      iii) documents evidencing the current assets and liabilities of each company in which the judgment debtor is interested (including without limitation Borderedge Limited, SCI Villa Pomme de Pin, STE Capital Corporation SA and Khyshen Ltd) to include (a) bank statements for each company for the last 2 years, (b) accounts for each company for the last 2 years, (c) current management accounts for each company, and (d) bills or debts owed to or by each company;

      iv) trust deeds for all trusts in which the judgment debtor has any interest (including by virtue of falling within the class of discretionary beneficiaries), including the trust deeds for the Simul Trust, the Navy Blue Trust, the Genus Trust, the Arbaj Trust, the Longlaster Trust, the Ladybird Trust and the Carnation Trust.

8. As to expert evidence:

   a) The court is satisfied that expert evidence in the fields of (*a*) Russian law and (*b*) valuation of the Moscow Property is necessary to assist it to resolve the proceedings, and grants permission for such evidence under FPR r. 25.4.

   b) The parties shall jointly instruct an expert in each of those fields, in respect of which the following provisions shall apply:

      i) By 28 August 2020, the Applicant's solicitors shall provide the Tenth Respondent's solicitors with (a) a list of at least two appropriate experts in each of those fields together with the confirmations referred to in paragraph 8.1 of Practice Direction 25B (including for the purposes of paragraph 8.1(b)

        a copy of the expert's Curriculum Vitae), and (b) a draft letter of instruction to the expert in each of the fields.

ii) The Applicant and the Tenth Respondent shall endeavour to agree the identity of the joint expert in each field and the terms of the letter of instruction by 9 September 2020.

iii) If and to the extent that the Applicant and the Tenth Respondent are unable to reach agreement on any such matters, each of them shall provide brief written submissions to the court by 4pm on 11 September 2020 and the court will determine the disputed issues on paper during the week of 14 September 2020.

iv) The letters of instruction (together with such documents as either party may identify as relevant) shall be sent to the joint experts by the Applicant's solicitors promptly after agreement or determined by the court.

v) The reports shall be sent to the court (in both hardcopy and electronic format) and served on the parties simultaneously by a date to be agreed by the parties or determined by the court as set out in (iii) above in default of agreement.

vi) The costs charged by the experts for preparing their reports shall be met by the Applicant and the Tenth Respondent equally in the first instance.

vii) Any questions shall be put to the expert by no later than 10 days after receipt of the report in accordance with FPR r. 25.10. The expert shall respond to those questions promptly and, in any event, within 14 days. The costs charged by the expert for answering those questions shall be met by the party raising them in the first instance.

viii) Save as is ordered by the court, the expert's written report shall be admissible without the attendance at court of the expert. However, the expert shall attend the final hearing to give oral evidence, unless otherwise ordered at the PTR. The method of attendance shall be determined at the PTR.

**Costs**

9. The costs of the matters addressed in this order are costs in the cause as between the Applicant and the Tenth Respondent.

**Effectiveness of this order**

10. **This order shall take immediate effect once approved by the Court notwithstanding that it does not bear the seal of the High Court.**

**Interpretation of this order**

11. A Respondent who is an individual who is ordered not to do something must not do it himself or in any other way. He must not do it through others acting on his behalf or on his instructions or with his encouragement.

12. A Respondent which is not an individual which is ordered not to do something must not do it itself or by its directors, officers, partners, employees or agents or in any other way.

**Service of this order**

13. The Applicant will serve this order upon the Tenth Respondent as soon as practicable.

14. For the purposes of paragraph 13 above, service shall be made by email to the Tenth Respondent's solicitors Hughes Fowler Carruthers at m.harper@hfclaw.com and f.hughes@hfclaw.com.

15. For the purposes of enforcement of this order pursuant to FPR r.37.4, personal service of this order on the Tenth Respondent be dispensed with pursuant to FPR r.37.8 provided that the Tenth Respondent has been served or notified of this order in accordance with paragraph 14 above.

16. The Applicant is not required to serve this order on the First to Ninth Respondents.

**Communications with the court**

17. All communications to the court about this order should be sent to the Family Division of the High Court, 1st Mezzanine, Queen's Building, Royal Courts of Justice, Strand, London WC2A 2LL quoting the number in the top right hand corner of this form.

18. The offices are open between 10 a.m. and 4.30 p.m. Monday to Friday.


Dated: 10 August 2020

**Schedule: form of mandate to be executed by the Tenth Respondent**

**To whom it may concern**

I, Temur Akhmedov, am the owner of the account [insert email address and other identifying details for the relevant account].

I consent to the disclosure of all data contained on or relating to my account of whatever nature (including, but not limited to, emails and documents (including deleted items), account/subscriber information and metadata) being produced to Stroz Friedberg Limited of The Aon Centre, The Leadenhall Building, 122 Leadenhall Street, London, EC3V 4AN ("Aon"). You may take instructions in this regard from Amar Nankani of Aon, whose contact details are:

    E: amar.nankani@aon.co.uk
    T: +44 (0)207 086 5808
    M: +44 (0)7539 303633

I further instruct you to provide a copy of all data contained on or relating to my account of whatever nature to Aon as soon as possible, and to follow any and all further instructions received from Mr Nankani of Aon to provide access to or copies of data on or relating to my account.

I withdraw and waive any objection that I have made or could make to the production by Google of any data which is the subject of this consent and instruction pursuant to a subpoena or other court order in any jurisdiction, provided that the subpoena or other court order is consistent with this consent and instruction. I further confirm that I consent to the production of such data (including contents of communications) for the purposes of 18 U.S. Code §2702(b)(3) and (c)(2) pursuant to any subpoena or other court order which is consistent with this consent and instruction.

If you require any further information to verify my identity or my ownership of this account, please contact my solicitors using the following details: Messrs Hughes Fowler Carruther, Academy Court, 94 Chancery Lane, London WC2A 1DT; Tel: 020 74218383, Email: M.Harper@HFCLAW.com/ F.Hughes@HFCLAW.com