# **EXHIBIT A**

AO 88B (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Northern District of California

| In re Application of Tatiana Akhmedova | ) | |
|---|---|---|
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. 5:20-mc-80156 |
| | ) | |
| | ) | |
| *Defendant* | ) | |

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION**

To: Google LLC
c/o Corporation Services Company, 2710 Gateway Oaks Drive, Suite 150N, Sacramento, CA 95833
*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Attached Schedule A

| Place: via email to: alex.campbell@aon.co.uk | Date and Time: 10/21/2020 10:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 10/07/2020

*CLERK OF COURT*

OR  /s/ Dan Kappes

_____        _____
*Signature of Clerk or Deputy Clerk*            *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Tatiana Akhmedova , who issues or requests this subpoena, are:

Daniel Kappes, Holland & Knight LLP, 50 California Street Suite 2800, San Francisco, CA 98111

**Notice to the person who issues or requests this subpoena**
A notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 5:20-mc-80156

# PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

Case 5:20-mc-80156-JD   Document 20-2   Filed 11/06/20   Page 4 of 10

AO 88B  (Rev.  12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
    **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
    **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
    **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
    **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
    **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
    **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# SCHEDULE A

**Instructions:**

1. All document requests below seek responsive documents from the time period of **January 1, 2014** to the present.

2. In answering these document requests, you are requested to furnish all documents available to you regardless of whether this information is possessed directly by you, your agents, representatives, employees, representatives, or investigators; or by any other legal or non-legal entities controlled by and/or in any manner affiliated with you.

3. These document requests are continuing in nature. If, at any time after service of the initial answers hereto and prior to the trial of this action, you obtain additional information responsive to these document requests, you are required to supplement or amend your answers.

4. Where a claim of privilege is asserted in objecting to any document request or part thereof, and information is not provided on the basis of such assertion:
   a. In asserting the privilege, the responding party shall, in the objection to the document request, or part thereof, identify with specificity the nature of the privilege (including work product) that is being claimed;
   b. The following information should be provided in the objection, if known or reasonably available, unless divulging such information would cause disclosure of the allegedly privileged information,
      i. the type of document,
      ii. the general subject matter of the document,
      iii. the date of the document,
      iv. the name and last known business address of each person who made, prepared, or signed the document;
      v. the name and last known business address of each person to whom the document was addressed and each person to whom a copy was sent;

      vi. the name and last known business address of any person who at any time had custody, possession or control of the original or a copy of the document, and name of, address, and his or her position with the business entity by which he or she was then employed;

      vii. the present location of the document; and

      viii. such other information as is sufficient to identify the document, including, where appropriate, the author, addressee, custodian, and any other recipient of the document, and where not apparent, the relationship of the author, addressee, custodian, and any other recipient to each other.

5. If the responding party elects to specify and produce business records in answer to any document request, the specification shall be in sufficient detail to permit the request party to locate and identify, as readily as the responding party can, the business records from which the answer may be ascertained.

6. If, in answering these document requests, the responding party encounters any ambiguities when construing a question, instruction, or definition, the responding party's answer shall set forth the matter deemed ambiguous and the construction used in answering.

7. All produced information shall be produced in the manner in which it is kept in the usual course of business or it shall be organized and labeled to correspond with the particular paragraph of these requests to which they are responsive.

**Definitions:**

Notwithstanding any definition below, each word, term, or phrase used in these Interrogatories is intended to have the broadest meaning permitted under the Civil Practice Law and Rules.

1.    *You/Your:*   The terms "you" or "your" include the person(s) to whom these requests are addressed, and all of that person's agents, representatives, and attorneys. The present tense includes the past and future tenses. The singular includes the plural, and the plural includes

the singular. "All" means "any and all," "any" means "any and all." "Including" means "including but not limited to," "and" and "or" encompass both "and" and "or." Words in the masculine, feminine, or neuter form shall include each of the other genders.

2. *Concerning:* The term "concerning" means relating to, referring to, describing, evidencing, or constituting.

3. *Communication:* The term "communication" means the transmittal of information by any means.

4. *Document:* The terms "document" and "documents" are defined to be synonymous in meaning and equal in scope to the usage of the term "documents" and include(s) the term "writing" as well as, but not limited to, books, records, minutes, letters, telegrams, memoranda, diaries, calendars, notes, worksheets, reports, surveys, calculations, cards, invoices, financial statements, accounts, checks, emails, receipts and any other written or printed matters, including computer tapes, discs, records and printouts and drafts of any of the foregoing, in whatever form any of such materials may appear and in whatever language, and all other tangible things on which words, figures, notations or sounds are recorded in writing, or by any other means, and any such material underlying, supporting or used in the preparation of any of the foregoing and all originals, counterparts and copies of the foregoing.

5. *Google*: The term "Google" means Google LLC or its parent company, brokers, custodians, intermediaries, subsidiaries, directors, officers, employees, representatives, attorneys, agents, affiliates, predecessors in interest, assigns or any other person acting on its behalf.

6. *Non-Content ESI:* The term "non-content ESI" means all Metadata, Subscriber Information, email fields, and other electronic information that does not disclose content associated with the Google Accounts.

7. *Metadata:* The term "metadata" means ESI describing history, tracking, or management of an electronic file.

8. *Subscriber Information*: The term "subscriber information" means names, mailing addresses, phone numbers, length of service and Internet Protocol ("IP") addresses related to the Google Accounts.

**Requested Documents:**

1) All non-content electronically stored information ("ESI"), including but not limited to all metadata and subscriber information for the following email accounts:

    i) temur@akhmedov.net;

    ii) temur@stecapital.net;

    iii) khyshen@gmail.com;

    iv) temur.akhmedov1993@gmail.com;

    v) any other email address where Temur Akhmedov is determined to be the subscriber or account holder.

2) All emails, documents or information regarding the above-listed accounts which would ordinarily be recoverable to a subscriber or account holder through the account recovery process with Google or based on the consent of the subscriber or account holder.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

IN RE EX PARTE APPLICATION OF TATIANA AKHMEDOVA,

Applicant.

Case No. 20-mc-80156-VKD

**ORDER RE EX PARTE APPLICATION FOR DISCOVERY PURSUANT TO 28 USC § 1782**

Re: Dkt. No. 1

Applicant Tatiana Akhmedova has filed an ex parte application for an order pursuant to 28 U.S.C. § 1782 authorizing service of a subpoena for documents on Google LLC ("Google"). Dkt. Nos. 1-4. Although the proposed subpoena is directed to Google, Ms. Akhmedova will use the subpoena to obtain information regarding Google accounts believed to be associated with her son Temur Akhmedov.

Mr. Temur Akhmedov initially sought permission to intervene to oppose the application. Dkt. No. 5. However, the parties have since resolved their dispute concerning both intervention and service of the proposed subpoena, as reflected in a stipulation filed with the Court. Dkt. Nos. 9, 10. In addition, Mr. Akhmedov agrees that he will not oppose Ms. Akhmedova's application for discovery and consents to the application "without qualification." Dkt. No. 9 at 2.

Ms. Akmedova's application meets the statutory criteria for an order under 28 U.S.C. § 1782 authorizing service of the proposed subpoena on Google. In addition, the factors that inform the Court's exercise of its discretion under *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 264-65 (2004) favor authorizing service of the subpoena. Accordingly, the Court grants the application and authorizes service on Google of a subpoena for the following

information:

    a) All non-content electronically stored information ("ESI"), including but not limited to all metadata and subscriber information for the following email accounts:

        i) temur@akhmedov.net;

        ii) temur@stecapital.net;

        iii) khyshen@gmail.com;

        iv) temur.akhmedov@gmail.com;

        v) any other email address where Temur Akhmedov is determined to be the subscriber or account holder.

    b) All emails, documents or information regarding the above-listed accounts which would ordinarily be recoverable to a subscriber or account holder through the account recovery process with Google or based on the consent of the subscriber or account holder.

Google shall produce the documents and information requested in the subpoena within fourteen (14) days of service of the subpoena. Google shall produce the documents directly to the independent IT forensic expert appointed by the English Court, Aon, whose contact information for such production shall be provided by Ms. Akhmedova. Google shall preserve documents, information and evidence, electronic or otherwise, in its possession, custody or control that contain information potentially relevant to the subject matter of the Ms. Akhmedova's request.

This order does not foreclose a motion to quash or further modify the subpoena following service, or a motion to enforce the subpoena.

A copy of this order shall be served with the subpoena.

**IT IS SO ORDERED.**

Dated: October 6, 2020

*Virginia K. DeMarchi*
VIRGINIA K. DEMARCHI
United States Magistrate Judge

2