# EXHIBIT C

**PerkinsCoie**

3150 Porter Drive
Palo Alto, CA 94304-1212

T. +1.650.838.4300
F. +1.650.838.4350
PerkinsCoie.com

October 15, 2020

Julie E. Schwartz
JSchwartz@perkinscoie.com
D. +1.650.838.4490
F. +1.650.838.4500

**VIA EMAIL**

Daniel Kappes
50 California Street
Suite 2800
San Francisco, CA 94111
Daniel.Kappes@hklaw.com

Re:   Civil Subpoena, *In re Ex Parte Application of Tatiana Akhmedova*,
      Case No. 20-mc-80156-VKD (Northern District of California)

Dear Mr. Kappes:

Thank you for speaking with us last week regarding your client's subpoena dated October 7, 2020 (the "Subpoena") and confirming that Google LLC's ("Google") deadline to object to and/or move to quash is October 23, 2020. For the reasons stated below, Google objects to the Subpoena, but it is willing to further meet and confer with you regarding your requests.

## GENERAL OBJECTIONS

Google objects to the time period of January 1, 2014 to the present as overbroad and unduly burdensome.

Google objects to the definitions of "you," "your," and "Google" as overbroad and calling for information covered by the attorney-client and work product privileges.

Google objects to the definition of "metadata" on the grounds that it is overbroad, unduly burdensome, and vague and ambiguous.

Google objects to the definitions of "document" and "communication" to the extent they purport to impose any obligations with respect to the production of electronically stored information that are different from or in addition to those imposed by the Federal Rule of Civil Procedure.

Daniel Kappes
October 15, 2020
Page 2

Google objects to the Instructions and Definitions set forth in Schedule A to the extent they purport to impose any obligations that are different from or in addition to those imposed by the Federal Rule of Civil Procedure.

Google objects to the Subpoena to the extent that it seeks preservation of any information that Google is not permitted to produce by law. For example, Google will not be preserving the content of the accounts identified in the Subpoena at this time, as it is barred from producing that information by the federal Stored Communications Act ("SCA"), 18 U.S.C. §§ 2701, *et seq.*[1] However, Google may preserve content if the user(s) regain access to the account and are able to utilize Google's verified-consent process to recover the content of the accounts.

Google objects to the Subpoena to the extent it seeks information regarding accounts that are subject to pending motions to quash in other proceedings.

Google objects to the Subpoena to the extent it seeks information that is not authorized by the Court's Order dated October 6, 2020 (the "Order").

## **SPECIFIC OBJECTIONS**

### **Request No. 1**

All non-content electronically stored information ("ESI"), including but not limited to all metadata and subscriber information for the following email accounts:

i) temur@akhmedov.net;

ii) temur@stecapital.net;

iii) khyshen@gmail.com;

iv) temur.akhmedov1993@gmail.com;

v) any other email address where Temur Akhmedov is determined to be the subscriber or account holder.

---

[1] Google will preserve non-content header information.

Daniel Kappes
October 15, 2020
Page 3

**<u>Objections to Request No. 1</u>**

First, Google objects to Request No. 1 to the extent it fails to allow sufficient time for Google to notify the affected user and for the user to assert his or her rights in response. If the Subpoena has sufficiently identified a Google account, Google intends to forward notice of this matter, including your name and contact information, to the user at the email address provided by the user. Unless Google is informed of the user's objection and/or intent to file a motion to quash, Google may respond to the Subpoena 21 days from the date of notification, via email. Google reserves the right to further object to the Subpoena in any response.

Second, Google objects to Request No. 1 because it seeks electronically stored information that is (1) not reasonably accessible by Google because of undue burden or expense; (2) obtainable from another source that is less burdensome, expensive or more convenient; and/or (3) unreasonably cumulative or duplicative, or where the likely burden or expense of producing the electronically stored information outweighs the likely benefit.

Third, this confirms you have withdrawn Subsection (v) of Request No. 1, which seeks "any other email address where Temur Akhmedov is determined to be the subscriber or account holder." To ensure that its objections are preserved, Google objects to this portion of the request because it is vague, overbroad, and unduly burdensome. It is unclear how Google would determine what other email addresses are associated with Temur Akhmedov. Google requires a unique account identifier to locate an account, and it cannot locate accounts based on common names.

Fourth, Google objects to Request No. 1 on the grounds that it is overbroad and calls for information covered by the attorney-client and work product privileges, in light of the definitions.

Fifth, Google objects to Request No. 1 to the extent it requires the disclosure of proprietary or confidential information, trade secrets, or information that may implicate third-party privacy rights.

Sixth, Google objects to Request No. 1 to the extent it seeks information regarding accounts that are subject to pending motions to quash in other proceedings.

Seventh, Google objects to Request No. 1 on the grounds that it seeks information regarding the [temur.akmedov1993@gmail.com](mailto:temur.akmedov1993@gmail.com) account, which is not authorized by the Order.

Daniel Kappes
October 15, 2020
Page 4

**Request No. 2**

All emails, documents or information regarding the above-listed accounts which would ordinarily be recoverable to a subscriber or account holder through the account recovery process with Google or based on the consent of the subscriber or account holder.

**Objections to Request No. 2**

First, Google objects to Request No. 2 on the grounds that it violates the SCA. The SCA prohibits private parties from compelling production of the content of an account holder's electronic communications from service providers such as Google by service of a subpoena or court order. 18 U.S.C. § 2702(a)(1), (2); 18 U.S.C. § 2702(b)(1)-(9). There is no exception under the SCA for civil discovery demands, and courts have therefore held that the SCA does not permit civil litigants to compel service providers such as Google to produce the content of electronic communications in response to civil discovery demands. *See, e.g.*, *Suzlon Energy Ltd. v. Microsoft Corp.*, 671 F.3d 726, 730 (9th Cir. 2011) (Non-governmental entities may not obtain the content of communications with a civil discovery demand because it would "invade[] the specific interests that the [SCA] seeks to protect."); *Theofel v. Farey-Jones*, 359 F.3d 1066, 1073-74 (9th Cir. 2004) (Civil discovery demand for content is not valid legal process under the SCA). Google cannot comply with the request because producing "emails, documents or information" about the target accounts would disclose the contents of the account holder's communications.

These deficiencies are not cured by the alleged representations from Temur Akhmedov that the accounts listed are associated with him. While a provider may disclose the contents of a communication with the consent of the account holder, the consent must be lawful. 18 U.S.C. § 2702(b)(3). Lawful consent requires a showing of actual consent from the user and "is not satisfied by consent that is merely constructive, implied in law, or otherwise imputed to the user by a court." *Negro v. Super. Ct.*, 230 Cal. App. 4th 879, 889 (2014) (emphasis in original), as modified (Nov. 18, 2014). To that end, verification is necessary to establish lawful consent under the SCA. *Cf. id.* at 896 (explaining that "satisfactory proof of the user's consent" is necessary to avoid subsequent claims that consent was ineffective); *id.* at 897, n.3 (doubting that "implied consent—even implied in fact—can constitute the 'lawful consent' contemplated by the Act" for purposes of compelling disclosure).

Daniel Kappes
October 15, 2020
Page 5

Nor are these deficiencies cured by your representation that a third party will review the documents for relevance and only produce those that are germane to your dispute. Indeed, even courts are not permitted to conduct *in camera* review of records. *Facebook, Inc. v. Superior Court*, 4 Cal. 5th 1245, 1278 n. 32 (2018) ("[N]either the statutory language nor its legislative history supports amici curiae's claim that the [SCA] can reasonably be interpreted to permit disclosure of all electronic communications, private or public, to a court under all circumstances"); *Facebook, Inc. v. Superior Court*, 15 Cal. App. 5th 729, 738–39 (2017) (holding that even trial courts lack the discretion to conduct *in camera* reviews under the SCA).

In addition, even assuming you had demonstrated "lawful consent," that exception is entitled "[v]oluntary disclosure" and further provides that Google "may"—not shall—disclose content in response to lawful consent. 18 U.S.C. § 2702(b)(3). Accordingly, "[u]nder the plain language of Section 2702, while consent may *permit* production by a provider, it may not *require* such a production." *In re Facebook, Inc.*, 923 F. Supp. 2d 1204, 1206 (N.D. Cal. 2012) (emphasis in original); *see also United States v. Wenk*, Case No. 3:17CR85-HEH, 2017 WL 9989882, at *1 (E.D. Va. Nov. 29, 2017) ("Based upon the plain language of the SCA, service providers such as Google are not required to disclose communications covered by the Act, even when the relevant consent is properly given. Instead, the SCA vests service providers with discretionary authority to disclose once consent is properly given."); *PPG Industries, Inc. v. Jiangsu Tie Mao Glass Co., Ltd.*, 273 F. Supp. 3d 558, 561 (W.D. Pa. 2017) ("according to the language of the SCA, it is within the providers' discretion whether to disclose e-mails even in cases where there is lawful consent."); *Schweickert v. Hunts Point Ventures, Inc.*, No. 13–cv–675RSM, 2014 WL 6886630, at *13 (same).

With all that said, Google has developed a verified-consent based process that ensures that any production of content is pursuant to "lawful consent" and consistent with the SCA. This process involves a litigant obtaining a court order or entered stipulation directing (1) the account holder to log in to the account at issue; (2) prepare and send an email, from the account at issue, to Google that attaches the court order; and (3) provide their express consent to disclosure. We understand from our conversation that Temur Akhmedov is unable to access his accounts, but he should continue to try to recover access, and Google remains open to working with you to allow for him to undertake this process.

Second, Google objects to Request No. 2 on the grounds that it seeks "[a]ll emails, documents, or information" without limitation. All discovery requests must be relevant to a claim or defense and proportional to the needs of the case. *See, e.g.,* Fed. R. Civ. P. 26(b)(1); *Beaver Cty.*

Daniel Kappes
October 15, 2020
Page 6

*Employees' Ret. Fund v. Tile Shop Holdings, Inc.*, No. 16-MC-80076-JSC, 2016 WL 7212308, at *4 (N.D. Cal. Dec. 13, 2016) (imposing sanctions on the defendants for issuing an overbroad subpoena to a third party, seeking a large volume of documents of dubious value to the case); *Ball v. Cty. of Riverside*, No. CV-14-80081-MISC-JST-KAW, 2014 WL 12607805, at *1 (N.D. Cal. Apr. 25, 2014) (rejecting subpoenas as "overbroad and unduly burdensome" where they required Google, a nonparty, to identify and produce "any and all [street view] photos" posted "at any time" along a one-mile stretch of road); *Hicks v. Neal*, No. C 12-2207 SI (PR), 2013 WL 5934694, at *11 (N.D. Cal. Nov. 4, 2013), *aff'd*, 585 F. App'x 542 (9th Cir. 2014) (rejecting a third-party subpoena as overbroad where compliance would "require the [third party] to cull through 23 years of records."). Here, we understand you are seeking all information without regard to relevance so a third party can review the materials. However, discovery requests must seek relevant information in the first instance.

Third, and relatedly, Google objects that you must obtain the information sought in Request No. 2 by issuing discovery requests directly to the account holder, who is not subject to the SCA's provisions. Courts have recognized that a request for production directly to the account holder is the appropriate way to obtain the content of a litigant's electronic communications. *See, e.g.*, *Suzlon*, 671 F.3d at 731 ("[the account holder] himself is the person who should be responsible for disclosing his own emails."). It is particularly inappropriate to seek this information from nonparty Google because the account holder is a party to the underlying foreign proceedings. *See* ECF No. 10; *Giacchetto v. Patchogue-Medford Union Free Sch. Dist.*, 293 F.R.D. 112, 117 (E.D.N.Y. 2013) ("[T]he Court sees no basis at this time why Defendant should go through a third-party provider to access Plaintiff's social networking postings when Plaintiff has access to this information herself.") (collecting cases directing parties to produce social media records themselves); *In re White Tail Oilfield Servs.*, LLC, No. 11–0009, 2012 WL 4857777, at *3 (E.D. La. Oct. 11, 2012) (ordering parties to cooperate regarding use of provider's tools and defendant to produce the contents of his account to plaintiff's counsel on his own); *In re CareSource Mgmt. Grp. Co.*, 289 F.R.D. 251, 254 (S.D. Ohio 2013) (recognizing that a party "must first establish that it cannot obtain the discoverable information from its party-opponent before subpoenaing those documents from a non-party.").

Accordingly, motions to quash are routinely granted when parties attempt to seek documents from non-parties that are either available to or in possession of a party. *See e.g., AECOM Tech. Servs., Inc. v. Zachry Constr. Corp.*, No. 2:19-MC-00201-JAK (RAOx), 2020 WL 1934973, at *5 (C.D. Cal. Feb. 3, 2020) (quashing nonparty subpoena because "most of the relevant documents and information responsive" could be obtained from party opponents); *Ow v. United*

*States*, No. 17-CV-00733-SK, 2018 WL 6267839, at *1 (N.D. Cal. June 12, 2018) (quashing subpoena to nonparty because Plaintiffs did not show that they could obtain information directly from Defendant); *Asset Value Fund Ltd. Partnership v. Care Group, Inc.*, 1997 WL 706320, at *9 (S.D.N.Y. Nov. 12, 1997) (quashing subpoena that bore no "substantive differences" from document request served on party). Here, you can obtain the information you seek directly from Temur Akhmedov.

Fourth, Google objects to Request No. 2 to the extent you are seeking to have Google determine what is relevant and only produce that information. *See, e.g.*, *Rainsy v. Facebook, Inc.*, 311 F.Supp.3d 1101, 1113 (N.D. Cal. 2018) (unduly burdensome to require a provider to read communications and determine whether they address certain subjects); *Miller Marital Deduction Tr. by & through Miller v. Estate of DuBois*, No. 2:16-CV-01883-SB, 2018 WL 1023200, at *4 (E.D. Cal. Feb. 21, 2018) (quashing subpoena for "any" insurance policy issued over three decade time period as unduly burdensome).

Fifth, Google objects to Request No. 2 on the grounds that they are overbroad and call for information covered by the attorney-client and work product privileges, in light of the definitions.

Sixth, as referenced above, you have withdrawn Subsection (v) of Request No. 1, which seeks "any other email address where Temur Akhmedov is determined to be the subscriber or account holder." To ensure that its objections are preserved, Google objects to Request No. 2 to the extent it seeks information relating to accounts that are not listed because this renders Request No. 2 vague, overbroad, and unduly burdensome. It is unclear how Google would determine what other email addresses are associated with Temur Akhmedov and, as a result, how it would produce content in response to the Subpoena. Again, Google requires a unique account identifier to locate an account, and it cannot locate accounts based on common names.

Seventh, Google objects to Request No. 2 on the grounds that it seeks electronically stored information that is (1) not reasonably accessible by Google because of undue burden or expense; (2) obtainable from another source that is less burdensome, expensive or more convenient; and/or (3) unreasonably cumulative or duplicative, or where the likely burden or expense of producing the electronically stored information outweighs the likely benefit.

Daniel Kappes
October 15, 2020
Page 8

Eighth, Google objects to Request No. 2 to the extent it requires the disclosure of proprietary or confidential information, trade secrets, or information that may implicate third-party privacy rights.

Ninth, Google objects to Request No. 2 to the extent it seeks information regarding accounts that are subject to pending motions to quash in other proceedings.

Tenth, Google objects to Request No. 2 on the grounds that it seeks information regarding the temur.akmedov1993@gmail.com account, which is not authorized by the Order.

Google reserves the right to raise different and additional objections in the future. Google otherwise preserves and does not waive any other available objections or rights.

Sincerely,

*Julie E. S[signature]*

Julie E. Schwartz