# EXHIBIT D

| | |
|---|---|
| From: | Schwartz, Julie (SEA) |
| To: | Marie.Larsen@hklaw.com; James.Power@hklaw.com; Daniel.Kappes@hklaw.com; Smith, Kate (PAO) |
| Cc: | Bleicher, Michael (WDC) |
| Subject: | RE: Civil Subpoena, In re Ex Parte Application of Tatiana Akhmedova, Case No. 20-mc-80156-VKD (Northern District of California) |
| Date: | Tuesday, November 3, 2020 9:26:30 PM |

Counsel,

Following up on the case law you cited, we disagree that there is support for your conclusion that Temur Akhmedov has lawfully consented to production of the content of the accounts identified in the subpoena.

First, as you acknowledge, the *Intermarine* case does not address lawful consent. But setting that aside, if anything, the facts of the case supports Google's position. Specifically, the lawful and express consented was effectuated by the account holder sending the consent through email from the account associated with the Dropbox account, just like Google's verified-consent process. This is reflected in the consent form attached to the Declaration of John Tyler (Case 3:15-mc-80211-ME), Dkt. 2-1, pp. 7-8) and paragraphs 2 and 9 of the consent form specifically (pasted below):

> 2.    I created the Dropbox account associated with the email address KBihlet@gmail.com and am the sole account holder for this account (the "Dropbox Account").

> 9.    I will return this executed consent form to Dropbox, Inc. via email from the email address KBihlet@gmail.com to legal@dropbox.com.

Second, none of the cases you cite are either binding or directly on point. Instead, they address whether a party can be required to provide consent, and they do not provide analysis on what constitutes lawful consent. *See Glazer v. Fireman's Fund Ins. Co.,* No. 11 CIV. 4374 PGG FM, 2012 WL 1197167, at *3 (S.D.N.Y. Apr. 5, 2012) (noting that a court may order consent to disclosure but not addressing the form of consent); *Al Noaimi v. Zaid,* No. 11-1156-EFM, 2012 WL 4758048, at *3 (D. Kan. Oct. 5, 2012) (addressing court-ordered consent without addressing what constitutes consent); *In re Subpoena Duces Tecum to AOL, LLC,* 550 F. Supp. 2d 606, 614, fn. 5 (E.D. Va. 2008) ("In the alternative, the district court in Mississippi could order the Rigsbys to consent to AOL's disclosing the contents of their e-mails under the pain of sanctions."); *Romano v. Steelcase Inc.,* 30 Misc. 3d 426, 434, 907 N.Y.S.2d 650, 657 (Sup. Ct. 2010) (ordering a plaintiff to grant access to her social media accounts that were previously public but not discussing the contours of consent).

Third, we appear to agree that *Negro v. Super Ct.,* 230 Cal. App. 4th 879 (2014) is on point, as it discusses the contours of lawful consent. The parties in *Negro* used Google's verified-consent process and, as a result, the Court found that there was lawful consent. Your representation that Temur Akhmedov consents, and that you believe him to be the account holder, is not "express" consent.

Finally, while *Negro* does address the issue of whether disclosure is permissive, Google's argument is not foreclosed in Northern District of California. We have cited a number of federal cases that support Google's position, which remain viable under federal law.

Thanks,

**Julie Schwartz | Perkins Coie LLP**
PARTNER
3150 Porter Drive
Palo Alto, CA 94304-1212
D. +1.650.838.4490
F. +1.650.838.4690
E. JSchwartz@perkinscoie.com

---

**From:** Schwartz, Julie (SEA)
**Sent:** Tuesday, November 3, 2020 10:25 AM
**To:** Marie.Larsen@hklaw.com; James.Power@hklaw.com; Daniel.Kappes@hklaw.com; Smith, Kate (PAO) <KateSmith@perkinscoie.com>
**Cc:** Bleicher, Michael (WDC) <MBleicher@perkinscoie.com>
**Subject:** RE: Civil Subpoena, In re Ex Parte Application of Tatiana Akhmedova, Case No. 20-mc-80156-VKD (Northern District of California)

Thanks Marie. I'm not available today but could schedule a call for tomorrow. Can you please confirm you will be reviewing the production before our call?

**Julie Schwartz | Perkins Coie LLP**
PARTNER
3150 Porter Drive
Palo Alto, CA 94304-1212
D. +1.650.838.4490
F. +1.650.838.4690
E. JSchwartz@perkinscoie.com

---

**From:** Marie.Larsen@hklaw.com <Marie.Larsen@hklaw.com>
**Sent:** Tuesday, November 3, 2020 10:20 AM
**To:** Schwartz, Julie (SEA) <JSchwartz@perkinscoie.com>; James.Power@hklaw.com; Daniel.Kappes@hklaw.com; Smith, Kate (PAO) <KateSmith@perkinscoie.com>
**Cc:** Bleicher, Michael (WDC) <MBleicher@perkinscoie.com>
**Subject:** RE: Civil Subpoena, In re Ex Parte Application of Tatiana Akhmedova, Case No. 20-mc-80156-VKD (Northern District of California)

Julie,

We believe a call would be helpful to clarify some of these issues and to determine the next steps forward. Please let us know your availability for a call this afternoon.

Best,
Marie

**Marie Larsen | Holland & Knight**
Associate
Holland & Knight LLP
31 West 52nd Street | New York, New York 10019
Phone 212.513.3477 | Fax 212.341.7167
marie.larsen@hklaw.com | www.hklaw.com

Add to address book | View professional biography

---

**From:** Schwartz, Julie E. (Perkins Coie) <JSchwartz@perkinscoie.com>
**Sent:** Monday, November 02, 2020 5:24 PM
**To:** Power, James H (NYC - X73494) <James.Power@hklaw.com>; Larsen, Marie E (NYC - X73477) <Marie.Larsen@hklaw.com>; Kappes, Daniel P (SFO - X56951) <Daniel.Kappes@hklaw.com>; Smith, Kate (Perkins Coie) <KateSmith@perkinscoie.com>
**Cc:** Bleicher, Michael (WDC) <MBleicher@perkinscoie.com>
**Subject:** RE: Civil Subpoena, In re Ex Parte Application of Tatiana Akhmedova, Case No. 20-mc-80156-VKD (Northern District of California)

*[External email]*
Counsel,

We are surprised by your response. You represented to us that you would review the non-content production to determine whether there were alternate ways for Temur Akhmedov to access the account (e.g., recovery phone numbers or email addresses) or any other information that might help resolve this. That is why we staged this non-content production first. Are you now taking the position that you will not review the production or even attempt to obtain a copy either from Aon or Google?

In addition, the order does not allow your client to obtain discovery from Google at this time. The order authorizes your client to issue discovery to Google, and that order expressly allows Google to move to quash the subpoena. Google timely objected, and it reserves (and has always reserved) the right to file a motion to quash if we cannot resolve this before the November 6 deadline.

We are happy to schedule a call, but we expect that your meet and confer will be in good faith. Specifically, we expect that you will review the production in an attempt to resolve this, as you committed to do.

**Julie Schwartz | Perkins Coie LLP**
PARTNER
3150 Porter Drive
Palo Alto, CA 94304-1212

D. +1.650.838.4490
F. +1.650.838.4690
E. JSchwartz@perkinscoie.com

---

**From:** James.Power@hklaw.com <James.Power@hklaw.com>
**Sent:** Monday, November 2, 2020 2:05 PM
**To:** Schwartz, Julie (SEA) <JSchwartz@perkinscoie.com>; Marie.Larsen@hklaw.com; Daniel.Kappes@hklaw.com; Smith, Kate (PAO) <KateSmith@perkinscoie.com>
**Cc:** Bleicher, Michael (WDC) <MBleicher@perkinscoie.com>
**Subject:** RE: Civil Subpoena, In re Ex Parte Application of Tatiana Akhmedova, Case No. 20-mc-80156-VKD (Northern District of California)
**Importance:** High

Julie

The production was sent to Aon directly so we have not been able to review and we have not been advised by Aon that access via a working subscriber account is possible.  So, I think we remain in the same situation.  We truly want to work this out with Google but the client needs this content material and must take prompt action to get it.  We have an order allowing my client to obtain this information so we really can't delay any further.  If Google has actual knowledge of a way to access the account based on information gleaned from the production we are all ears.  But it sounds like you are simply asking us to confirm something we already know – i.e. that Temur cannot access his account in the traditional way.

I think we should have one more call tomorrow to discuss and to get an expedited briefing schedule in place.

Regards,
James

**James Power | Holland & Knight**
Partner
Holland & Knight LLP
31 West 52nd Street | New York, New York 10019
Phone 212.513.3494 | Fax 212.341.7240
james.power@hklaw.com | www.hklaw.com

Add to address book | View professional biography

---

**From:** Schwartz, Julie E. (Perkins Coie) <JSchwartz@perkinscoie.com>
**Sent:** Monday, November 2, 2020 4:48 PM
**To:** Larsen, Marie E (NYC - X73477) <Marie.Larsen@hklaw.com>; Power, James H (NYC - X73494) <James.Power@hklaw.com>; Kappes, Daniel P (SFO - X56951) <Daniel.Kappes@hklaw.com>; Smith, Kate (Perkins Coie) <KateSmith@perkinscoie.com>
**Cc:** Bleicher, Michael (Perkins Coie) <MBleicher@perkinscoie.com>
**Subject:** RE: Civil Subpoena, In re Ex Parte Application of Tatiana Akhmedova, Case No. 20-mc-80156-VKD (Northern District of California)

*[External email]*
Counsel,

I will respond to your position regarding the case law separately.  Have you had an opportunity to review the production?

**Julie Schwartz | Perkins Coie LLP**
PARTNER
3150 Porter Drive
Palo Alto, CA 94304-1212
D. +1.650.838.4490
F. +1.650.838.4690
E. JSchwartz@perkinscoie.com

---

**From:** Marie.Larsen@hklaw.com <Marie.Larsen@hklaw.com>
**Sent:** Monday, November 2, 2020 1:14 PM
**To:** Schwartz, Julie (SEA) <JSchwartz@perkinscoie.com>; James.Power@hklaw.com; Daniel.Kappes@hklaw.com; Smith, Kate (PAO) <KateSmith@perkinscoie.com>
**Cc:** Bleicher, Michael (WDC) <MBleicher@perkinscoie.com>
**Subject:** RE: Civil Subpoena, In re Ex Parte Application of Tatiana Akhmedova, Case No. 20-mc-80156-VKD (Northern District of California)

Julie,

As a supplement to our email last week, we have identified another case where a written consent (as opposed to email verification) was sufficient to provide lawful consent under the SCA.  See attached case from the N.D. Cal where you were counsel of record.  Although the opinion deals with a previous dispute in an underlying Texas action with Dropbox as to the consent provided.  The Southern District of Texas ultimately directed Dropbox to produce the information on the basis of the written consent of the account holder provided with the subpoena.

Please let us know whether Google's will reconsider its position on the requested content production in light of the caselaw set forth in both of our emails.

Regards,
Marie

**Marie Larsen | Holland & Knight**
Associate
Holland & Knight LLP
31 West 52nd Street | New York New York 10019
Phone 212.513.3477 | Fax 212.341.7167
marie.larsen@hklaw.com | www.hklaw.com

---

**From:** Larsen, Marie E (NYC - X73477)
**Sent:** Wednesday, October 28, 2020 3:44 PM
**To:** 'Schwartz, Julie E. (Perkins Coie)' <JSchwartz@perkinscoie.com>; Power, James H (NYC - X73494) <James.Power@hklaw.com>; Kappes, Daniel P (SFO - X56951) <Daniel.Kappes@hklaw.com>; Smith, Kate (Perkins Coie) <KateSmith@perkinscoie.com>
**Cc:** Bleicher, Michael (Perkins Coie) <MBleicher@perkinscoie.com>
**Subject:** RE: Civil Subpoena, In re Ex Parte Application of Tatiana Akhmedova, Case No. 20-mc-80156-VKD (Northern District of California)

Dear Julie,

You have asked us to comment on caselaw which supports our position that the express, written consent provided by Temur Akhmedov for the disclosure of content from his Gmail-hosted accounts is sufficient to require disclosure of content related to those accounts pursuant to the subpoena served in this action.  As you are aware, and as cited by Google in its objection letter, the case *Negro v. Super Ct.*, 230 Cal. App. 4th 879 (2014) is directly on point here, and along with the authority cited therein addresses all of the issues raised in Google's objection.

First, in its objection letter Google suggests that "[t]here is no exception under the SCA for civil discovery demands, and courts have therefore held that the SCA does not permit civil litigants to compel service providers such as Google to produce the content of electronic communications in response to civil discovery demands."  But as discussed in *Negro*, 230 Cal. App. 4th at 903, "we find no sound basis for the proposition that the Act empowers service providers to defy civil subpoenas seeking discovery of materials that are excepted from the Act's prohibitions on disclosure."

As previously discussed on our calls, this civil subpoena does fall into the Act's exceptions based on Temur's legal consent.  Despite Google's suggestion that the consent at issue here may be "merely constructive, implied in law, or otherwise imputed to the user by a court", Temur's consent is NOT implied, but is express, and is therefore consistent with the consent provided by the user in *Negro* and upheld by the Court.  Specifically, the Court "h[e]ld that the consent expressly given by him pursuant to court order constituted "lawful consent" under the SCA."  *Id.* at 899.  The *Negro* Court specifically noted that court-ordered consent has also been upheld in other cases.  *Romano v. Steelcase, Inc.*, 907 N.Y.S.2d 650, 657 (2010); *Al Naaimi v. Zaid*, 2012 WL 4758048 (D. Kan. 2012) (ordering plaintiff to execute consent to be attached to

subpoena directed to e-mail provider); *In re Subpoena Duces Tecum to AOL, LLC*, 550 F. Supp. 2d 606, 613, fn. 5 (E.D. Va. 2008) (court in underlying action "could order the Rigsbys to consent to AOL's disclosing the contents of their e-mails under the pain of sanctions"); *Glazer v. Fireman's Fund Ins. Co.*, 2012 WL 1197167, at *3 (S.D.N.Y. 2012) (court "need not determine" whether party's communications were protected under Act because it could "simply direct that the consent to disclosure".)) Although Google is correct that the Court in the *Negro* case stated that implied consent is improper where there is no evidence of such consent before the Court (at 898), the Court held that where consent was provided, as here, to facilitate discovery through third party providers, the consent is lawful under the SCA.

Importantly, in one of the cases cited above, *Al Noaimi v. Zaid*, 2012 WL 4758048 (D. Kan. 2012) in response to a motion to quash filed by one of the parties, defendant requested that the Court order the account holder of an email account to execute a written consent form authorizing the disclosure of email communications and other information (See attached Dkt. 73 with form consent appended as an exhibit).  The Court granted this request, noting that the consent in that form satisfied the requirements of 18 USC 2702(b)(3).  See attached.  Based on the foregoing, it is clear that the verification process such as the one requested by Google which requires an account holder to issue consent through its email account is no the sole means to establish lawful consent under the statute.

Lastly, Google's suggestion that such disclosure, even if consent is lawful, is entirely voluntary based on the wording in the SCA that Google "may" disclose content in response to lawful consent, is expressly discussed and rejected by the *Negro* case.  230 Cal. App. 4th at 900-901.  The Court rejected Google's interpretation of the 2014 *Facebook* case (the same relied upon in your letter), and notes that while consent alone may not require production, that a subpoena along with that consent does require it.  *Id.*  The Court goes on to interpret the "may" versus "shall" language of the statute yet rejects Google's argument that disclosure is discretionary.  This interpretation is further confirmed in the more recent case *Facebook, Inc v. Superior Court*, 4 Cal. 5th 1245, 1282-1286 (2018) (rejecting Google's argument regarding its own discretion to comply with a subpoena under the SCA once lawful consent is provided).

Please let us know if you would like to discuss any of the issues raised here.  We remain hopeful that we can work through these legal issues without motion practice, and as previously stated are ready and willing to work with Google to provide any further information needed to produce the content pursuant to Mr. Akhmedov's consent.

Best regards,
Marie

<< File: Al Noaimi v Zaid.pdf >> << File: Dkt. 73 - Al Noaimi.pdf >> << File: Akhmedov - Signed Consent re Google Accounts.pdf >>
Marie Larsen | Holland & Knight
Associate
Holland & Knight LLP
31 West 52nd Street | New York New York 10019
Phone 212.513.3477 | Fax 212.341.7167
marie.larsen@hklaw.com | www.hklaw.com

-----Original Message-----
From: Schwartz, Julie E. (Perkins Coie) <JSchwartz@perkinscoie.com>
Sent: Monday, October 26, 2020 6:19 PM
To: Power, James H (NYC - X73494) <James.Power@hklaw.com>; Kappes, Daniel P (SFO - X56951) <Daniel.Kappes@hklaw.com>; Smith, Kate (Perkins Coie) <KateSmith@perkinscoie.com>; Larsen, Marie E (NYC - X73477) <Marie.Larsen@hklaw.com>
Cc: Bleicher, Michael (Perkins Coie) <MBleicher@perkinscoie.com>
Subject: RE: Civil Subpoena, In re Ex Parte Application of Tatiana Akhmedova, Case No. 20-mc-80156-VKD (Northern District of California)


[External email]

Thanks James.  We have explained Google's position regarding production of content under the Stored Communications Act ("SCA") in detail, including citing case law in our objection letter.  In short, Google uses a verified-consent process to establish lawful consent under the SCA.  Google does not accept representations that someone is an account holder.

We're happy to have a call to discuss these issues again, but to move things forward, it would be helpful to better understand your position.  In particular, it would be useful to review the case law you believe supports your position. Please pass that along at your earliest convenience.

Separately, I did discuss account recovery options with Google.  Unless the non-content information helps Temur recover access, there may not be anything else that can be done to verify account ownership.  To be clear, that means that Google will not be able to produce any content in response to the subpoena.  I realize that this is frustrating, but Google must comply with the SCA.  I remain hopeful that the non-content information will help assist us in navigating this dispute.

Lastly, please provide a response regarding the account that is not included in the court order.

Regards,

Julie Schwartz | Perkins Coie LLP
PARTNER
3150 Porter Drive
Palo Alto, CA 94304-1212
D. +1.650.838.4490
F. +1.650.838.4690
E. JSchwartz@perkinscoie.com

-----Original Message-----
From: James.Power@hklaw.com <James.Power@hklaw.com>
Sent: Monday, October 26, 2020 2:48 PM
To: Schwartz, Julie (SEA) <JSchwartz@perkinscoie.com>; Daniel.Kappes@hklaw.com; Smith, Kate (PAO) <KateSmith@perkinscoie.com>; Marie.Larsen@hklaw.com
Cc: Bleicher, Michael (WDC) <MBleicher@perkinscoie.com>
Subject: RE: Civil Subpoena, In re Ex Parte Application of Tatiana Akhmedova, Case No. 20-mc-80156-VKD (Northern District of California)
Importance: High

Julie,

Thank you for the email below.  Our distinct understanding is that Temur no longer has his SIM card nor does he have access to any of the email accounts or phone numbers which may have been linked to the requested accounts as subscriber contact information.

We are keen to work with Google in any way possible to ensure the smooth transition of both non-content and later content material via Aon.  As such, we represented we would work diligently to get You/Google any additional information necessary for Google to evaluate the particular circumstances at issue here with respect to verification of the email addresses as Temur's which I understood may be the only remaining issue for Google to evaluate.  Since the matter is of some urgency to the English Court which has expressly authorized this action with Temur's express consent we want to make sure we have time to respond to any request you may have of us.

We of course will have Aon diligently and expeditious review any non-content material produced on or about Nov. 6 but so as not to avoid further delay in getting non-content information based on any outstanding information needed by Google from our side can we have a call tomorrow?  We would like discuss Google's position with respect to producing content information assuming it isn't obvious from review of the non-content information that there is an alternative access route via subscriber linked access points (i.e. email, text, etc).  We feel it is prudent not to delay this discussion until such time as non-content information is received.

Thank you for your continued assistance on this matter.

James

James Power | Holland & Knight
Partner
Holland & Knight LLP
31 West 52nd Street | New York New York 10019 Phone 212.513.3494 | Fax 212.341.7240 james.power@hklaw.com | www.hklaw.com

-----Original Message-----
From: Schwartz, Julie E. (Perkins Coie) <JSchwartz@perkinscoie.com>
Sent: Monday, October 26, 2020 5:34 PM
To: Kappes, Daniel P (SFO - X56951) <Daniel.Kappes@hklaw.com>; Power, James H (NYC - X73494) <James.Power@hklaw.com>; Smith, Kate (Perkins Coie) <KateSmith@perkinscoie.com>; Larsen, Marie E (NYC -

X73477) <Marie.Larsen@hklaw.com>
Cc: Bleicher, Michael (Perkins Coie) <MBleicher@perkinscoie.com>
Subject: RE: Civil Subpoena, In re Ex Parte Application of Tatiana Akhmedova, Case No. 20-mc-80156-VKD (Northern District of California)

[External email]

Counsel,

I received the email from Aon regarding Google's production and wanted to write to make sure we're on the same page.  Separately, I'll pass that email along to my client to see how they want to handle the process.

First, we discussed proceeding with a non-content production (assuming no filed objections during the notice period) and tabling the issues relating to the content of the accounts for now.  The notice period will expire on 10/29, so the earliest Google could potentially produce non-content information is 10/30.  As a result, we pushed out Google's deadline to respond or move to quash to 11/6.  This will allow you time to review the non-content production and see if there's anything there that might help resolve this without addressing the content issues before the Court.

Second, we discussed the issue that the temur.akhmedov1993@gmail.com account was not included in the Court's order.  I understand that you are contacting the Court about amending the order.  That issue will need to be resolved before we produce any non-content information relating to that account.  Do you have any updates on that, or are you planning to file something with the Court?

Third, we discussed account recovery options, and I wanted to clarify one point relating to our discussion of SIM cards.  Did Temur try putting his SIM card in a new phone to get through the account recovery process, or is he taking the position he no longer has the SIM card?

Google preserves and does not waive any rights and objections.

Thanks,

Julie Schwartz | Perkins Coie LLP
PARTNER
3150 Porter Drive
Palo Alto, CA 94304-1212
D. +1.650.838.4490
F. +1.650.838.4690
E. JSchwartz@perkinscoie.com

-----Original Message-----
From: Daniel.Kappes@hklaw.com <Daniel.Kappes@hklaw.com>
Sent: Wednesday, October 21, 2020 4:19 PM
To: Schwartz, Julie (SEA) <JSchwartz@perkinscoie.com>; James.Power@hklaw.com; Smith, Kate (PAO) <KateSmith@perkinscoie.com>; Marie.Larsen@hklaw.com
Cc: Bleicher, Michael (WDC) <MBleicher@perkinscoie.com>
Subject: RE: Civil Subpoena, In re Ex Parte Application of Tatiana Akhmedova, Case No. 20-mc-80156-VKD (Northern District of California)

Yes. Thank you.

dk

Daniel Kappes | Holland & Knight
Associate
He/Him/His
50 California Street, Suite 2800 | San Francisco CA 94111 Phone 415.743.6951 | Fax 415.743.6910 daniel.kappes@hklaw.com | www.hklaw.com _____
Add to address book | View professional biography

-----Original Message-----
From: Schwartz, Julie E. (Perkins Coie) <JSchwartz@perkinscoie.com>
Sent: Wednesday, October 21, 2020 4:13 PM
To: Kappes, Daniel P (SFO - X56951) <Daniel.Kappes@hklaw.com>; Power, James H (NYC - X73494) <James.Power@hklaw.com>; Smith, Kate (Perkins Coie) <KateSmith@perkinscoie.com>; Larsen, Marie E (NYC - X73477) <Marie.Larsen@hklaw.com>
Cc: Bleicher, Michael (Perkins Coie) <MBleicher@perkinscoie.com>
Subject: RE: Civil Subpoena, In re Ex Parte Application of Tatiana Akhmedova, Case No. 20-mc-80156-VKD (Northern District of California)

[External email]

Thank you.  I've accepted your edits and made one additional minor edit in the attached.  Am I authorized to file with your signature?

Julie Schwartz | Perkins Coie LLP
PARTNER
3150 Porter Drive
Palo Alto, CA 94304-1212
D. +1.650.838.4490
F. +1.650.838.4690
E. JSchwartz@perkinscoie.com

-----Original Message-----
From: Daniel.Kappes@hklaw.com <Daniel.Kappes@hklaw.com>
Sent: Wednesday, October 21, 2020 4:06 PM
To: Schwartz, Julie (SEA) <JSchwartz@perkinscoie.com>; James.Power@hklaw.com; Smith, Kate (PAO) <KateSmith@perkinscoie.com>; Marie.Larsen@hklaw.com
Cc: Bleicher, Michael (WDC) <MBleicher@perkinscoie.com>
Subject: RE: Civil Subpoena, In re Ex Parte Application of Tatiana Akhmedova, Case No. 20-mc-80156-VKD (Northern District of California)

Ms. Schwartz,

Thanks for doing the heaving lifting on the Stipulation. I made one slight revision (wordsmithing) and have e-signed.

Your team is welcome to file this is you have no other changes.

Sincerely,
Dan

Daniel Kappes | Holland & Knight
Associate
He/Him/His
50 California Street, Suite 2800 | San Francisco CA 94111 Phone 415.743.6951 | Fax 415.743.6910 daniel.kappes@hklaw.com | www.hklaw.com _____
Add to address book | View professional biography

-----Original Message-----
From: Schwartz, Julie E. (Perkins Coie) <JSchwartz@perkinscoie.com>

Sent: Wednesday, October 21, 2020 2:14 PM
To: Power, James H (NYC - X73494) <James.Power@hklaw.com>; Kappes, Daniel P (SFO - X56951) <Daniel.Kappes@hklaw.com>; Smith, Kate (Perkins Coie) <KateSmith@perkinscoie.com>; Larsen, Marie E (NYC - X73477) <Marie.Larsen@hklaw.com>
Cc: Bleicher, Michael (Perkins Coie) <MBleicher@perkinscoie.com>
Subject: RE: Civil Subpoena, In re Ex Parte Application of Tatiana Akhmedova, Case No. 20-mc-80156-VKD (Northern District of California)

[External email]

Counsel,

Attached is a draft stipulation extending the time for Google to respond to the subpoena or to move to quash or modify the subpoena.  This does need to be approved by the Court, so we would like to get this on file today to give the Court a chance to weigh in by Friday.

Please let us know if you have any changes or if we may add your signature to the stipulation.

Thanks!

Julie Schwartz | Perkins Coie LLP
PARTNER
3150 Porter Drive
Palo Alto, CA 94304-1212
D. +1.650.838.4490
F. +1.650.838.4690
E. JSchwartz@perkinscoie.com

-----Original Message-----
From: James.Power@hklaw.com <James.Power@hklaw.com>
Sent: Monday, October 19, 2020 7:01 PM
To: Schwartz, Julie (SEA) <JSchwartz@perkinscoie.com>; Daniel.Kappes@hklaw.com; Smith, Kate (PAO) <KateSmith@perkinscoie.com>; Marie.Larsen@hklaw.com
Cc: Bleicher, Michael (WDC) <MBleicher@perkinscoie.com>
Subject: RE: Civil Subpoena, In re Ex Parte Application of Tatiana Akhmedova, Case No. 20-mc-80156-VKD (Northern District of California)

Ok with me.

-------- Original Message --------
From: "Schwartz, Julie E. (Perkins Coie)" <JSchwartz@perkinscoie.com>
Date: Mon, October 19, 2020 9:58 PM -0400
To: "Kappes, Daniel P (SFO - X56951)" <Daniel.Kappes@hklaw.com>, "Smith, Kate (Perkins Coie)" <KateSmith@perkinscoie.com>, "Power, James H (NYC - X73494)" <James.Power@hklaw.com>, "Larsen, Marie E (NYC - X73477)" <Marie.Larsen@hklaw.com>
CC: "Bleicher, Michael (Perkins Coie)" <MBleicher@perkinscoie.com>
Subject: RE: Civil Subpoena, In re Ex Parte Application of Tatiana Akhmedova, Case No. 20-mc-80156-VKD (Northern District of California)

[External email]
Could you do 3 p.m. instead?

Julie Schwartz | Perkins Coie LLP
PARTNER
3150 Porter Drive
Palo Alto, CA 94304-1212
D. +1.650.838.4490
F. +1.650.838.4690
E. +JSchwartz@perkinscoie.com<mailto:%20JSchwartz@perkinscoie.com>

From: Daniel.Kappes@hklaw.com <Daniel.Kappes@hklaw.com>
Sent: Monday, October 19, 2020 6:51 PM
To: Schwartz, Julie (SEA) <JSchwartz@perkinscoie.com>; Smith, Kate (PAO) <KateSmith@perkinscoie.com>; James.Power@hklaw.com; Marie.Larsen@hklaw.com
Cc: Bleicher, Michael (WDC) <MBleicher@perkinscoie.com>
Subject: RE: Civil Subpoena, In re Ex Parte Application of Tatiana Akhmedova, Case No. 20-mc-80156-VKD (Northern District of California)

Ms. Schwartz,

Does 2 pacific work for you?

Daniel Kappes | Holland & Knight
Associate
He/Him/His
50 California Street, Suite 2800 | San Francisco CA 94111 Phone 415.743.6951 | Fax 415.743.6910 daniel.kappes@hklaw.com<mailto:daniel.kappes@hklaw.com> |
www.hklaw.com<https://urldefense.proofpoint.com/v2/url?u=http-3A__www.hklaw.com_&d=DwMFАg&c=XRWvQHnpdBDRh-yzrHjqLpXuHNC_9nanQz6pPG_SpТ0&r=9LffSjpnc47rad0ALpf49boK2dUsTnN3YzH0mL55Py8&m=8m8wiXnTnoqMA8oA-C2Zmpqdafi2hx3NVNU227dnD7U&s=sZ4-mnECgubcTE8Qq078bKGyuPvfxNo2Sgelt8XGNjo&e=>

Add to address book<https://urldefense.proofpoint.com/v2/url?u=http-3A__www.hklaw.com_vcard.aspx-3Fuser-3Ddpkappes&d=DwMFAg&c=XRWvQHnpdBDRh-yzrHjqLpXuHNC_9nanQz6pPG_SpТ0&r=9LffSjpnc47rad0ALpf49boK2dUsTnN3YzH0mL55Py8&m=8m8wiXnTnoqMA8oA-C2Zmpqdafi2hx3NVNU227dnD7U&s=s1Pmcgr_qYv-kYJzrUJsWqe7_1cKggrOsUv6iqJ1-BWkk&e=> | View professional biography<https://urldefense.proofpoint.com/v2/url?u=http-3A__www.hklaw.com_id77_biosdpkappes&d=DwMFAg&c=XRWvQHnpdBDRh-yzrHjqLpXuHNC_9nanQz6pPG_SpТ0&r=9LffSjpnc47rad0ALpf49boK2dUsTnN3YzH0mL55Py8&m=8m8wiXnTnoqMA8oA-C2Zmpqdafi2hx3NVNU227dnD7U&s=BZx0-dupONsEimTDU6UV1AE22InKFQ9RzTDwsTJyGj4&e=>

From: Schwartz, Julie E. (Perkins Coie) <JSchwartz@perkinscoie.com<mailto:JSchwartz@perkinscoie.com>
Sent: Monday, October 19, 2020 2:25 PM
To: Kappes, Daniel P (SFO - X56951) <Daniel.Kappes@hklaw.com<mailto:Daniel.Kappes@hklaw.com>>; Smith, Kate (Perkins Coie) <KateSmith@perkinscoie.com<mailto:KateSmith@perkinscoie.com>>; Power, James H (NYC - X73494) <James.Power@hklaw.com<mailto:James.Power@hklaw.com>>; Larsen, Marie E (NYC - X73477) <Marie.Larsen@hklaw.com<mailto:Marie.Larsen@hklaw.com>>
Cc: Bleicher, Michael (Perkins Coie) <MBleicher@perkinscoie.com<mailto:MBleicher@perkinscoie.com>>
Subject: RE: Civil Subpoena, In re Ex Parte Application of Tatiana Akhmedova, Case No. 20-mc-80156-VKD (Northern District of California)

[External email]
Thanks for your email.  I'm tied up this afternoon and tomorrow morning.  Are there times tomorrow afternoon that work for your team?

Julie Schwartz | Perkins Coie LLP
PARTNER
3150 Porter Drive
Palo Alto, CA 94304-1212
D. +1.650.838.4490
F. +1.650.838.4690
E. JSchwartz@perkinscoie.com<mailto:%20JSchwartz@perkinscoie.com>

From: Daniel.Kappes@hklaw.com<mailto:Daniel.Kappes@hklaw.com> <Daniel.Kappes@hklaw.com<mailto:Daniel.Kappes@hklaw.com>>
Sent: Monday, October 19, 2020 2:23 PM

To: Smith, Kate (PAO) <KateSmith@perkinscoie.com<mailto:KateSmith@perkinscoie.com>>; James.Power@hklaw.com<mailto:James.Power@hklaw.com>>;
Marie.Larsen@hklaw.com<mailto:Marie.Larsen@hklaw.com>
Cc: Schwartz, Julie (SEA) <JSchwartz@perkinscoie.com<mailto:JSchwartz@perkinscoie.com>>
Subject: RE: Civil Subpoena, In re Ex Parte Application of Tatiana Akhmedova, Case No. 20-mc-80156-VKD (Northern District of California)

Counsel,

We reviewed Google's letter and would like to schedule a meet and confer at your earliest convenience. Are you available to discuss this afternoon?

Sincerely,
Dan

Daniel Kappes | Holland & Knight
Associate
He/Him/His
50 California Street, Suite 2800 | San Francisco CA 94111 Phone 415.743.6951 | Fax 415.743.6910 daniel.kappes@hklaw.com<mailto:daniel.kappes@hklaw.com> |
www.hklaw.com<https://urldefense.proofpoint.com/v2/url?u=http-3A__www.hklaw.com_&d=DwMFAg&c=XRWvQHnpdBDRh-
yzrHjqLpXuHNC_9nanQc6pPG_SpT0&r=9Lff5jpnc47rad0ALpf49boK2dUsTnN3YzH0mLS5Py8&m=JNigqdbmjFubZGSsepuoiHS3kB61tQ48qTMOVL_Thus&s=G37PK3IX6epWfx9chjcCMvIYIR4J24UkMlDOjRb54rk&e=>

Add to address book<https://urldefense.proofpoint.com/v2/url?u=http-3A__www.hklaw.com_vcard.aspx-3Fuser-3Ddpkappes&d=DwMFAg&c=XRWvQHnpdBDRh-
yzrHjqLpXuHNC_9nanQc6pPG_SpT0&r=9Lff5jpnc47rad0ALpf49boK2dUsTnN3YzH0mLS5Py8&m=JNigqdbmjFubZGSsepuoiHS3kB61tQ48qTMOVL_Thus&s=wprgz8duJaD55nDdHNDYdrSTE1w4PkUNRpUpbJS69ik&e=>
| View professional biography<https://urldefense.proofpoint.com/v2/url?u=http-3A__www.hklaw.com_jd77_biosdpkappes&d=DwMFAg&c=XRWvQHnpdBDRh-
yzrHjqLpXuHNC_9nanQc6pPG_SpT0&r=9Lff5jpnc47rad0ALpf49boK2dUsTnN3YzH0mLS5Py8&m=JNigqdbmjFubZGSsepuoiHS3kB61tQ48qTMOVL_Thus&s=3g8WOYROhOSAH789NhplOco_asRu_6tgPtYSiNo9ymY&e=>

From: Kappes, Daniel P (SFO - X56951)
Sent: Thursday, October 15, 2020 3:01 PM
To: 'Smith, Kate (Perkins Coie)' <KateSmith@perkinscoie.com<mailto:KateSmith@perkinscoie.com>>; Power, James H (NYC - X73494) <James.Power@hklaw.com<mailto:James.Power@hklaw.com>>; Larsen, Marie
E (NYC - X73477) <Marie.Larsen@hklaw.com<mailto:Marie.Larsen@hklaw.com>>
Cc: Schwartz, Julie E. (Perkins Coie) <JSchwartz@perkinscoie.com<mailto:JSchwartz@perkinscoie.com>>
Subject: RE: Civil Subpoena, In re Ex Parte Application of Tatiana Akhmedova, Case No. 20-mc-80156-VKD (Northern District of California)

Thank you, Ms. Smith.

Please include my colleagues Mr. Power and Ms. Larsen on future correspondence.

Sincerely,
Dan

Daniel Kappes | Holland & Knight
Associate
He/Him/His
50 California Street, Suite 2800 | San Francisco CA 94111 Phone 415.743.6951 | Fax 415.743.6910 daniel.kappes@hklaw.com<mailto:daniel.kappes@hklaw.com> |
www.hklaw.com<https://urldefense.proofpoint.com/v2/url?u=http-3A__www.hklaw.com_&d=DwMFAg&c=XRWvQHnpdBDRh-
yzrHjqLpXuHNC_9nanQc6pPG_SpT0&r=9Lff5jpnc47rad0ALpf49boK2dUsTnN3YzH0mLS5Py8&m=JNigqdbmjFubZGSsepuoiHS3kB61tQ48qTMOVL_Thus&s=G37PK3IX6epWfx9chjcCMvIYIR4J24UkMlDOjRb54rk&e=>

Add to address book<https://urldefense.proofpoint.com/v2/url?u=http-3A__www.hklaw.com_vcard.aspx-3Fuser-3Ddpkappes&d=DwMFAg&c=XRWvQHnpdBDRh-
yzrHjqLpXuHNC_9nanQc6pPG_SpT0&r=9Lff5jpnc47rad0ALpf49boK2dUsTnN3YzH0mLS5Py8&m=JNigqdbmjFubZGSsepuoiHS3kB61tQ48qTMOVL_Thus&s=wprgz8duJaD55nDdHNDYdrSTE1w4PkUNRpUpbJS69ik&e=>
| View professional biography<https://urldefense.proofpoint.com/v2/url?u=http-3A__www.hklaw.com_jd77_biosdpkappes&d=DwMFAg&c=XRWvQHnpdBDRh-
yzrHjqLpXuHNC_9nanQc6pPG_SpT0&r=9Lff5jpnc47rad0ALpf49boK2dUsTnN3YzH0mLS5Py8&m=JNigqdbmjFubZGSsepuoiHS3kB61tQ48qTMOVL_Thus&s=3g8WOYROhOSAH789NhplOco_asRu_6tgPtYSiNo9ymY&e=>

From: Smith, Kate (Perkins Coie) <KateSmith@perkinscoie.com<mailto:KateSmith@perkinscoie.com>>
Sent: Thursday, October 15, 2020 2:50 PM
To: Kappes, Daniel P (SFO - X56951) <Daniel.Kappes@hklaw.com<mailto:Daniel.Kappes@hklaw.com>>
Cc: Schwartz, Julie E. (Perkins Coie) <JSchwartz@perkinscoie.com<mailto:JSchwartz@perkinscoie.com>>
Subject: Civil Subpoena, In re Ex Parte Application of Tatiana Akhmedova, Case No. 20-mc-80156-VKD (Northern District of California)

[External email]
Mr. Kappes,

Please see the attached correspondence being sent on behalf of Julie E. Schwartz.

Kate Smith | Perkins Coie LLP
PARALEGAL
3150 Porter Drive
Palo Alto, CA 94304-1212
D. +1.650.838.4705
E. KateSmith@perkinscoie.com<mailto:%20KateSmith@perkinscoie.com>

_____

NOTICE: This communication may contain privileged or other confidential information. If you have received it in error, please advise the sender by reply email and immediately delete the message and any attachments without copying or disclosing the contents. Thank you.

_____

NOTE: This e-mail is from a law firm, Holland & Knight LLP ("H&K"), and is intended solely for the use of the individual(s) to whom it is addressed. If you believe you received this e-mail in error, please notify the sender immediately, delete the e-mail from your computer and do not copy or disclose it to anyone else. If you are not an existing client of H&K, do not construe anything in this e-mail to make you a client unless it contains a specific statement to that effect and do not disclose anything to H&K in reply that you expect it to hold in confidence. If you properly received this e-mail as a client, co-counsel or retained expert of H&K, you should maintain its contents in confidence in order to preserve the attorney-client or work product privilege that may be available to protect confidentiality.

_____

NOTICE: This communication may contain privileged or other confidential information. If you have received it in error, please advise the sender by reply email and immediately delete the message and any attachments without copying or disclosing the contents. Thank you.

_____

NOTICE: This communication may contain privileged or other confidential information. If you have received it in error, please advise the sender by reply email and immediately delete the message and any attachments without copying or disclosing the contents. Thank you.

_____

NOTICE: This communication may contain privileged or other confidential information. If you have received it in error, please advise the sender by reply email and immediately delete the message and any attachments without copying or disclosing the contents. Thank you.

_____

NOTICE: This communication may contain privileged or other confidential information. If you have received it in error, please advise the sender by reply email and immediately delete the message and any attachments without copying or disclosing the contents. Thank you.

---

NOTICE: This communication may contain privileged or other confidential information. If you have received it in error, please advise the sender by reply email and immediately delete the message and any attachments without copying or disclosing the contents. Thank you.

---

NOTICE: This communication may contain privileged or other confidential information. If you have received it in error, please advise the sender by reply email and immediately delete the message and any attachments without copying or disclosing the contents. Thank you.

NOTICE: This communication may contain privileged or other confidential information. If you have received it in error, please advise the sender by reply email and immediately delete the message and any attachments without copying or disclosing the contents. Thank you.

NOTICE: This communication may contain privileged or other confidential information. If you have received it in error, please advise the sender by reply email and immediately delete the message and any attachments without copying or disclosing the contents. Thank you.