HOLLAND & KNIGHT LLP
James H. Power *(pro hac vice)*
Daniel P. Kappes (SBN 303454)
50 California Street, 28th Floor
San Francisco, CA 94001
T 415.743.6900 | F 415.743.6951
E-mail: james.power@hklaw.com
E-mail: daniel.kappes@hklaw.com

Attorneys for Applicant
*Tatiana Akhmedova*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| IN RE APPLICATION OF TATIANA AKHMEDOVA, <br><br> Applicant, <br><br> REQUEST FOR DISCOVERY PURSUANT TO 28 U.S.C. § 1782. | Case No. 20-mc-80156 <br><br> **DECLARATION OF JAMES H. POWER IN OPPOSITION TO GOOGLE'S MOTION TO QUASH OR MODIFY SUBPOENA** |

## DECLARATION OF JAMES H. POWER

I, James H. Power, hereby declare as follows:

1. I am a partner of the law firm Holland & Knight LLP, counsel for Applicant Tatiana Akhmedova ("Ms. Akhmedova" or "Applicant"). I am fully familiar with the facts of the above captioned case, and unless stated otherwise, the statements herein are based on my personal knowledge from my involvement in this case, as well as my review of relevant documents in connection with the underlying foreign proceeding, the "English Proceeding."

2. I respectfully submit this declaration in opposition to Google, LLC's ("Google") Motion to Quash or Modify the subpoena served by Applicant in this action, pursuant to the Discovery Order issued by this Court pursuant to 28 U.S.C. § 1782. I fully refer to and incorporate herein the information previously provided in the Declaration of Anthony J. Riem (Dkt. 2) setting forth the background of the English Proceeding, including the efforts to obtain the requested information directly from Temur Akhmedov ("Temur") as to his email accounts, and the inability of the Court-appointed expert Aon, together with Temur, to access the account through the Google account recovery process. As a result of these failed discovery efforts, the English Court expressly encouraged the parties to seek discovery directly from Google in the United States.

3. In Google's Motion to Quash, Google argues that the express consent provided by Temur for disclosure of the e-mail and other content of his four email accounts (temur.akhmedov1993@gmail.com; khyshen@gmail.com; temur@stecapital.net; and temur@akhmedov.net) in the English Court sworn submissions and signed Google mandates (Dkt. 2-8 at 4-8), as well as his stipulation submitted in this action (Dkt. 9), does not establish "lawful consent" pursuant to the Stored Communications Act, 18 U.S.C. § 2702(b)(3). The basis of Google's contention is that without receiving an email consent directly from the account, it is unable to verify that Temur in fact owns the accounts at issue.

4. In addition to the sworn statements and the Google mandates referenced above, additional documents in the English Proceeding support the conclusion that the accounts at issue belong to Temur Akhmedov. For example, Temur has disclosed a number of native format emails from khyshen@gmail.com, temur@akhmedov.net and temur.akhmedov1993@gmail.com in the English Proceedings (not "hard copies of emails" as stated by Google at Dkt. 20 at 12), which were

DECLARATION OF JAMES H. POWER IN OPPOSITION TO GOOGLE'S MOTION TO QUASH

previously received by his English solicitors. Attached hereto as Exhibit 1 is a true and correct copy of an Amended Disclosure Statement dated July 31, 2020 listing the production of native files by Temur. Applicant is amenable to providing the native files to Google if it would assist in establishing Temur's ownership of the accounts.

5. I also understand from my discussions with Google's counsel that notice was provided on October 15, 2020 to the four accounts listed above that Google was planning to make a production pursuant to the subpoena. To my knowledge, no other person or entity has notified Google that they, and not Temur, are the proper account holder(s).

6. Prior to the filing of Google's Motion to Quash, the parties held meet and confers several times to determine whether any objections to the requested discovery could be solved without any motion practice. Counsel for Google advised that it would make a production of non-content information related to the accounts, and that it was hopeful that upon Applicant's review of the information, that it may assist in determining whether Temur could access the account with verification information contained therein.

7. Google did produce the non-content information to Aon on October 29, 2020. Pursuant to an Order of the English Court, I understand that the information was disclosed by Aon to Applicant's English counsel, following review of the information by Temur's lawyers for privilege. To date, no information has suggested that that content can be obtained by the account recovery process. Nor has Google identified any information it believes was contained in the non-content production which would assist.

8. In any event, this attempt to resolve the dispute cooperatively is not relevant to this Court's analysis of whether lawful consent has been provided under the Stored Communications Act ("SCA"), therefore compelling Google to make the production as ordered by the Court and as set forth in the subpoena.

9. Google has suggested that Applicant's discovery request should be quashed because it argues that Temur should simply be required to purchase new SIM cards for the recovery phone numbers. Dkt. 20 at 9. This argument has already been addressed in the English Proceeding, but Ms. Akhmedov has not been able to force Temur to do so. Instead he has remained largely uncooperative. Attached hereto as Exhibit 2 is a true and correct copy of a letter from Applicant's Solicitors to the

DECLARATION OF JAMES H. POWER IN OPPOSITION TO GOOGLE'S MOTION TO QUASH

English Court noting Temur's failure to take the most "basic and obvious of steps" to recover access of the accounts. As further set forth in the accompanying memorandum of law, having first attempted to obtain the information from the account holder, Applicant is now entitled to seek the information directly from Google, where lawful consent has been obtained from Temur.

10. Finally, Google also argues in its Motion to Quash that the subpoena is overbroad because Applicant must establish that the information being sought is relevant to or will be used in the foreign proceeding. Dkt. 20 at 14, nt. 5. But this Court has already determined that pursuant to Section 1782, the documents to be requested are for use in the foreign proceeding, thus meeting the requirements of the discovery statute. Dkt. 12.

11. On September 28, 2020, Mrs Justice Knowles DBE (being the judge assigned to the proceedings and who will preside over the trial) issued an order related to Temur's disclosure obligations, and provided that the following statement "may be disclosed to the United States District Court if this would be of assistance to that Court":

> "For the avoidance of doubt, this court would indeed be assisted by production of Temur Akhmedov's Google accounts to the independent forensic expert, Aon, appointed by this court. Careful perusal of the judge's previous orders would have made clear that this material was an important, if not crucial, part of the evidential landscape relating to Temur Akhmedov which this court will need to survey in November and December 2020. The relief sought in the US District Court does NOT go further than the substance of what the judge intended and ordered. Further, this court has reason to be grateful for the past assistance provided to it pursuant to title 28 U.S.C. Section 1782 (see, for example, paragraphs 28 and 29 of my judgment under citation [2019] EWHC 2561 (Fam)). Any perception that this court is not solicitous of assistance from the United States District Court could not be further from the truth."

Attached hereto as Exhibit 3 is a true and correct copy of the English Court's email correspondence setting forth this message, and the order attached thereto.

12. Due to the remote working procedures of the English Court, the English Court is currently approving all orders in their draft form but with the same force and effect of orders issued in a final PDF and bearing the Court's seal and signature. This matter is provided for in the order

DECLARATION OF JAMES H. POWER IN OPPOSITION TO GOOGLE'S MOTION TO QUASH

itself (see paragraph 21 of the order), and is the subject of recent guidance of the Family Court (see paragraph 5.2.1 of the Remote Access Family Court Guidance (version 5) dated 26 June 2020).[1]

13. The English Court has set a date of **November 30, 2020** for the commencement of trial in the English Proceedings, for which the requested information is sought.

14. Based on the foregoing, Applicant respectfully submits that this Court should deny Google's Motion to Quash or Modify the Subpoena, and order Google to immediately comply with the subpoena based on Temur's lawful consent under the SCA.

I declare under penalty of perjury that the foregoing is true and correct.

DATED: This 9th day of November, 2020, in New York, New York

By: /s/ *James H. Power*
James H. Power

---

[1] Available at: https://www.judiciary.uk/wp-content/uploads/2020/06/The-Remote-Access-Family-Court-Version-5-Final-Version-26.06.2020.pdf [last visited October 6, 2020].

DECLARATION OF JAMES H. POWER IN OPPOSITION TO GOOGLE'S MOTION TO QUASH