# EXHIBIT 1

# List of documents: standard disclosure

| In the | |
|---|---|
| High Court of Justice Family Division | |
| **Claim No.** | FD13D05340 |
| **Claimant** (including ref) | Tatiana Akhmedova |
| **Defendant** (including ref) | Temur Akhmedov |
| **Date** | 31 July 2020 |

**Notes**

- The rules relating to standard disclosure are contained in Part 31 of the Civil Procedure Rules.
- Documents to be included under standard disclosure are contained in Rule 31.6
- A document has or will have been in your control if you have or have had possession, or a right of possession, of it **or** a right to inspect or take copies of it.

## Disclosure Statement

I, the above named

☐ Claimant    ☑ Defendant

☐ Party (if party making disclosure is a company, firm or other organisation identify here who the person making the disclosure statement is and why he is the appropriate person to make it)

[ ]

state that I have carried out a reasonable and proportionate search to locate all the documents which I am

required to disclose under the order made by the court on (date of order) [ 24 June 2020 ]

☐ I did not search for documents:-

☐ pre-dating [ ]

☐ located elsewhere than

[ ]

☐ in categories other than

[ ]

☐ for electronic documents

☑ I carried out a search for electronic documents contained on or created by the following:
(list what was searched and extent of search)

1. My mobile telephone, being an Apple iPhone 07795973199.
2. My laptop computer, being an Apple Macbook.
3. My personal computer, being a desktop computer with solid-state drive storage.
4. My smartwatch, being an AppleWatch.
5. The email data associated with the email accounts: "khyshen@gmail.com"; "temur.akhmedov1993@gmail.com".
6. The message data associated with the WhatsApp account for the telephone number 07795973199.
7. A digital image of my mobile telephone and laptop computer, created in November 2019.
8. Documents held by Hughes Fowler Carruthers.
9. Documents held by: (i) Saffron Tax Partners LLP; and (ii) UBS (limited to documents which evidence payments made by Mr Farkhad Akhmedov and/or entities in which he has an interest).

☐ ~~I did not search for the following:-~~

☐ documents created before

documents contained on or created by the ☐ Claimant    ☐ Defendant

☐ PCs                        ☐ portable data storage media
☐ databases                  ☐ servers
☐ back-up tapes              ☐ off-site storage
☐ mobile phones             ☐ laptops
☐ notebooks                  ☐ handheld devices
☐ PDA devices

documents contained on or created by the ☐ Claimant    ☐ Defendant

☐ mail files                  ☐ document files
☐ calendar files             ☐ web-based applications
☐ spreadsheet files         ☐ graphic and presentation files

documents other than by reference to the following keyword(s)/concepts
(delete if your search was not confined to specific keywords or concepts)

I certify that I understand the duty of disclosure and to the best of my knowledge I have carried out that duty. I further certify that the list of documents set out in or attached to this form, is a complete list of all documents which are or have been in my control and which I am obliged under the order to disclose.

I understand that I must inform the court and the other parties immediately if any further document required to be disclosed by Rule 31.6 comes into my control at any time before the conclusion of the case.

☐ ~~I have not permitted inspection of documents within the category or class of documents (as set out below) required to be disclosed under Rule 31(6)(b)or (c) on the grounds that to do so would be disproportionate to the issues in the case.~~

| Signed | *Jemima* | Date | 31 July 2020 |

~~(Claimant)~~(Defendant)~~('s litigation friend)~~

List and number here, in a convenient order, the documents (or bundles of documents if of the same nature, e.g. invoices) in your control, which you do not object to being inspected. Give a short description of each document or bundle so that it can be identified, and say if it is kept elsewhere i.e. with a bank or solicitor

I have control of the documents numbered and listed here. I do not object to you inspecting them/producing copies.

1. The documents already disclosed by me in these proceedings.
2. The emails listed in the attached schedule.
3. Bank statements recording receipt of payments from my father/other corporate entities.
4. Email dated 10 October 2013 from UBS to my father (copying me) and my father's response.
5. Email dated 18 October 2013 from UBS to me.
6. Power of Attorney to Marina Sagadeeva (with Russian translation).
7. Letter from Team Fusion dated 6 July 2020.

---

List and number here, as above, the documents in your control which you object to being inspected. (Rule 31.19)

I have control of the documents numbered and listed here, but I object to you inspecting them:

None.

Say what your objections are

I object to you inspecting these documents because:

N/A

---

List and number here, the documents you once had in your control, but which you no longer have. For each document listed, say when it was last in your control and where it is now.

I have had the documents numbered and listed below, but they are no longer in my control.

See continuation sheet provided on 17 July 2020.

In addition to the documents listed on that continuation sheet, I have also had access to documents in the following email accounts, which documents I am no longer able to access, by reason that I no longer have access to those email accounts as they have been closed:
1. temur@akhmedov.net
2. temur@stecapital.net