# **EXHIBIT 3**

| | |
|---|---|
| **From:** | Coetzee, Faghma |
| **To:** | James Willan |
| **Cc:** | Shaul Brazil; Anoushka Warlow; Charles Howard QC; Alan Gourgey QC; Hannah Raphael; Graham Brodie QC; Andrew Watson; Richard Eschwege; Anthony Riem; Mark Belshaw; Andrew McLeod; Tim James-Matthews; Mark Harper; Frances Hughes; Rachel Turner; Gokce Tapki; Charlotte Hartley; Tim Owen; AKH@pcblitigation.com; BL@fountaincourt.co.uk; howitt@1hc.com; Hannah Blom-Cooper; Sarah Infante; RCJ Family |
| **Subject:** | RE: Akhmedova |
| **Date:** | Monday, September 28, 2020 11:56:18 AM |
| **Attachments:** | 2020.09.25 - Draft order to accompany application for extension (+PCB 28 Sept).docx(1364820.1).docx |
| **Importance:** | High |

Dear All

The judge has read the application and accompanying documents made by Temur Akhmedov. She has also read the material provided in response from Tatiana Akhmedova this morning. No substantive response by Temur Akhmedov to the matters raised in that material has been provided to her at the time of sending this email.

The judge notes that Temur Akhmedov has not sought an extension of time for his failure to provide disclosure from Aon's data extraction by 25 September 2020.
This is in breach of paragraph 13 of the Forensic Examination Order and will require explanation.
**The judge expects disclosure of this material forthwith**.

Having considered matters carefully, the judge approves a **final** extension of time to 9 October 2020 so that Temur Akhmedov can ensure his witness evidence is ready.
She draws his attention to paragraph 19 of the draft order (as amended).

The judge approves the order as amended by PCB Litigation.

In the circumstances, paragraphs 17 and 18 of the order are the bare minimum required of Temur Akhmedov given his **duty** to assist the court in furthering the overriding objective to deal with cases justly.
Failure to comply with this order may well result in the court being invited to draw adverse inferences about Temur Akhmedov's litigation conduct.

For the avoidance of doubt, this court would indeed be assisted by production of Temur Akhmedov's Google accounts to the independent forensic expert, Aon, appointed by this court.

Careful perusal of the judge's previous orders would have made clear that this material was an important, if not crucial, part of the evidential landscape relating to Temur Akhmedov which this court will need to survey in November and December 2020.

The relief sought in the US District Court does NOT go further than the substance of what the

judge intended and ordered.

Further, this court has reason to be grateful for the past assistance provided to it pursuant to title 28 U.S.C. Section 1782 (see, for example, paragraphs 28 and 29 of my judgment under citation [2019] EWHC 2561 (Fam)).

Any perception that this court is not solicitous of assistance from the United States District Court could not be further from the truth.

The latter paragraph may be disclosed to the United States District Court if this would be of assistance to that court.

Kind regards

*Ms Faghma Coetzee*

**Clerk to The Honourable Mrs Justice Knowles DBE**
**Lead Judge for Family Drug and Alcohol Courts**

The Royal Courts of Justice, Strand, London, WC2A 2LL
DX 44450 Strand
**Room:** QB107
**Phone:** 020 7947 7353
**Mobile:** 07817 078804
**Web:** www.gov.uk/hmcts

For information about how HMCTS uses personal data about you:
https://www.gov.uk/government/organisations/hm-courts-and-tribunals-service/about/personal-information-charter

New webpage for courts and tribunals re COVID-19 https://www.gov.uk/guidance/coronavirus-covid-19-courts-and-tribunals-planning-and-preparation

This e-mail and any attachments is intended only for the attention of the addressee(s). Its unauthorised use, disclosure, storage or copying is not permitted. If you are not the intended recipient, please destroy all copies and inform the sender by return e-mail. Internet e-mail is not a secure medium. Any reply to this message could be intercepted and read by someone else. Please bear that in mind when deciding whether to send material in response to this message by e-mail. This e-mail (whether you are the sender or the recipient) may be monitored, recorded and retained by the Ministry of Justice. Monitoring / blocking software may be used, and e-mail content may be read at any time. You have a responsibility to ensure laws are not broken when composing or forwarding e-mails and their contents.

 In the High Court of Justice  No: FD13D05340
Family Division

**The Matrimonial Causes Act 1973**

**The Senior Courts Act 1981**

**The Marriage of Tatiana Mikhailovna Akhmedova and Farkhad Teimur Ogly Akhmedov**

**ORDER MADE BY THE HON. MRS JUSTICE GWYNNETH KNOWLES ON [ ] 2020 ON THE PAPERS**

**The parties**

1. The Applicant is Tatiana Mikhailovna Akhmedova

    The First Respondent is Farkhad Teimur Ogly Akhmedov

    The Second Respondent is Woodblade Limited

    The Third Respondent is Cotor Investments SA

    The Fourth Respondent is Qubo 1 Establishment

    The Fifth Respondent is Qubo 2 Establishment

    The Sixth Respondent is Straight Establishment

    The Seventh Respondent is Avenger Assets Corporation

    The Eighth Respondent is Counselor Trust Reg in its capacity as trustee of the trusts set out in Part A of Schedule 1 to the Order of Mrs Justice Gwynneth Knowles dated 15 August 2019

    The Ninth Respondent is Sobaldo Establishment in its capacity as trustee of the trusts set out in Part B of Schedule 1 to the Order of Mrs Justice Gwynneth Knowles dated 15 August 2019

    The Tenth Respondent is Temur Akhmedov

    The Eleventh Respondent is Borderedge Limited

**Recitals**

2. A Worldwide Freezing Order was made by the Honourable Mrs Justice Knowles without notice on 17 July 2020 and continued at a hearing on notice on 23 July 2020.

1364820 v.1

The freezing order, as restated and amended on 23 July 2020, is referred to as the "freezing order".

3. By order of Mrs Justice Knowles dated 19 June 2020 (the "19 June Order"), the Applicant and Tenth Respondent were ordered to simultaneously exchange signed statements of witness of fact by 21 August 2020.

4. By order of Mrs Justice Knowles dated 3 August 2020 made without notice (the "Part 71 Order"), the Tenth Respondent was ordered to produce documents.

5. By order of Mrs Justice Knowles dated 10 August 2020 (the "Other Matters Order"), the Tenth Respondent was ordered to produce copies of all outstanding documents required to be provided under paragraph 2 of the Part 71 Order by 4.00pm on 21 August 2020.

6. By order of Mrs Justice Knowles dated 10 August 2020 (the "Variation Order"), provided the Tenth Respondent has satisfied each of the conditions set out in paragraph 11 of the Variation Order, the Tenth Respondent was permitted for the purposes of the freezing order to execute or cause to be executed a legal or equitable charge against Apartment C.07.1 One Hyde Park, 100 Knightsbridge, London SW1X 7LJ for the purposes of raising a loan for a total sum of up to £2,217,653 (plus the costs associated with obtaining the loan) (the "Funds").

7. By order of Mrs Justice Knowles dated 26 August 2020 (the "26 August Order"), the 19 June Order and the Other Matters Order were amended so that the dates at paragraph 14(b) of the 19 June Order and at paragraph 7(b) of the Other Matters Order be amended to 28 August 2020.

8. The Tenth Respondent applied for an extension of the deadlines set out above by way of an application notice dated 27 August 2020 and at a hearing on 4 September 2020, the Court decided of its own motion to re-fix the Pre-Trial Review for 30 October 2020 and directed the parties to agree revised pre-trial directions in light of that re-fixture.

9. The Court considered the Extension Application, a letter from the Applicant's solicitors dated 27 August 2020, and a reply from the Tenth Respondent's solicitors dated 28 August 2020 on the papers.

10. The Applicant and the Tenth Respondent agreed that the date for the exchange of witness statements set out in paragraph 14.b of the 19 June Order shall be amended to 25 September 2020.

11. By order of Mrs Justice Knowles dated 7 September 2020 (the "Extension Order"), the 26 August Order was varied such that the Tenth Respondent should, inter alia, by no later than 10.00am on 10 September 2020 provide to the Applicant's solicitors copies of all outstanding documents required to be provided under paragraph 2 of the Part 71 Order, including those specifically identified in paragraph 7(b) of the Other Matters Order.

12. By order of Mrs Justice Knowles dated 15 September 2020 (the "Further Extension Order"), the Extension Order was varied such that the Tenth Respondent should, inter

alia, by no later than 25 September 2020 provide the remaining copies of all outstanding documents required to be provided under paragraph 7(b) of the Other Matters Order.

13. By the Further Extension Order, paragraph 14 of the Extension Order also was varied so that compliance with each of paragraphs 13.a. to 13.d. of the Extension Order by 25 September 2020 shall be a further condition of the Tenth Respondent's permission to execute or cause to be executed a charge against the OHP Property in accordance with paragraphs 10 and 11 of the Variation Order.

14. On 14 September 2020 the Applicant's US counsel (Holland & Knight) filed an ex parte request for production of documents pursuant to 28 U.S.C. § 1782 in the United States District Court for the Northern District of California ("the s. 1782 Application").

15. On 21 September 2020, US attorneys acting on behalf of the Tenth Respondent (Larson O'Brien LLP) filed a notice of motion and motion for leave to intervene to oppose the s. 1782 Application ("Motion to Intervene").

**IT IS ORDERED THAT:**

16. Paragraph 15 of the Further Extension Order is varied such that the Tenth Respondent shall by no later than 9 October 2020 provide the remaining copies of all outstanding documents required to be provided under paragraph 7(b) of the Other Matters Order, which must include, for STE Capital Corporation SA, two years bank statements (if available), copies of the company accounts for the last two years, current management accounts and evidence of bills or debts owed to or by STE Capital Corporation S.A.

17. The Tenth Respondent shall forthwith withdraw his Motion to Intervene and provide his express written consent to the grant of the relief sought in the s. 1782 Application (save that the Tenth Respondent is entitled to state that his consent is only for Google to produce documents to Aon and that he does not provide his consent in respect of any account which has not been used in any way since 1 January 2013).

18. Provided that the Tenth Respondent:

    a. complies with paragraph 17 above; and

    b. provides, within 72 hours of the court issuing its decision on his application for an extension, a signed witness statement:

        i. stating the identity of the third party funding or who has agreed to fund his US lawyer's fees in the s. 1782 Application and Motion to Intervene, as well as the terms on which such funding is being provided; and

        ii. explaining why that individual is not willing and/or able to provide funding for his legal expenses in these proceedings.

    then time is extended such that the Applicant and the Tenth Respondent are to:

    c. simultaneously exchange signed statements of witness of fact by 9 October 2020;

      d. file any further requests for further information and/or disclosure within three working days of the exchange of signed statements of witness of fact; and

      e. respond to requests made under paragraph (b) above by no later than 27 October 2020.

19. The extension to the date for exchange of signed statements of witness of fact is final and no further extensions of time will be granted to the Tenth Respondent. For the avoidance of doubt, the Tenth Respondent must ensure that he is able to exchange any evidence of fact on which he wishes to rely at trial by 9 October 2020 whether or not he is able to raise a charge on the OHP Property.

**Costs**

20. Costs reserved.

**Effectiveness of this order**

21. **This order shall take immediate effect once approved by the Court notwithstanding that it does not bear the seal of the High Court.**

Date:

1364820 v.1