1  Julie E. Schwartz, Bar No. 260624
   JSchwartz@perkinscoie.com
2  PERKINS COIE LLP
   3150 Porter Drive
3  Palo Alto, CA 94304
   Telephone: 650.838.4300
4  Facsimile: 650.838.4350

5  *Attorney for Respondent and Non-Party Google LLC*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN JOSE DIVISION

| | |
|---|---|
| IN RE EX PARTE APPLICATION OF TATIANA AKHMEDOVA,<br><br>Applicant. | Case No. 20-mc-80156-VKD<br><br>**RESPONDENT AND NON-PARTY GOOGLE LLC'S NOTICE OF MOTION AND MOTION DE NOVO DETERMINATION OF DISPOSITIVE MATTER REFERRED TO MAGISTRATE JUDGE OR, IN THE ALTERNATIVE, FOR RELIEF FROM NONDISPOSITIVE ORDER OF MAGISTRATE JUDGE**<br><br>Date: _____<br>Time: _____<br>Judge: _____ |

**NOTICE OF MOTION AND MOTION**

PLEASE TAKE NOTICE that at a date and time to be determined by the District Judge assigned to this case, Respondent and Non-Party Google LLC ("Google") will, and hereby does, move the Court for a De Novo Determination of Dispositive Matter Referred to Magistrate Judge. In the alternative, Google moves the Court for Relief from Nondispositive Pretrial Order of Magistrate Judge. This Motion is based on this Notice of Motion and Motion, Google's Objections, the Memorandum of Points and Authorities in Support, Google's Motion to Quash, the papers filed in support of and in opposition, and all other materials in the record.

Pursuant to 28 U.S.C. § 636(b)(1)(B), (C), Federal Rule of Civil Procedure 72(b), Civil Local Rules 7-2, 72-3, and, in the alternative, 28 U.S.C. § 636(b)(1)(A), Federal Rule of Civil Procedure 72(a), and Civil Local Rule 72-2, Google objects to the Order Denying Google's Motion to Quash Subpoena, Dkt. No. 30 (the "Order"). Google objects for the reasons discussed below in Google's Objections and Memorandum in Support.

**OBJECTIONS TO MAGISTRATE ORDER**

Pursuant to 28 U.S.C. § 636(c)(1)(B), (C), Federal Rule of Civil Procedure 72(b), Civil Local Rules 7-2, 72-3, and, in the alternative, 28 U.S.C. § 636(b)(1)(A), Federal Rule of Civil Procedure 72(a), and Civil Local Rules 7-2, 72-2, Respondent and Non-Party Google LLC ("Google") objects to the Order Denying Google's Motion to Quash Subpoena, Dkt. No. 30 (the "Order"). Google objects for the following reasons as further discussed in Google's Memorandum in Support:

1. The Magistrate Judge erred in concluding that Applicant Tatiana Akhmedova ("Applicant") was not required to obtain the content of the Accounts from the purported account holder, Temur Akhmedov, before burdening non-party Google, although Applicant had demonstrably not exhausted her efforts to obtain discovery from Mr. Akhmedov.

2. The Magistrate Judge erred in concluding that Applicant's subpoena for production of the contents of the accounts at issue[1] (the "Accounts") falls within the "lawful

---
[1] The accounts at issue are khyshen@gmail.com and temur.akhmedov1993@gmail.com.

-1-

consent" exception to the Stored Communications Act, 18 U.S.C. § 2701 *et seq.* (the "SCA"), which prohibits disclosure of the content of an account holder's communications.

3. The Magistrate Judge erred in placing the burden on Google to produce evidence showing that the purported account holder is not, in fact, the account holder, for purposes of the "lawful consent" exception under the SCA.

4. To the extent the Order is construed as an order as opposed to a report and recommendation, the Magistrate Judge erred by proceeding to issue an order that resolves this matter without Google's consent. Google's motion to quash was analogous to a dispositive motion, and an order granting or resolving the motion ends the matter. *See e.g., Strong v. United States*, 57 F. Supp. 2d 908, 913-14 (N.D. Cal. 1999) (noting that a petition to quash a summons is "analogous to a dispositive motion."). In the Ninth Circuit, a magistrate judge lacks authority to issue a final order with respect to any matter analogous to the eight excluded motions listed in 28 U.S.C. § 636(b)(1)(A). *Maisonville v. F2 America, Inc.*, 902 F.2d 746, 747-78 (9th Cir. 1990).[2] Accordingly, the Order should be construed as a report and recommendation subject to de novo review by the District Court. *See* 28 U.S.C. § 636(b)(1)(C) (district courts conduct de novo review of a report and recommendation issued by a magistrate judge regarding a dispositive motion).

| DATED: November 27, 2020 | PERKINS COIE LLP |
|---|---|
| | By: */s/ Julie E. Schwartz*<br>Julie E. Schwartz<br>JSchwartz@perkinscoie.com<br>PERKINS COIE LLP<br>3150 Porter Drive<br>Palo Alto, CA 94304<br>Telephone: 650.838.4300<br>Facsimile: 650.838.4350<br><br>Attorney for Respondent and Non-Party<br>Google LLC |

---

[2] Google did not consent to the Magistrate Judge issuing a final order in this matter.

**TABLE OF CONTENTS**

**Page**

I. INTRODUCTION ................................................................................................................. 1

II. FACTUAL BACKGROUND ............................................................................................... 3

    A. Applicant Obtained Leave to Serve the Subpoena. .................................................. 3

    B. Google Attempted to Help Applicant and Mr. Akhmedov Access the Accounts. ................................................................................................................. 4

    C. Google Timely Objected to the Subpoena and Met and Conferred. ........................ 5

    D. Google Produced Non-Content Information to Attempt to Resolve this Dispute. .................................................................................................................... 5

    E. The Magistrate Judge Denied Google's Motion to Quash the Subpoena. .............. 6

III. ARGUMENT ........................................................................................................................ 6

    A. The Order Should be Treated as Dispositive, and the Court Should Apply a De Novo Standard of Review. .................................................................................. 6

    B. Regardless of the Standard of Review, the Magistrate Judge Erred in Denying Google Motion to Quash. ........................................................................... 8

        1. Applicant failed to exhaust her efforts to obtain discovery from Mr. Akhmedov. ................................................................................................... 8

        2. Applicant failed to meet her burden to demonstrate that the lawful consent exception to the SCA applies. ..................................................... 11

IV. CONCLUSION ................................................................................................................... 14

-i-

GOOGLE'S NOM AND MOTION DE NOVO DETERMINATION OF
DISPOSITIVE MATTER REFERRED TO MAGISTRATE JUDGE
CASE NO. 20-MC-80156-VKD

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Asset Value Fund Ltd. P'Ship v. Care Grp., Inc.*,
  No. 97Civ.1487 (DLC)(JCF), 1997 WL 706320 (S.D.N.Y. Nov. 12, 1997) ............................. 9

*Herrera v. Ahlin*,
  No. 1:14-CV-00164-LJO-BAM-PC, 2016 WL 6648630 (E.D. Cal. Nov. 9, 2016) ................................................................................................................................... 9

*High Tech Med. Instrumentation, Inc. v. New Image Indus., Inc.*,
  161 F.R.D. 86 (N.D.Cal.1995) ............................................................................................... 8

*In re CareSource Mgmt. Grp. Co.*,
  289 F.R.D. 251 (S.D. Ohio 2013) .......................................................................................... 9

*In re Google Assistant Priv. Litig.*,
  457 F. Supp. 3d 797 (N.D. Cal. 2020) ................................................................................. 12

*In re Subpoena Duces Tecum to AOL, LLC*,
  550 F. Supp. 2d 606 (E.D. Va. 2008) .................................................................................. 11

*In the Matter of the Search of Content Stored at Premises Controlled by Google Inc. and as Further Described in Attachment A*,
  No. 16-mc-80263-RS, 2017 WL 3478809 (N.D. Cal. Aug. 14, 2017) ................................... 7

*Intermarine, LLC v. Spliethoff Bevrachtingskantoor, B.V.*,
  123 F. Supp. 3d 1215 (N.D. Cal. 2015) ................................................................................. 8

*Kessler v. Palstar, Inc.*,
  No. 3:11-cv-35, 2011 WL 4036689 (S.D. Ohio Sept. 9, 2011) ............................................. 9

*Khrapunov v. Prosyankin*,
  931 F.3d 922 (2019) (Callahan, dissenting) ................................................................. 6, 7, 8

*Maisonville v. F2 America, Inc.*,
  902 F.2d 746, 747-78 (9th Cir. 1990) ................................................................................ 2, 7

*Mitchell v. Valenzuela*,
  791 F.3d 1166 (9th Cir. 2015) ............................................................................................... 6

*Negro v. Superior Court*,
  230 Cal. App. 4th 879 (2014) ................................................................................... 1, 11, 13

*O'Grady v. Superior Court*,
  139 Cal. App. 4th 1423 (2006) .................................................................................. 9, 10, 11

*StoneEagle Srvs., Inc. v. Pay-Plus Sols., Inc.*,
  No. 1:15-MC-00010, 2015 WL 1022083 (N.D. Ohio Mar. 9, 2015) ..................................... 9

## TABLE OF AUTHORITIES
### (Continued)

*Strong v. United States*,
  57 F. Supp. 2d 908 (N.D. Cal. 1999) .................................................................................2, 7

*Suzlon Energy Ltd. v. Microsoft Corp.*,
  671 F.3d 726 (9th Cir. 2011)..............................................................................................9, 11

*Theofel v. Farey-Jones*,
  359 F.3d 1066 (9th Cir. 2004) ................................................................................................11

*United States v. Reyna-Tapia*,
  328 F.3d 1114 (9th Cir. 2003)..................................................................................................6

*United States v. Warshak*,
  661 F.3d 266 (6th Cir. 2010)..................................................................................................12

**STATUTES**

18 U.S.C. § 2701 ..............................................................................................................................1

18 U.S.C. § 2702 ........................................................................................................1, 3, 11, 12

18 U.S.C. § 2703 ...........................................................................................................................12

18 U.S.C. § 2707 ...........................................................................................................................12

28 U.S.C. § 636 ...........................................................................................................................6, 7

28 U.S.C. § 1782 ..................................................................................................................... passim

**OTHER AUTHORITIES**

Fed. R. Civ. P. 72 .........................................................................................................................6, 7

Fed. R. Civ. P. 73 ............................................................................................................................7

Local Rule 72-2 ................................................................................................................................7

Local Rule 72-3 ................................................................................................................................7

Sen. Rep. No. 99-541, 2d Sess., p. 3 (1986) ..................................................................................11

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.  INTRODUCTION

Respondent and Non-Party Google LLC ("Google") hereby moves for a De Novo Determination of Dispositive Matter Referred to Magistrate Judge or, in the alternative, for Relief from Nondispositive Pretrial Order of Magistrate Judge ("Motion") in this proceeding under 28 U.S.C. § 1782.

Google, which provides the Gmail service and is headquartered in Mountain View, California, is a communications service provider covered by the federal Stored Communications Act, 18 U.S.C. § 2701 *et seq.* (the "SCA"). Applicant Tatiana Akhmedova ("Applicant") is seeking the content of two Gmail accounts from Google in connection with a proceeding in England. The Accounts allegedly belong to her son, Temur Akhmedov, who is charged with the fraudulent transfer of assets in the English action. According to Applicant, Mr. Akhmedov engaged in a pattern of misconduct in that action, making misrepresentations to the English Court; concealing certain facts; destroying evidence; and failing to cooperate in facilitating access to the Accounts.

Under the SCA, Google is prohibited from disclosing the content of communications unless one of the exceptions to the statute applies. The SCA allows (but does not compel) providers to voluntarily disclose content if the account holder has provided "lawful consent" to the provider. 18 U.S.C. § 2702(b)(3). The only decision to squarely address the contours of lawful consent in the context of a Gmail account holder is *Negro v. Superior Court,* 230 Cal. App. 4th 879 (2014). In that case, the California Court of Appeal held that lawful consent cannot be implied in law and that it is doubtful that it can be implied in fact. *Id.* at 897, n.3. Rather, consent from the account holder should be actual, express, and narrowly construed to avoid magnifying litigation and imposing burdens on providers like Google. *Id.* at 889-90, 91 n.2.

The first question presented by this Motion is a threshold issue—whether, as a matter of law and assuming that Mr. Akhmedov is the owner of the accounts, Google can be burdened with a subpoena for the content of the Accounts where the purported account holder, Mr. Akhmedov, is a party to the underlying litigation and refuses to facilitate access to his purported Accounts.

Indeed, Applicant concedes that Mr. Akhmedov has not "taken the most basic and obvious steps to recover access to the relevant numbers" in the English Action to recover the Accounts. ECF No. 21-2 at 4(vi). Moreover, Google produced non-content information to help Mr. Akhmedov locate information to access the Accounts. Applicant failed to utilize that information to assist her efforts in obtaining discovery from Mr. Akhmedov.

The second question is whether, assuming Applicant exhausted her discovery efforts, the discovery is permissible under the SCA. Specifically, the question is whether the following constitute express consent for purposes of the lawful consent exception: (a) a paper declaration form submitted in a foreign proceeding (and not this action) by Mr. Akhemdov—an individual charged with *fraud*—claiming to be the account holder, in spite of evidence to the contrary, including that he admits he does not have the passwords to the Accounts; he cannot locate any mobile devices associated with the Accounts; he does not know which phone numbers are associated with the Accounts; and he refuses to obtain new SIM cards to regain access from the Accounts; and (b) an unsworn statement in a stipulation by Mr. Akhmedov in this Court, claiming he has no objection to the discovery from Google.

The Magistrate Judge erred in answering both of those questions in the affirmative, as well as placing the burden on Google to prove that Mr. Akhmedov is not the account holder. First, the substantial weight of authority holds that a non-party should not be burdened with discovery where, as here, the party to the litigation has not exhausted all efforts to obtain discovery from a party. Even assuming that Mr. Akhmedov is the owner of the accounts, Applicant does not argue that Mr. Akhmedov *cannot* obtain the content of the Accounts; she argues that he *will not* do so. The party's refusal to cooperate should not be rewarded and incentivized by shifting the burden of discovery to a non-party. If Mr. Akhmedov fails to comply with the English Court's orders, the English Court may address his noncompliance. Google need not be involved in this foreign dispute at all.

Second, the Magistrate is incorrect that Mr. Akhmedov's status as the holder of the accounts is not reasonably in dispute. Not only has Applicant has failed to demonstrate that Mr. Akhmedov is the holder of the Accounts, Mr. Akhmedov admits that he does not have the

Case 5:20-mc-80156-JD   Document 31   Filed 11/27/20   Page 9 of 20

password or other information showing his ownership of the accounts. His claims that he is the account holder and can consent, sworn or otherwise, are insufficient to demonstrate lawful consent. *See* 18 U.S.C. § 2702(b)(3). Before compelling a provider to disclose the contents of private communications based on consent of the user, the Court should be certain that it is the user who is consenting. Not only is this necessary to protect providers from SCA liability, but to protect users who otherwise may have their most private communications exposed in remote civil litigation. *Id.* at 889-90, 91 n.2. The protective purpose of the SCA would be defeated by such a casual approach.

Accordingly, the Court should grant Google's Motion and quash the subpoena to exclude the content of the Accounts.

## II.   FACTUAL BACKGROUND

**A.   Applicant Obtained Leave to Serve the Subpoena.**

Applicant filed an *ex parte* application for discovery pursuant to 28 U.S.C. § 1782 on September 16, 2020. ECF No. 1 (the "Application"). The Application sought authorization to subpoena Google for information about email accounts that Applicant asserts belong to her son, Temur Akhmedov, but which Mr. Akhmedov allegedly cannot access. *See generally id*.

As support for this claim, Applicant points to Mr. Akhmedova's declarations in the underlying English proceeding that he is the subscriber of the Accounts. Application at 5. Despite being the purported account holder, Mr. Akhmedov claims that he does not have passwords to the Accounts. *See id.* at 7. He also claims that he cannot access any recovery options for the Accounts and that he cannot recall what phone numbers are associated with the Accounts. *See id*. at 7-8. Applicant states that Mr. Akhmedov has a pattern of deceptive and unethical behavior and that he misrepresented facts to the English court. *See id*. at 6-7 (alleging that Mr. Akhmedov is lying about no longer having access to documents and emails, or has improperly destroyed them since that date); *id.* at 8 (alleging that Mr. Akhmedov has been deleting emails after the English court ordered him to deliver his electronic devices to Applicant for inspection).


GOOGLE'S NOM AND MOTION DE NOVO DETERMINATION OF
DISPOSITIVE MATTER REFERRED TO MAGISTRATE JUDGE
CASE NO. 20-MC-80156-VKD

1    On October 6, 2020, the Magistrate Judge granted the Application and authorized the Applicant to seek discovery from Google—(1) non-content information regarding the Accounts (Request No.1), and (2) the content of the Accounts (Request No.2).  ECF No. 12.  As the Application merely sought to serve discovery on Google, the Magistrate Judge's order expressly authorized a motion to quash.  *Id.*[3]

**B.     Google Attempted to Help Applicant and Mr. Akhmedov Access the Accounts.**

In August, before Applicant filed her application for this discovery, her counsel met with Google to discuss whether they could obtain the contents of the Accounts if Mr. Akhmedov did not have access to them.  *See* ECF No. 20-1 ("Declaration of Julie E. Schwartz ("Schwartz Decl.")), ¶ 2.  Google made it clear that a production of content would require Mr. Akhmedov to be able to log into the Accounts to verify his account ownership and provide consent.  *Id*.  Google provided detailed guidance on how Mr. Akhmedov could potentially regain access to the Accounts.  In particular, Google explained that even if Mr. Akhmedov had lost the mobile devices associated with the Accounts' two-factor authentication settings, he could regain access by purchasing new SIM cards for the same phone numbers.  *Id*.

Therefore, as a first step, Google told Applicant's counsel that Mr. Akhmedov should obtain new SIM card(s) to at least attempt account recovery via two-factor authentication.  *Id*.  Google also advised Applicant's counsel that if Applicant pursued a 28 U.S.C. § 1782 application to obtain the contents of the Accounts, the law in the U.S.  still requires that he is in fact the account holder who is in a position to consent, meaning in this context that Mr. Akhmedov would need to be able to show ownership by accessing the Accounts.  *Id*.

---

[3] On September 21, 2020, Mr. Akhmedov filed a motion seeking leave to intervene, including for the purpose of opposing the Application.  *See* ECF No. 5.  Pursuant to a stipulation by the parties, Mr. Akhmedov subsequently withdrew his motion to the extent it sought leave to oppose the Application.  *See* ECF No. 10 at 2.  The Court granted the remainder of Mr. Akhmedov's motion to intervene "for the limited purpose of receiving notice of filings, orders, and other docket entries in this action, and in order to protect his interests in the event he believes that Applicant is seeking discovery that is broader than previously agreed or set forth in the Application."  *Id*.

### C.  Google Timely Objected to the Subpoena and Met and Conferred.

Applicant served Google via email with the Subpoena. Schwartz Decl., ¶ 3, Ex. A ("Subpoena"). Google notified the account holders that were included in the Magistrate Judge's Order that pursuant to Google's policies, they had until October 29, 2020 to object to Google's production of non-content in response to the Subpoena. *Id.*, ¶ 6.

On October 9, 2020, Google's outside counsel and Applicant's counsel met and conferred about the Subpoena. Schwartz Decl., ¶ 4.[4] Applicant's counsel also represented that Google was to direct its production to a third party. *Id.* On October 15, 2020, Google served its objections to the Subpoena on Applicant's counsel. *See id.*, ¶ 5, Ex. C.

On October 20, 2020, Google's and Applicant's outside counsel met and conferred a second time. *See id.*, ¶ 7. The parties discussed (1) extending Google's deadline to move to quash the Subpoena and (2) producing responsive non-content information first, after the user notice period expired on October 29, 2020, which Applicant could potentially use to help Mr. Akhmedov recover access to the Accounts, to attempt to avoid litigating the SCA issues.[5] *Id.*

### D.  Google Produced Non-Content Information to Attempt to Resolve this Dispute.

On October 29, 2020, Google produced responsive non-content information for the Accounts to Aon, as Applicant had instructed. *See id.*, ¶ 8. On October 28 and November 2, 2020, before it had even received Google's non-content production from Aon, Applicant sent additional emails arguing that Google must produce the Accounts' content. *See id.*, ¶ 9, Ex. D. Google replied to these emails on November 2, 2020, seeking confirmation that Applicant would review the non-content production (as previously agreed to) before the parties discussed the

---

[4] Applicant's counsel agreed to withdraw Subsection (v) of Request No. 1, which seeks "any other email address where Temur Akhmedov is determined to be the subscriber or account holder," such that the Subpoena covers only the four identified Accounts. Schwartz Decl., ¶ 4; *see* Subpoena.

[5] Consistent with this, the parties filed a stipulation to extend Google's deadline to move to quash. *See* ECF No. 16. On November 4, 2020, Applicant's counsel agreed to limit its preservation request to only the four Accounts which were identified in the Subpoena. *See* Schwartz Decl., ¶ 10, Ex. E.

-5-

GOOGLE'S NOM AND MOTION DE NOVO DETERMINATION OF
DISPOSITIVE MATTER REFERRED TO MAGISTRATE JUDGE
CASE NO. 20-mc-80156-VKD

1  matter again, and on November 3, 2020, explaining Google's position as to cases Applicant's
2  counsel identified.  *See id*.

3  Applicant's counsel at first refused to review the non-content production, but then
4  indicated that they would not receive Google's non-content production from Aon until November
5  6, 2020—Google's deadline to move to quash the Subpoena.  *See* Schwartz Decl., ¶ 10, Ex. E.
6  Applicant declined to extend Google's deadline to respond or move to quash, even though this
7  schedule allowed no time for Applicant to determine whether the non-content could help Temur
8  Akhmedov regain access to the Accounts and provide verified consent.  *See id.*, ¶ 10.  This
9  Motion follows.

10 **E.  The Magistrate Judge Denied Google's Motion to Quash the Subpoena.**

11 On November 24, 2020, the Magistrate Judge denied Google's motion to quash but
12 granted Google's request to modify the preservation order.  This Motion follows.

13 **III.   ARGUMENT**

14 **A.  The Order Should be Treated as Dispositive, and the Court Should Apply a De Novo Standard of Review.**
15

16 As a preliminary matter, the Court should review the Magistrate Judge's Order de novo.
17 "The power of federal magistrate judges is limited by 28 U.S.C. § 636."  *Mitchell v. Valenzuela*,
18 791 F.3d 1166, 1168 (9th Cir. 2015).  That statute provides that nondispositive matters may be
19 referred to a magistrate judge for decision while dispositive motions may be referred only for
20 proposed findings and recommendations.  *United States v. Reyna-Tapia*, 328 F.3d 1114, 1118
21 (9th Cir. 2003); *see also Khrapunov v. Prosyankin*, 931 F.3d 922, 930-31 (2019) (Callahan,
22 dissenting).

23 Under Federal Rule of Civil Procedure 72, which implements § 636(b)(1), a magistrate
24 judge may "hear and decide" "a pretrial matter not dispositive of a party's claim or defense," and
25 such a decision may be set aside by the district court only if it is "clearly erroneous" or "contrary
26 to law." Fed. R. Civ. P. 72(a); *Khrapunov, supra,* 931 F.3d at 931. For a "dispositive" matter,
27 however, a magistrate judge may issue only "a recommended disposition, including, if
28 appropriate, proposed findings of fact," which, upon a challenge, must be reviewed de novo by

the district judge. Fed. R. Civ. P. 72(b); *Khrapunov, supra,* 931 F.3d at 931. Indeed, "a magistrate judge may not determine motions that are analogous to the enumerated motions, i.e., dispositive motions," set forth in 28 U.S.C. § 636(b)(1)(A). *Strong*, *supra*, 57 F. Supp. 2d at 913.

The Magistrate Judge's Order would end this Section 1782 proceeding, granting the ultimate relief sought (an order compelling production of discovery for use in a foreign proceeding), and it is therefore a dispositive order that is subject to de novo review by this Court. *See e.g.,* Fed. R. Civ. P. 73(b)(3); *Strong, supra,* , 57 F. Supp. 2d at 913-14 (petition to quash a summons in an enforcement proceeding is "analogous to a dispositive motion."); *Maisonville, supra,*, 902 F.2d at 747-78 (holding that a magistrate judge lacks authority to issue a final order with respect to any matter analogous to the eight excluded motions in 28 U.S.C. § 636(b)(1)(A)); *In the Matter of the Search of Content Stored at Premises Controlled by Google Inc. and as Further Described in Attachment A*, No. 16-mc-80263-RS, 2017 WL 3478809 at *2 (N.D. Cal. Aug. 14, 2017)(de novo review of magistrate judge's determination of motion to quash a search warrant appropriate because the matter is analogous to a dispositive motion and courts have routinely held that a magistrate judge's ruling pursuant to 28 U.S.C. § 636(b)(3) are accorded de novo review).[6]

The Ninth Circuit Judge Callahan's dissent in *Khrapunov*, *supra*, is on point. There, the plaintiff-appellee filed a Section 1782 application, requesting issuance of a discovery subpoena to Google in connection with an ongoing litigation in England. The application was assigned to a magistrate judge who granted the application, and the subpoena issued. The appellants-objectors (the "Objectors") moved to quash the subpoena, and the motion was denied by the magistrate judge. Objectors sought review by the district court, which was denied. Objectors appealed.

---

[6] Where a non-dispositive order is at issue, the Court applies a "clearly erroneous or contrary to law" standard. Fed. R. Civ. P. 73(a). Google raises this standard in the alternative to preserve its objections in the event construes the Order as a non-dispositive order. While Google maintains that it meets either standard, Google's position is that this is a dispositive order subject to de novo review. As a result, Google brings this Motion in compliance with the Civil Local Rule 72-3, which is applicable to motions challenging dispositive orders, rather than Civil Local Rule 72-2, which applies to motions challenging non-dispositive orders.

On appeal, the Objectors argued, in relevant part, that the district court applied the incorrect standard in reviewing the magistrate judge's decision. The majority opinion did not reach this issue, instead vacating the district court's order and remanding for further proceedings on the issue of whether the Section 1782 standard was met. *Khrapunov*, 931 F.3d at 925-26. In her dissent, however, Judge Callahan addressed the issue of the standard of review of the magistrate judge's decision in a § 1782 proceeding in extensive detail, holding that the standard should be de novo.

Judge Callahan explained that resolution of objections to a Section 1782 subpoena "is dispositive, and thus, absent consent by the parties to a magistrate judge having general jurisdiction," the matter must be reviewed de novo by a district court judge. *Id*. at 927 (emphasis added). Under Section 1782, "the ultimate relief sought . . . is court-ordered discovery," setting Section 1782 applications apart from discovery decisions in ongoing domestic proceedings *Id.* at 931. In contrast to those proceedings, under Section 1782, the underlying case is conducted in a foreign tribunal. *Id.* "Once the district court has ruled on the parties' motions concerning the evidentiary requests," Judge Callahan explained, "there is no further case or controversy before the district court." *Id*. at 931 (citations omitted).

Accordingly, this court should adopt the approach advocated by Ninth Circuit Judge Callahan and review the magistrate judge's decision de novo.

**B.     Regardless of the Standard of Review, the Magistrate Judge Erred in Denying Google Motion to Quash.**

**1.     Applicant failed to exhaust her efforts to obtain discovery from Mr. Akhmedov.**

As a preliminary matter, the Court need not reach the lawful consent issue under the SCA because Applicant failed to exhaust her efforts to obtain discovery from Mr. Akhmedov. "[T]he Ninth Circuit has long held that nonparties subject to discovery requests deserve extra protection from the courts." *Intermarine, LLC v. Spliethoff Bevrachtingskantoor, B.V.*, 123 F. Supp. 3d 1215, 1218–19 (N.D. Cal. 2015) (citing *High Tech Med. Instrumentation, Inc. v. New Image Indus., Inc.,* 161 F.R.D. 86, 88 (N.D.Cal.1995)). Consistent with this principle, a party "must first establish that it cannot obtain the discoverable information from its party-opponent before

subpoenaing those documents from a non-party." *In re CareSource Mgmt. Grp. Co.*, 289 F.R.D. 251, 254 (S.D. Ohio 2013); *see also Herrera v. Ahlin*, No. 1:14-CV-00164-LJO-BAM-PC, 2016 WL 6648630, at *2 (E.D. Cal. Nov. 9, 2016) (denying motion to compel non-party discovery because plaintiff had not exhausted other avenues for obtaining the information.).

For this reason, motions to quash are routinely granted when parties attempt to seek documents from non-parties that are either available to or in possession of a party. *See e.g., Asset Value Fund Ltd. P'Ship v. Care Grp., Inc.*, No. 97Civ.1487 (DLC)(JCF), 1997 WL 706320, at *9 (S.D.N.Y. Nov. 12, 1997) (quashing subpoena that bore no "substantive differences" from document request served on party); *see also Kessler v. Palstar, Inc.*, No. 3:11-cv-35, 2011 WL 4036689, at *2 (S.D. Ohio Sept. 9, 2011) (denying a plaintiff's subpoena of a non-party because it was "clearly duplicative of the document requested [from the Defendant]" on the grounds that "[r]equiring a non-party to obtain the same documents requested from the Defendant is overly burdensome"); *StoneEagle Srvs., Inc. v. Pay-Plus Sols., Inc.*, No. 1:15-MC-00010, 2015 WL 1022083, at *2 (N.D. Ohio Mar. 9, 2015) (denying Defendant's production request of a non-party where the request would require the non-party to produce documents that [Plaintiff] [was] "already required to produce").

This rule is particularly important in the context of the SCA, where Congress has set up a framework prohibiting by default the disclosure of content by providers, and setting out narrow circumstances when a provider may voluntarily disclose content (e.g. with account holder consent) and can be compelled to do so (by the government with appropriate legal process). *See, e.g.,* S*uzlon Energy Ltd. v. Microsoft Corp.*, 671 F.3d 726, 730 (9th Cir. 2011) (noting that the inability to obtain documents from a provider does not affect the ability to obtain the documents directly from the user, and the user has the obligation to produce documents where it is a party). Indeed, email service providers are a "kind of data bailee to whom email is entrusted for delivery and secure storage." *O'Grady v. Superior Court*, 139 Cal. App. 4th 1423, 1447 (2006). While such service providers are "legally disabled" from disclosing content in response to a civil subpoena without the consent of the account holder, "[t]his does not render the data wholly

-9-

GOOGLE'S NOM AND MOTION DE NOVO DETERMINATION OF
DISPOSITIVE MATTER REFERRED TO MAGISTRATE JUDGE
CASE NO. 20-MC-80156-VKD

1  unavailable; it only means that the discovery must be directed to the owner of the data, not the
2  bailee to whom it was entrusted." *Id.*

3  Google provided assistance to Applicant *in August* and explained how Mr. Akhmedov
4  could recover access to the Accounts, e.g., if he had lost his cell phones—purchase SIM cards for
5  the phone numbers associated with them.  In September, Applicant's lawyers in England
6  disclosed to the English court that "there is no evidence that [Mr. Akhmedov] has taken the most
7  basic and obvious of steps to recover access to the relevant numbers."  ECF No. 21-2 at 4(vi).
8  They go on to say that, for example, Mr. Akhmedov "does not suggest that he has contacted his
9  mobile phone provider(s) to request copy SIM cards for any of the required numbers."  *Id.*
10 Inexplicably, there is no evidence in the record—and Applicant does not claim—that Applicant
11 ever asked the English Court to compel Mr. Akhmedov to request SIM cards for any of those
12 numbers.

13 Instead, Applicant filed an application for discovery here, in the United States, in October,
14 asking Google to take on the discovery burden of the parties, the statutory requirements
15 notwithstanding, and produce the content of the Accounts that Mr. Akhmedov could recover by
16 requesting SIM cards for his phone provider(s) if the accounts were really his.  Moreover,
17 Applicant failed to utilize Google's non-content information, produced in October, which may
18 have helped Mr. Akhmedov recover access to the Accounts (e.g., by revealing phone numbers or
19 email addresses associated with recovering the Accounts).[7]  It cannot be the case—and, indeed, it
20 is error—to require Google to produce the content of the Accounts, potentially in violation of the
21 SCA, where Applicant, a party to the litigation, failed to compel Mr. Akhmedov to take the action
22 necessary to recover access to the Accounts and produce the discovery.

---

[7] There is a recovery phone number associated with both of the Accounts in the BSI production. Applicant did not inform the Magistrate Judge of this fact or explain whether this would help with account recovery.  Moreover, Applicant did not issue any further legal process for additional information based on the production

-10-

### 2. Applicant failed to meet her burden to demonstrate that the lawful consent exception to the SCA applies.

The SCA prohibits providers from disclosing the content of communications except in certain circumstances. 18 U.S.C. § 2702(a)(1), (2); 18 U.S.C. § 2702(b)(1)-(9). The purpose of the SCA is "to protect internet subscribers from having their personal information wrongfully used and publicly disclosed by 'unauthorized private parties.'" *In re Subpoena Duces Tecum to AOL, LLC*, 550 F. Supp. 2d 606, 610 (E.D. Va. 2008) (quoting Sen. Rep. No. 99-541, 2d Sess., p. 3 (1986), reprinted in 1986 U.S. Code Cong. & Admin. News, pp. 3555, 3557).

Although Congress set out rules when the government can compel a provider to disclose information, there are no such provisions for civil litigants. *See, e.g.*, *Suzlon, supra,* 671 F.3d 726 at 730 (non-governmental entities may not obtain the content of communications with a civil discovery demand because it would "invade[] the specific interests that the [SCA] seeks to protect.") (internal quotation marks omitted); *Theofel v. Farey-Jones*, 359 F.3d 1066, 1073-74 (9th Cir. 2004) (civil discovery demand for content is not valid legal process under the SCA). Applicant seeks email communications, the very type of content barred from disclosure by the SCA. *O'Grady. Supra,* 139 Cal. App. 4th at 1441–47.

A provider may voluntarily disclose the contents of a communication with the consent of the account holder, but the consent must be lawful. 18 U.S.C. § 2702(b)(3). To honor the words and spirit of the SCA, lawful consent "is not satisfied by consent that is merely constructive, implied in law, or otherwise imputed to the user by a court." *Negro*, 230 Cal. App. 4th at 889. Rather, consent from the account holder should be actual and express, as any form of implied consent would place unreasonable burdens on the service provider to determine whether consent actually exists. *Id.* at 889-90, 91 n.2.

As explained below, Applicant has failed to meet her burden to demonstrate that lawful consent exists.

      **a.    Applicant has the burden to demonstrate that the lawful consent exception to the SCA applies.**

The SCA provides substantial privacy protections for electronic communications that people send, receive, and store with service providers such as Google. It flatly prohibits covered service providers from disclosing the content of those communications on penalty of civil liability (including punitive damages, costs, and attorneys' fees), establishes only a limited set of exceptions to that prohibition, and imposes a high standard on requesting entities who might try to compel a service provider to produce communications. 18 U.S.C. §§ 2702(a)-(b), 2707. Indeed, under the SCA, the only entity who is authorized expressly to compel a service provider to produce the content of electronic communications is U.S. federal and state government officials, and even they must first make a showing of probable cause. *See* 18 U.S.C. § 2703(a); *United States v. Warshak*, 661 F.3d 266 (6th Cir. 2010) (holding that the government must use a search warrant supported by probable cause to compel a non-party service provider to produce private communications).

Applicant—who seeks the benefit of the lawful consent exception—has the burden to demonstrate that lawful consent exists. *See, e.g., In re Google Assistant Priv. Litig.*, 457 F. Supp. 3d 797, 823 (N.D. Cal. 2020).[8] Here, Applicant submitted (1) a declaration filed in a foreign litigation stating that Mr. Akhmedov is the holder of the Accounts, attached to a declaration of counsel; and (2) an unsworn stipulation where Mr. Akhmedov states he does not oppose the discovery sought by Applicant. As explained below, this is insufficient to demonstrate lawful consent, as Applicant has not established that Mr. Akhmedov is the account holder, let alone that he lawfully consents to production of the content of the Accounts.

---

[8] The Magistrate Judge incorrectly suggested that Google was required to negate Applicant's claim that Mr. Akhmedov is the holder of the Accounts. Order at 5.

### (i) Applicant has not shown that Mr. Akhmedov is the account holder.

Mr. Akhmedov's representations to a foreign court and this Court that the Accounts are his does not establish his ownership of the Accounts.[9] In fact, there is plenty of evidence suggesting that Mr. Akhmedov is ***not*** the account holder. He does not have valid passwords to the Accounts; he cannot access any recovery options for the Accounts; he cannot locate any of the mobile devices associated with the Accounts; he apparently does not know which phone numbers are associated with the Accounts; he has not followed Google's instructions to obtain new SIM cards to regain access to the Accounts using the associated mobile devices; and he has allegedly engaged in a pattern of deception and destruction of evidence in the underlying English court. *See* Schwartz Decl., ¶ 2; Application at 5-8. Therefore, Applicant has not met her burden to show that Mr. Akhmedov is the account holder.

### (ii) Applicant has not shown that the account holder lawfully consents.

Because Applicant has not demonstrated that Mr. Akhmedov is the account holder, and in fact the evidence is to the contrary, she necessarily has failed to demonstrate that the account holder has provided lawful consent for production. Instead, Applicant asks the Court to *imply* consent from Mr. Akhmedov based on nothing more than his written statements to courts, forcing Google to litigate the sufficiency of consent here. Indeed, "[t]o recognize implied-in-fact consent in such a setting is to create uncertainties that can only be resolved safely, from the provider's perspective, by forcing the court to adjudicate them." *Negro*, 230 Cal. App. 4th at 891 n.2.

Moreover, as a policy matter, accepting a mere written representation would significantly impair the privacy protections that Google and the SCA provide to users, opening up the

---

[9] Applicant argued that Mr. Akhmedov produced evidence in the English proceeding showing that he sent emails from the Accounts, but she did not provide that evidence to the Court. Moreover, the Magistrate Judge did not rely upon those representations in the Order. Even if Applicant had introduced the emails, such a showing would merely demonstrate that Mr. Akhmedov has possession of emails from the Accounts.

1  possibility that foreign declarations between complicit litigants can be used to readily gain access
2  to private email accounts from United States providers contrary to the clear intent of Congress.
3     At bottom, the Court should require only actual, express consent, and Applicant has not
4  established any such consent here.  At most, Applicant has established that Mr. Akhmedov has
5  represented he is the account holder and is consenting to production, but there is no evidence
6  whatsoever to verify that fact.  Accordingly, Google should not be required to potentially invade
7  its users' privacy and take on SCA liability based on Mr. Akhmedov's inherently untrustworthy
8  representations in connection with a foreign proceeding.

## IV. CONCLUSION

For the foregoing reasons, the Court should quash the Subpoena to exclude content.

DATED: November 27, 2020       PERKINS COIE LLP

By: */s/ Julie E. Schwartz*
Julie E. Schwartz
JSchwartz@perkinscoie.com
PERKINS COIE LLP
3150 Porter Drive
Palo Alto, CA 94304
Telephone:  650.838.4300
Facsimile:  650.838.4350

Attorney for Respondent and Non-Party
Google LLC