Julie E. Schwartz, Bar No. 260624
JSchwartz@perkinscoie.com
PERKINS COIE LLP
3150 Porter Drive
Palo Alto, CA 94304
Telephone: 650.838.4300
Facsimile: 650.838.4350

*Attorney for Respondent and Non-Party Google LLC*

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN JOSE DIVISION

| | |
|---|---|
| IN RE EX PARTE APPLICATION OF TATIANA AKHMEDOVA,<br><br>Applicant. | Case No. 20-mc-80156-VKD<br><br>**RESPONDENT AND NON-PARTY GOOGLE LLC'S NOTICE OF MOTION AND MOTION TO STAY ORDER DENYING MOTION TO QUASH**<br><br>Date: _____<br>Time: _____<br>Judge: _____ |

-1-

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## NOTICE OF MOTION AND MOTION

PLEASE TAKE NOTICE that at a date and time to be determined by the District Judge assigned to this matter, Respondent and Non-Party Google LLC ("Google") will and hereby does move this Court, pursuant to Federal Rule of Civil Procedure 26(c) and the inherent power of the Court, for an order staying Magistrate Judge DeMarchi's Order Denying Google's Motion to Quash Subpoena pending resolution of Google's objections to that Order under Local Civil Rule 72, Federal Rule of Civil Procedure 72 and N.D. Cal. Local Civil Rule 72.

This Motion is based on this Notice of Motion and Motion, the Memorandum of Points and Authorities in Support, the papers filed in support of and in opposition, and all other materials in the record.

DATED: November 27, 2020          PERKINS COIE LLP

By: */s/ Julie E. Schwartz*
Julie E. Schwartz
JSchwartz@perkinscoie.com
PERKINS COIE LLP
3150 Porter Drive
Palo Alto, CA 94304
Telephone: 650.838.4300
Facsimile: 650.838.4350

Attorney for Respondent and Non-Party
Google LLC

1

## MEMORANDUM OF POINTS AND AUTHORITIES

2

### I.        INTRODUCTION

3

The Court should grant Respondent and Non-Party Google LLC's ("Google") Motion to

4   Stay Compliance with Magistrate Judge Virginia K. DeMarchi's Order Denying Motion to Quash

5   ("Motion) in this proceeding under 28 U.S.C. § 1782.  On November 24, the Magistrate Judge

6   ordered Google to produce private email communications from two Gmail accounts to Applicant

7   Tatiana Akhmedova ("Applicant") for use in a proceeding in England.  ECF No. 30 (the

8   "Order").  On the second business day after issuance of the Order[1], Google moved this Court for

9   review of the Order pursuant to Local Civil Rule 72, Fed. R. Civ. P. 72, and 28 U.S.C. § 636.

10

Google brings this Motion to ensure that its rights and the privacy rights of its users are

11   protected pending review of the Order.  Google is seeking review of the Order on the grounds that

12   (1) it misapplies the rules regarding discovery relating to non-parties; (2) improperly commands a

13   violation of the federal Stored Communications Act, 18 U.S.C. § 2701 *et seq.* (the "SCA"); and

14   (3) improperly requires Google to prove that Temur Akhmedov (the purported account holder) is

15   not the account holder, such that the lawful consent exception to the SCA is not satisfied.[2]

16

On the first point, the Magistrate Judge did not apply the appropriate rule around

17   discovery from a non-party.  Mr. Akhmedov, who is charged with fraud in the underlying English

18   action, claims he is the holder of the accounts at issue.  If this were the case, there are several

19   ways Mr. Akhmedov could attempt to produce the records without the need to use the resources

20   of the United States judicial system, or shifting the burden of discovery to non-party Google.  Mr.

21   Akhmedov failed to take any of those steps, and Applicant failed to compel him to do so.

22   Moreover, Applicant failed to utilize Google's non-content production, which may include

23   information to help Mr. Akhmedov recover access to the accounts.  Under well-established law,

24   this effort by Applicant should have been rejected.  This rule is particularly important in the

25

26   [1] November 26 was the Thanksgiving holiday.

27   [2] For judicial efficiency, Google does not recite all of the facts and arguments set forth in that
28   motion herein.  Rather, Google incorporates the papers by reference so the Court is not reviewing
duplicative filings.

1    context of the SCA, where Congress has set up a framework prohibiting by default the disclosure

2    of content by providers, and setting out narrow circumstances when a provider may voluntarily

3    disclose content (e.g. with account holder consent) and can be compelled to do so (by the

4    government with appropriate legal process).

5          On the second and third points, the Magistrate Judge incorrectly held that Mr. Akhmedov

6    was the account holder and gave consent to the disclosure, including because Google failed to

7    show he is not the account holder.   Other than a declaration of ownership, all the evidence

8    suggests he is not the holder of the accounts and is legally incapable of consenting.  For example,

9    Mr. Akhmedov concedes that he does not have the passwords or any registration information

10   associated with the accounts, such as phone numbers.  There was no evidence before the

11   Magistrate Judge directly connecting Mr. Akhmedov to the accounts.

12         Requiring Google to produce the email communications now would eliminate Google's

13   right to review, as well as eviscerate the protections of the SCA, both for Google and the affected

14   Gmail user(s).  Google recognizes that Applicant has a trial in the English action starting on

15   Monday, so Google filed its objections and this Motion as quickly as possible.  With that said,

16   Google should not be required to operate on Applicant's timeline.  Any delay is attributable to

17   Applicant, who filed the Application for Section 1782 discovery a month after Google informed

18   Applicant of its position.  Google should not be prejudiced in any way based on Applicant's

19   failure to file its Application at an earlier time.

20         Accordingly, this Court should stay Google's compliance with the Order pending review.

21              **II.    BACKGROUND**

22         This action arose on September 16, 2020, when Applicant Tatiana Akhmedova

23   ("Applicant") filed an *ex parte* application for discovery pursuant to 28 U.S.C. § 1782.  ECF No.

24   1 (the "Application").  The Application successfully sought authorization to subpoena Google for

25   information about and the contents of certain email accounts that Applicant asserts belong to her

26   son, Temur Akhmedov, but which Mr. Akhmedov allegedly cannot or will not access.  *See*

27   *generally id.*  Applicant served a subpoena on Google on October 9, 2020.  *See* ECF No. 20-2,

28   Ex. A.

1       But Applicant's negotiations with Google predate this action.  In August—well before

2  Applicant applied to the Court for this discovery—her counsel conferred with Google about

3  obtaining the contents of the Accounts, despite Mr. Akhmedov's putative inability to access them.

4  *See* ECF No. 20-1 ¶ 2.  Google emphasized that any production of the Accounts' content would

5  require verified consent from Mr. Akhmedov pursuant to the SCA, provided detailed guidance on

6  how Mr. Akhmedov can provide such consent, and advised that the law requires such consent

7  even if Applicant successfully pursued an application under 28 U.S.C. § 1782.  *Id.*

8       In September, Applicant's lawyers in England disclosed to the English court that "there is

9  no evidence that [Mr. Akhmedov] has taken the most basic and obvious of steps to recover access

10 to the relevant numbers."  ECF No. 21-2 at 4(vi).  They go on to say that, for example, Mr.

11 Akhmedov "does not suggest that he has contacted his mobile phone provider(s) to request copy

12 SIM cards for any of the required numbers."  *Id.*  Inexplicably, there is no evidence in the

13 record—and Applicant does not claim—that Applicant ever asked the English Court to compel

14 Mr. Akhmedov to request SIM cards for any of those numbers.  Moreover, Google produced non-

15 content information to Applicant that may have information that could help Mr. Akhmedov

16 recover access to the accounts.

17      Although Applicant was aware that the law in the United States requires consent of the

18 account holder before a provider is allowed to produce the content of an email account in

19 response to a subpoena, Applicant waited to file her Section 1782 application until mid-

20 September, which was granted on October 6.  Google met and conferred with Applicant's counsel

21 regarding the subpoena on October 9, and timely served its objections on October 15.  *Id.*  On

22 October 20, the parties agreed that Google would move to quash by November 6, 2020, that

23 Google would produce responsive non-content information, and that Applicant would review

24 such information so as to potentially enable Mr. Akmedov to recover access to the Accounts and

25 avoid unnecessary litigation.  *Id.*  Although Google produced such information pursuant to

26 Applicant's instructions on October 29, 2020, Applicant refused to review the production. *Id.*

27      Google therefore moved to quash the subpoena on November 6.  *See* ECF No. 20.  The

28 Magistrate Judge entered an order denying Google's motion on November 24, 2020 and requiring

1   Google to make a production "without delay." Order at 7-8. On the second business day

2   thereafter—November 26 being the Thanksgiving holiday—Google brings this motion to stay.

3                                   **III.    ARGUMENT**

4          This Court should stay Google's obligation to comply with the Order pending its

5   resolution of Google's Motion for Relief. Google has the right to seek review of the Order from

6   this Court, and for the reasons below, it should not be required to comply before that review is

7   completed. *See, e.g.*, *AIS GmbH Aachen Innovative Sols. v. Thoratec LLC*, 762 F. App'x 447,

8   448 (9th Cir. 2019) (noting mandamus had been granted where the magistrate judge ordered

9   respondent "to comply with the order [under 28 U.S.C. § 1782] prior to the district court

10  reviewing [respondent]'s challenge to it"). Under either a good cause standard or the standard

11  governing review pending appeal, Google should be granted a stay.

12  **A.      Good Cause Exists to Stay Compliance with the Order.**

13         A stay pending district court review of a magistrate judge's order compelling discovery

14  under 28 U.S.C. § 1782 may be granted on a showing of good cause and reasonableness.

15  *Application Pursuant to 28 U.S.C. §1782 by Nikon Corp. v. GlobalFoundries U.S.*, Inc., No. 17-

16  MC-80071-BLF, 2017 WL 4224770, at *2 (N.D. Cal. Sept. 22, 2017) (citing *Silva v.*

17  *TEKsystems, Inc.*, No. 12-CV-05347-LHK, 2013 WL 338255, at *2 n.1 (N.D. Cal. July 8, 2013)).

18  Whether to grant a stay is "committed to the discretion of the trial court." *Id.* (quoting *Gray v.*

19  *Romero*, No. 113-cv-01473-DAD-GSA-PC, 2017 WL 3485401, at *1 (E.D. Cal. Aug. 14, 2017)).

20         Here, there is ample good cause and reasonableness to support staying Google's

21  obligation to comply with the Order. This matter involves sensitive issues regarding the

22  production of private email content consistent with the SCA. Google has been ordered to produce

23  private email content, and it seeks review of the Order to guard against the possibility of a

24  wrongful disclosure. *In re Subpoena Duces Tecum to AOL, LLC*, 550 F. Supp. 2d 606, 610 (E.D.

25  Va. 2008) (quoting Sen. Rep. No. 99-541, 2d Sess., p. 3 (1986), reprinted in 1986 U.S. Code

26  Cong. & Admin. News, pp. 3555, 3557) (explaining that the SCA was enacted "to protect internet

27  subscribers from having their personal information wrongfully used and publicly disclosed by

28  'unauthorized private parties.'").

1    Specifically, Mr. Akhmedov, who is charged with fraud, claims that he is the holder of the

2    accounts at issue in this dispute, but he cannot (or will not) access the accounts.  If Mr.

3    Akhmedov is the account holder, he may regain access to the accounts by purchasing a SIM card

4    for the phone numbers that are associated with the accounts.  Nonetheless, Mr. Akhmedov has

5    failed to to take these "most basic and obvious steps."  ECF No. 21-2 at 4(vi).  Instead of asking

6    the English to compel Mr. Akhmedov to recover access to the accounts, Applicant sought to

7    compel Google to produce this private email content.  But Google maintains that the support for

8    Mr. Akhmedov's claim that he is the holder of the accounts—his declaration submitted in a

9    foreign proceeding and an unsworn representation to the Magistrate Judge—is insufficient to

10   prove that he is the account holder and can lawfully consent under the SCA. 18 U.S.C. §

11   2702(b)(3); *Negro v. Superior Court,* 230 Cal. App. 4th 879, 889-90, 91 n.2 (2014).  Google

12   seeks review to protect the privacy rights of its account holders, as well as insulate itself from

13   civil liability under the SCA, which could expose Google to actual, statutory, and punitive

14   damages, as well as costs.  *See* 18 U.S.C. § 2707.

15   Should Google be required to produce the private email content now, the purpose of its

16   review would be obviated.  Accordingly, the potential for the unauthorized disclosure or private

17   email content and the risk of legal exposure to Google are more than sufficient to satisfy good

18   cause for the short period requested here.  *See Nikon*, 2017 WL 4224770, at *3 (stay of magistrate

19   judge's order "for the short period of time necessary for the Court to evaluate [respondent's]

20   challenge to the order and issue a reasoned decision" supported by good cause).

21   **B.      Google Also Meets the Standard for a Stay Pending Appeal.**

22   Given that Google has established good cause, no further showing should be required

23   here. However, Google meets the standard  under the four-factor test governing a stay pending

24   appeal outside of the Section 1782 context as well.  A stay pending appeal is governed by four

25   factors: (1) whether the stay applicant will be irreparably injured absent a stay; (2) where the

26   public interest lies; (3) the likelihood of success on the merits; and (4) whether a stay would

27   substantially injure other interested parties.  *See Nken v. Holder*, 556 U.S. 418, 426 (2009).

28

*First*, Google would be irreparably harmed absent a stay. Google seeks review of the Order because it requires Google to produce the content of private email accounts without lawful consent to disclosure under the SCA. Should Google be required to comply, its users may be irreparably harmed having the content of their private email communications disclosed without consent, an injury that cannot be reversed. *See, e.g.*, *Maxcrest Ltd. v. United States*, No. 15-MC-80270-JST, 2016 WL 6599463, at *4 (N.D. Cal. Nov. 7, 2016) (recognizing that plaintiff would "suffer irreparable harm to its privacy interests absent a stay" because the court cannot withdraw information once it "has already been divulged"); *see also Domain Name Comm'n Ltd. v. DomainTools, LLC*, 781 F. App'x 604, 607 (9th Cir. 2019) (affirming decision that organization "was likely to suffer irreparable harm if it was not able to enforce its terms of use designed to safeguard user privacy").

Moreover, if Google wrongfully discloses content, it could incur liability under the SCA. *See, e.g.*, 18 U.S.C. § 2707(e). Yet Google risks disobeying the Order if it does not comply. Absent a stay, Google faces a Hobson's choice with negative legal consequences no matter its choice. *See Morales v. Trans World Airlines, Inc.*, 504 U.S. 374, 381 (1992) (respondents faced an irreparably harmful "Hobson's choice" between violating state law and being exposed to liability, or violating the law once to challenge it and then obeying it during the pendency of the ensuing proceedings); *see also Am. Trucking Associations, Inc. v. City of Los Angeles*, 559 F.3d 1046, 1058 (9th Cir. 2009) (plaintiffs would suffer irreparable harm when forced to decide between signing mandatory concession agreements that were likely unconstitutional or refusing to do so, which would result in substantial loss of business); *Monster Beverage Corp. v. Herrera*, No. EDCV 13-00786-VAP, 2013 WL 4573959, at *7 (C.D. Cal. Aug. 22, 2013) (plaintiff faced a Hobson's choice between violating California laws and being exposed to liability, or complying with those laws even though they were arguably preempted).

*Second*, the public interest favors a stay. As a threshold matter, protecting parties' rights to appeal is in the public interest. *See, e.g.*, *Alvarez v. Larose*, No. 3:20-CV-00782-DMS-AHG, 2020 WL 5632659, at *2 (S.D. Cal. Sept. 21, 2020) (granting stay where failing to do so would "effectively deprive Respondents of their right to reconsideration of the Discovery Order by the

district judge altogether"); *In re SK Foods, L.P.*, No. 2:09–cv–02942–MCE, 2009 WL 5206639, at *4 (E.D. Cal. Dec. 24, 2009) ("[T]he public interest is served in preserving the integrity of the right to appellate review since that right may be undermined if a stay is not forthcoming"). In addition, this matter involves compelled disclosure of private email communications and has implications for the privacy of users beyond this immediate case. Accordingly, it is in the public interest to ensure any such production complies with the laws established to protect user privacy. *See Domain Name Comm'n*, 781 F. App'x at 607 (affirming that "public interest was benefited by safeguarding the privacy of [plaintiff's] users").

*Third*, Google has a high probability of success in its objections to the Order. As explained in its concurrently filed motion for relief, the Magistrate Judge erred by misapplying the law governing non-party discovery and the lawful consent exception under the SCA. This factor thus weighs heavily in favor of granting a stay.

*Finally*, issuance of the brief stay requested here will not "substantially injure" other parties interested in the proceeding. Google immediately filed its objections (on the second business day after the Order issued, after the Thanksgiving holiday), although it had 14 days to do so. Fed. R. Civ. P. 72. Applicant may seek relief from the English court on Monday, when the trial begins, in light of Google exercising its right to appeal. And although a "delay in production" may hinder Applicant's "ability to meet . . . deadlines" in another forum, it is the Applicant who is "seeking to impose its legal disputes on a third party who wants no part of them." *Nikon*, 2017 WL 4224770, at *3 (N.D. Cal. Sept. 22, 2017). In addition, the Applicant elected not to pursue remedies against Mr. Akhmedov in the UK to compel him to take the steps to secure the information without the need to take the resources of this court or non-party Google. Finally, Applicant has known about the need to secure verified consent for six months, yet failed to act promptly earlier in this proceeding. Any timing issues faced by the Applicant is thus entirely of her own making and should not be wielded to prejudice Google.

Accordingly, three of the four factors weigh heavily in Google's favor, and the remaining factor is, at best, neutral. As a result, a stay is warranted here under this standard as well.

-7-

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## IV.    CONCLUSION

For the foregoing reasons, the Court should stay the Order pending resolution of Google's objections under Fed. R. Civ. P. 72.


DATED: November 27, 2020                    PERKINS COIE LLP


                                            By: */s/ Julie E. Schwartz*
                                            Julie E. Schwartz
                                            JSchwartz@perkinscoie.com
                                            PERKINS COIE LLP
                                            3150 Porter Drive
                                            Palo Alto, CA 94304
                                            Telephone:  650.838.4300
                                            Facsimile:  650.838.4350

                                            Attorney for Respondent and Non-Party
                                            Google LLC