HOLLAND & KNIGHT LLP
James H. Power *(pro hac vice)*
Daniel P. Kappes (SBN 303454)
50 California Street, 28th Floor
San Francisco, CA 94001
T 415.743.6900 | F 415.743.6951
E-mail: james.power@hklaw.com
E-mail: daniel.kappes@hklaw.com

Attorneys for Applicant
*Tatiana Akhmedova*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| IN RE APPLICATION OF TATIANA AKHMEDOVA,<br><br>          Applicant,<br><br>REQUEST FOR DISCOVERY PURSUANT TO 28 U.S.C. § 1782. | Case No. 20-mc-80156<br><br>**OPPOSITION TO GOOGLE LLC'S MOTION FOR DE NOVO DETERMINATION OF DISPOSITIVE MATTER REFERRED TO MAGISTRATE JUDGE, OR IN THE ALTERNATIVE, FOR RELIEF FROM NONDISPOSITIVE ORDER OF MAGISTRATE JUDGE** |

# **TABLE OF CONTENTS**

**Page**

TABLE OF AUTHORITIES ........................................................................................................... i

OPPOSITION TO GOOGLE LLC'S MOTION FOR DE NOVO REVIEW
OR IN THE ALTERNATIVE, FOR RELIEF FROM ORDER ...................................................... 1

BACKGROUND FACTS AND PROCEDURAL HISTORY ........................................................ 2

ARGUMENT .................................................................................................................................. 5

I.     THE MAGISTRATE JUDGE'S RULING IS NON-DISPOSITIVE AND MUST BE
REVIEWED FOR CLEAR ERROR OF LAW ................................................................... 5

II.    THE MAGISTRATE PROPERLY DENIED GOOGLE'S MOTION TO QUASH ............. 8
     A.     Applicant is Entitled to Seek Discovery from Google, a Non-Party to the
Foreign Proceeding ................................................................................................. 8

     B.     Lawful Consent Was Provided by the Account Holder Under the SCA and
Applicable Law Interpreting the Statute ................................................................10

CONCLUSION .............................................................................................................................12

# TABLE OF AUTHORITIES

Page(s)

**Federal Cases**

*Campbell v. City of Milpitas*,
  No. 13-CV-03817, 2014 WL 5077135 (N.D. Cal. Oct. 9, 2014) .................................................8

*In re CareSource Mgmt. Grp. Co.*,
  289 F.R.D. 251 (S.D. Ohio 2013) ...............................................................................................9

*Four Pillars Entertainment Co., Ltd. v. Avery Dennison Corp.*,
  308 F.3d 1075 (9th Cir. 2002) ....................................................................................................6

*Grimes v. City & Cty. of San Francisco*,
  951 F.2d 236 (9th Cir. 1991) ......................................................................................................1

*In re Hulley Enterprises Ltd.*,
  400 F. Supp. 3d 62 (S.D.N.Y. 2019) ......................................................................................6, 7

*Jordan v. Commissioner, Mississippi Department of Corrections*,
  947 F.3d 1322 (11th Cir. 2020) ..................................................................................................7

*In re Application of Quadre Investments, L.P.*,
  No. 18 Misc. 118 (AB), 2019 WL 1075274 (C.D. Cal. Jan. 7,2019) .........................................7

*In re Khrapunov*,
  No. 17-mc-80107, 2018 WL 3609045 (N.D. Cal. July 27, 2018) ..............................................6

*Negro v. Super Ct.*,
  230 Cal. App. 4th 879 (2014) ...................................................................................................11

*Nikon Corp. v. Global Foundries U.S., Inc.*,
  No. 17-mc-80071, 2017 WL 4647753 (N.D. Cal. Oct. 16, 2017) ..............................................6

*Perry v. Schwarzenegger*,
  268 F.R.D. 344 (N.D. Cal. 2010) ...............................................................................................8

*In re Pola Maritime Ltd.*,
  No. 416-333, 2018 A.M.C. 982, 2018 WL 1787181 (S.D. Ga. 2018) .......................................7

*United States v. Abonce-Barrera*,
  257 F.3d 959 (9th Cir. 2001) ......................................................................................................7

*United States v. Christensen*,
  828 F.3d 763 (9th Cir. 2015) ......................................................................................................1

*United States v. U.S. Gypsum Co.*,
  333 U.S. 364 (1948) ....................................................................................................................8

**Federal Statutes**

18 U.S.C. §§ 2701, *et seq.* ............................................................................................. 1, 3, 4, 10

28 U.S.C. § 636(b)(1)(A) ............................................................................................................ 6, 7

28 U.S.C. § 1782 ..................................................................................................................*passim*

**Other Authorities**

Fed. R. Civ. P. 72 ................................................................................................................ 1, 5, 6, 7

**OPPOSITION TO GOOGLE LLC'S MOTION FOR DE NOVO REVIEW OR IN THE ALTERNATIVE, FOR RELIEF FROM ORDER**

Applicant Tatiana Akhmedova ("Ms. Akhmedova" or "Applicant") submits this memorandum of law in opposition to Google, LLC's ("Google") motion for de novo determination of a dispositive matter referred to the magistrate judge, or in the alternative, for relief from a non-determinative pretrial order of the magistrate judge. For the reasons set forth below, this Court should deny Google's motion, and hold that the Magistrate Judge's Order directing Google to immediately produce the requested information on the basis of the account holder's lawful consent under the federal Stored Communications Act, 18 U.S.C. § 2701, *et seq.* is not "clearly erroneous" or "contrary to law."

Google fails to demonstrate that Judge DeMarchi's November 24, 2020 Order is clearly erroneous or contrary to law. To the opposite, Judge DeMarchi's Order is consistent with the facts, and correctly applies the law.

As Judge DeMarchi ruled in denying Google's Motion, Google's primary argument that its own verified consent process, is the ***only*** allowable consent under the SCA lacks legal support. Google fails to cite a single case holding that its own consent process is the only way a party may properly provide consent under the SCA and Temur's under oath statements satisfy the necessary consent under the SCA. Likewise, Applicant has met its burden, submitting requests from the English Court for this Court's assistance and under oath statements from Temur Akhmedov consenting to Google's disclosure.

Google may disagree with Judge DeMarchi's factual findings and conclusions, but that is not a proper basis to vacate her Order. Under FRCP 72 (and Local Rules), a district judge considering objections to a Magistrate Judge's nondispositive order must defer to the order unless it is "clearly erroneous or contrary to law." *Grimes v. City & Cty. of San Francisco*, 951 F.2d 236, 241 (9th Cir. 1991). "The reviewing court may not simply substitute its judgment for that of the deciding court." *Id.* (citing *United States v. BNS, Inc.*, 858 F.2d 456, 464 (9th Cr. 1988). Google has not—and it cannot—carry its heavy burden to show that Judge DeMarchi's factual findings or ultimate ruling were "clearly erroneous." They were correct. *See, e.g., United States v. Christensen*, 828 F.3d 763,

779 (9th Cir. 2015) (explaining that the factfinder's choice between contested facts cannot be clearly erroneous and clear error review is deferential where there are competing views of the evidence). Accordingly, this Court should uphold the Order.

**BACKGROUND FACTS AND PROCEDURAL HISTORY**

On September 16, 2020, Applicant filed an Application in this Court under 28 U.S.C. § 1782 (the "1782 Application") seeking discovery with respect to documents located in this judicial district in the possession or control of Google for use in pending litigation in the United Kingdom (High Court of Justice, Family Division, Case No. FD13D05340) (the "English Proceeding"). Dkt. 1. There is no dispute Applicant satisfied the statutory requirements of 28 U.S.C. § 1782 for the subpoena to issue.

In support of the 1782 Application, Applicant submitted the Declaration of Anthony J. Riem, which evidenced that in the English Proceedings Temur Akhmedov ("Temur") has identified ownership in four Google-hosted email accounts. Dkt. 2 (Riem Decl.) ¶ 28. As further set forth in Mr. Riem's declaration, Temur has testified in the English Proceedings that he is unable to produce any documents and information from his email accounts based on his alleged inability to access the accounts, as a result of lost passwords and/or SIM cards necessary for recovery of the accounts. Whether or not Temur's statements concerning his access are true, Applicant has attempted to obtain disclosure directly from Temur, but even with the assistance of a Court-appointed forensic IT expert, Aon has been unable to do so. Declaration of James H. Power ("Power Decl.") ¶ 2. The English Court has therefore permitted and actively facilitated Applicant's efforts to obtain this information directly from Google.

Specifically, in the English Proceeding, Temur has expressly consented to the disclosure of information related to the at issue email accounts by execution of four mandates, one for each of his email accounts, which include: temur.akhmedov1993@gmail.com; khyshen@gmail.com; temur@stecapital.net; and temur@akhmedov.net. Dkt. 2-8 (Riem Ex. 9) at 4-8. Importantly, in the four mandates (one for each of his email accounts) Temur states:

"I consent to the disclosure of all data contained on or relating to my account of whatever nature (including, but not limited to, emails and documents (including

deleted items), account/subscriber information and metadata) being produced to Stroz Freiberg Limited of The Aon Centre… I withdraw and waive any objection that I have made or could make to the production by Google of any data which is the subject of this consent and instruction pursuant to a subpoena or other court order in any jurisdiction, provided that the subpoena or other court order is consistent with this consent and instruction."

*Id.* The foregoing consent was later confirmed in this proceeding in the agreed Stipulation Temur executed, wherein Temur states that he "consents to Applicant's Ex Parte Application (ECF No. 1) without qualification." Dkt. 9.

Based on the above showings, the Magistrate Judge granted the Application for an order authorizing Ms. Akhmedova to obtain discovery in this District against Google, specifically, by serving a subpoena *duces tecum* for 1) non-content electronically-stored information ("ESI"), and 2) the content of the accounts, such as emails, documents and other information which would otherwise be available to the account holder (the "Subpoena"). Dkt. 12, as amended at Dkt. 18. The Court directed that "Google shall produce the requested documents and information by the November 6, 2020 deadline previously stipulated by Ms. Akhmedova and entered as an order of the Court. Google shall produce the documents directly to the independent IT forensic expert appointed by the English Court, Aon…" Dkt. 18 at 2.

Google's counsel accepted service of the Subpoena by email requesting information as authorized by this Court's order, effective on October 9, 2020. The parties agreed by stipulation that Google would produce the non-content information requested by October 30, 2020, allowing for expiration of Google's 14-day notice period following email notice to the account holder of the subpoena (which was sent by Google to the account on October 15, 2020). The non-content information was produced by Google on October 29, 2020, in accordance with this agreement and was not the subject of Google's Motion to Quash.

On October 15, 2020, Google served an objection letter setting forth objections to the requested productions, specifically, arguing that the request for production of the content of the four email accounts would be a violation of the federal Stored Communications Act ("SCA"), 18 U.S.C.

3

§ 2701, *et seq.* Google stated that the only form of lawful consent it would accept for the accounts was for Temur to execute Google's verification process, which requires access by the user to the account. Dkt. 20-4. The parties held several calls between October 9 and November 4, 2020, to meet and confer to resolve Google's objections, wherein counsel for Applicant explained that Temur has made sworn statements to the English Court concerning his loss of the recovery passwords, and telephone numbers (or the SIM cards connected to the recovery telephone numbers), and his inability to access the accounts.[1] Applicant also offered to provide any additional information Google might request in order to confirm the identity of Temur as the account holder or subscriber.

Notwithstanding the express consent provided by Temur as the subscriber to the accounts, Google moved to quash the subpoena, arguing that producing the requested information may constitute a violation of the federal SCA. Specifically, Google argued that 1) the SCA prohibits it from producing the contents of an account holder's information in response to a civil subpoena; 2) the "lawful consent" exception under 18 U.S.C. § 2702(b)(3) is not met here; and 3) the information requested may not be relevant in the English Proceedings, and that Applicant must seek production of the emails from the account holder, Temur, directly, as opposed to from Google as the provider.

Following full briefing and a thorough hearing to discuss the legal issues raised by the parties, on November 24, 2020, Magistrate Judge DeMarchi issued an order denying Google's motion to quash the production of information related to the two active email accounts of Temur Akhmedov, khyshen@gmail.com and temur.akhmedov1993@gmail.com. Dkt. 30. In her reasoned opinion and order, Judge DeMarchi noted that nothing in the SCA, 18 USC § 2702(b)(3) requires that lawful consent to the production of a subscriber's content "be communicated in the manner Google prescribes or permits a service provider to dictate the form of acceptable consent." Dkt. 30 at 5.

The Judge further noted that Temur's status as the account holder was not "reasonably in dispute," and that he had provided express, lawful consent in the English Proceeding, and which consent was on the record in this action. *Id.* The Court also rejected Google's argument that

---

[1] Google's argument that Temur should simply purchase new SIM cards (Dkt. 20 at 9) in order to facilitate account recovery has already been addressed in the English Proceeding, where Temur has been largely uncooperative. Power Decl. Ex. 2.

Applicant did not exhaust efforts to obtain the requested information directly from Temur in the English Proceedings. Dkt. 30 at 5-6. Judge DeMarchi was unequivocal that Applicant made substantial efforts to obtain the information in the context of the English Proceeding, failing which, the English Court expressed its desire for the assistance of the U.S. Court pursuant to 28 U.S.C. § 1782. *Id.* Finally, the Court noted that the request was not overbroad, and that any questions of breadth could be addressed by Mr. Akhmedov himself in the context of the English Proceedings. *Id.* at 6. The Magistrate ordered that "[i]n view of the November 30, 2020 trial date set in the English proceeding, and in view of Google's representation that the production of this material does not require undue effort or expense, the Court expects Google to produce the requested information concerning the khyshen@gmail.com and temur.akhmedov1993@gmail.com accounts directly to Aon without delay." Dkt. 30 at 7-8.

Having failed to make the immediate production of documents in advance of the commencement of trial on November 30, 2020 as directed by Judge DeMarchi, on November 17, 2020 Google filed the instant motion for de novo review of the Magistrate's order, or in the alternative, for relief from the order based on certain objections of the non-dispositive order. Dkt. 31. Concurrently, aware that it is in violation of the express order of the Court, Google filed a motion to stay the effect of the order, arguing that compelling it to make production of the required information would eliminate its right to review.[2] *Id.*

### ARGUMENT

### I. THE MAGISTRATE JUDGE'S RULING IS NON-DISPOSITIVE AND MUST BE REVIEWED FOR CLEAR ERROR OF LAW

Google seeks de novo review of the Magistrate Judge's order denying its motion to quash pursuant to Fed. R. Civ. P. 72(b), based on its contention that the ruling was dispositive, and therefore the Magistrate should have issued a report and recommendation. Dkt. 31 at 12-13. Specifically, Google argues that because the order "would end this Section 1782 proceeding, granting the ultimate relief sought (an order compelling production of discovery for use in a foreign proceeding)", that the

---

[2] Applicant's Opposition to Google's requested stay is filed concurrently herewith.

order is considered dispositive and subject to de novo review. *Id.* In support of its contention, Google refers to caselaw which is inapplicable to relief sought pursuant to 28 U.S.C. § 1782, instead citing cases referring to a petition to quash a summons, and a petition to quash a search warrant. Dkt. 31 at 13 (citing cases). The sole authority Google attempts to rely on in the Section 1782 context is a ***dissent***, wherein a Ninth Circuit Judge discussed what he thought the standard of review ***should be***. *Id.* (citing *Khrapunov v. Prosyankin*, 931 F.3d 922, 930-931 (9th Cir. 2019)). Whereas the Ninth Circuit did not even reach this issue in its main opinion, the District Court in that case held that the order was non-dispositive and that a clear error standard applied. *In re Khrapunov*, No. 17-mc-80107, 2018 WL 3609045, at *2 (N.D. Cal. July 27, 2018). Not only is the non-binding dicta of the dissent cited by Google not the holding of the Ninth Circuit case, but the rationale contained therein is directly contradicted by valid authority of the majority of district courts across the country, including the opinions of this Court.

Google's argument that the Magistrate order is dispositive and should be reviewed de novo fails, as set forth in applicable authority relevant to the granting of Section 1782 relief, as well as rulings on a motion to quash in the 1782 context. In *Nikon Corp. v. Global Foundries U.S., Inc.*, No. 17-mc-80071, 2017 WL 4647753 (N.D. Cal. Oct. 16, 2017), this Court noted that while neither the Supreme Court nor the Ninth Circuit has squarely addressed this question, in *Four Pillars Entertainment Co., Ltd. v. Avery Dennison Corp.*, 308 F.3d 1075 (9th Cir. 2002), the Ninth Circuit applied an abuse of discretion standard in reviewing a magistrate judge's order relevant to a Section 1782 application. *Id.* at *2. Accordingly, many courts within the Ninth Circuit have relied on *Four Pillars* to conclude that a 1782 application is a non-dispositive matter subject to review for clear error under 28 U.S.C. 636(b)(1)(A) and Fed. R. Civ. P. 72(a). *Id.* at *2 (citing *In re Application of Rainsy*, No. 16-mc-80258, 2017 WL 528476, at *1, nt. 1 (N.D. Cal. Feb. 9, 2017); *In re Application of AIS GmbH Aachen Innovative Sols. & Abiomed Europe GmbH*, No. 16-mc-80094, 2017 WL 3115228, at *3 (N.D. Cal. July 21, 2017)).

A majority of courts in other jurisdictions agree. In *In re Hulley Enterprises Ltd.*, 400 F. Supp. 3d 62 (S.D.N.Y. 2019), for example, the Court noted that neither the Supreme Court nor any circuit court has addressed the issue of whether rulings on 1782 applications are considered

dispositive. However, the Court performed a survey of district court decisions and noted that most lower courts have found that such rulings are not dispositive and are therefore subject to review only for clear error. 400 F. Supp. 3d at 71 (citing cases); *see also In re Application of Quadre Investments, L.P.*, No. 18 Misc. 118 (AB), 2019 WL 1075274, at *1 (C.D. Cal. Jan. 7 ,2019) (noting that the "majority" of courts to address the issue have ruled that "a §1782 application is a non-dispositive matter subject to review for clear error"). The *Hulley* Court detailed how "a ruling is dispositive if it resolves substantive claims for relief rather than mere issues in the litigation… a § 1782 motion, however, is ancillary by nature… although a ruling on a § 1782 motion may terminate a matter before a U.S. court, it does not dispose of the underlying claims or defenses pending in the foreign or international tribunal." *Id.* at 71 (citations omitted).

In addition to the many cases noting that Section 1782 relief by its very nature is considered ancillary and non-dispositive to the underlying litigation, there is also authority that specifically, a ruling on a motion to quash in the § 1782 context is also non-dispositive. In *In re Pola Maritime Ltd.*, No. 416-333, 2018 A.M.C. 982, 2018 WL 1787181 (S.D. Ga. 2018), the District Court concluded that the magistrate judge's ruling denying respondent's motion to quash in a § 1782 application proceeding was not dispositive because although it resolves the applicant's objective in the proceeding, it is not dispositive to the underlying resolution of applicant's dispute in the foreign proceeding. *Id.* at *1 (citing cases). The Eleventh Circuit has similarly ruled in an analogous context. *See Jordan v. Commissioner, Mississippi Department of Corrections*, 947 F.3d 1322, 1327-1328 (11th Cir. 2020) (holding that ruling on motion to quash which was ancillary to a § 1983 litigation pending elsewhere was a routine non-dispositive ruling even though it required separate litigation between the parties and the magistrate judge's ruling on the motion resulted in a final disposition of the issues raised therein).

Based on the non-dispositive nature of the Magistrate Judge's order, this Court "must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a); *see also* 28 U.S.C. § 636(b)(1)(A). This standard is not easily satisfied because it affords the magistrate judge significant deference. *United States v. Abonce-Barrera*, 257 F.3d 959, 969 (9th Cir. 2001) ("[T]he text of the Magistrates Act suggests that the magistrate judge's

7

decision in such nondispositive matters is entitled to great deference by the district court."). "This standard is highly deferential—the district judge may not simply substitute his or her judgment for that of the magistrate judge." *Campbell v. City of Milpitas*, No. 13-CV-03817, 2014 WL 5077135, at *1 (N.D. Cal. Oct. 9, 2014) (*citing Grimes v. City and Cnty. of San Francisco*, 951 F.2d 236, 241 (9th Cir. 1991)).

"A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court, after reviewing the entire evidence, is left with the definite and firm conviction that a mistake has been committed." *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948). The legal conclusions of a magistrate judge are 'contrary to law' if the magistrate applies an incorrect legal standard or fails to consider an element of the applicable standard. *Perry v. Schwarzenegger*, 268 F.R.D. 344, 348 (N.D. Cal. 2010).

## II. THE MAGISTRATE PROPERLY DENIED GOOGLE'S MOTION TO QUASH

Google's motion for relief from the Magistrate's Order fails because it cannot establish a single misapplication of the applicable legal standards, or erroneous finding of fact. Even if this Court were to apply the higher de novo standard of review, it should find that the Magistrate Judge properly denied Google's motion to quash on the basis of Temur's express, lawful consent to the disclosure of information under the SCA. Google fails to raise adequate objections under applicable law interpreting the SCA, pursuant to 28 U.S.C. § 1782, or under the Federal Rules governing disclosure by a non-party.

### A. Applicant is Entitled to Seek Discovery from Google, a Non-Party to the Foreign Proceeding

Google asserts that Applicant is not entitled to obtain the production of information from Google by serving the Court-ordered subpoena because Applicant must instead "exhaust her efforts" to obtain discovery directly from Mr. Akhmedov, the account holder, who is a party to the foreign proceedings. Dkt. 31 at 14-15. Specifically, Google insists that despite Temur's lawful consent to disclosure, and the lack of undue burden or expense to be incurred by Google in producing the information, it will not produce such information because instead, Temur should purchase new SIM

cards for the phone numbers associated with the accounts at issue. Dkt. 31 at 16. Magistrate Judge DeMarchi rejected this argument in light of the record in this case (set forth primarily in the Declaration of Anthony J. Riem (Dkt. 2)), which indisputably establishes that the discovery sought here – discovery in aid of the foreign proceeding – was sought directly from Temur in England, resulting in various disclosure orders by the English Court. Mr. Riem detailed the lengthy steps taken in the English Proceeding to obtain the very information sought directly from Temur, the account holder, and the inability of Temur and the independent IT expert, Aon, to access the accounts using Google's account recovery process. Ex. 2 ¶¶ 29- 32. Judge DeMarchi specifically noted that "[t]he record reflects that Applicant has attempted to obtain the discovery from Mr. Akhmedov, but he has refused (or has been unable) to provide it.  Indeed, as a remedy for Mr. Akhmedov's inability or refusal to access the accounts himself and produce their contents, the English court required him to provide his consent for Google to disclose the contents to Aon, an independent forensic examiner appointed by the English court." Dkt. 30 at 6.  Google fails to show how the Magistrate's holding is "clearly erroneous" or "contrary to law" where she expressly considered the record before her, and held that Applicant established that it could not obtain the information sought directly from Mr. Akhmedov.

The authority relied upon by Google merely indicates that it may be inappropriate to seek disclosure directly from Google in certain circumstances, such as when the party in the proceeding has access to the information himself. Dkt. 31 at 15. For example, in *In re CareSource Mgmt. Grp. Co.*, 289 F.R.D. 251, 254 (S.D. Ohio 2013) the Court stated that a party "must first establish that it cannot obtain the discoverable information from its party-opponent before subpoenaing those documents from a non-party." *Id.* at 254.  In this instance, such inability of the parties to the foreign proceeding to access the information has been established.  Indeed, Google's argument that Temur should simply purchase new SIM cards in order to facilitate account recovery was specifically addressed in the English Proceeding, where Temur has been largely uncooperative. Dkt. 21-2. In light of the November 30, 2020 trial, and the English Court's express interest in reviewing the information requested, it was determined by the English Court that further disclosure orders and resulting sanctions would continue to be futile. The record is clear why the documents have not been

9

OPPOSITION TO GOOGLE LLC'S MOTION FOR DE
NOVO REVIEW OR FOR RELIEF FROM ORDER                                     Case No. 20-mc-80156

and cannot be obtained directly from Temur Akhmedov, and in light of his practical inability (or refusal) to access his account directly, the Magistrate Judge correctly held that pursuant to applicable law, Applicant is entitled to seek disclosure from Google on the basis of Temur's lawful consent.

### B. Lawful Consent Was Provided by the Account Holder Under the SCA and Applicable Law Interpreting the Statute

Generally, the SCA, 18 U.S.C. § 2701, *et seq.*, prohibits electronic communication service providers from "knowingly divulg[ing] to any person or entity the contents of a communication while in electronic storage by that service". 18 U.S.C. § 2702(a)(1). The Act provides exceptions for the disclosure of communications "with the lawful consent of the originator or an addressee or intended recipient of such communication, or the subscriber in the case of a remote computing service." § 2702(b)(3). The information requested by the subpoena served in this action falls into the Act's exception from disclosure under Section 2702(b)(3) based on Temur's lawful consent, as reflected in the documents executed in the English Proceeding, referred to herein as the "Google Mandates" (Dkt. 2-8 at 4-8), and as further confirmed by Temur's appearance and stipulation in this action confirming that he does not object to the disclosure of the content of his email accounts (at Dkt. 9).

Notwithstanding the above forms of consent on the record in this case, Google argues that Applicant has failed to meet her burden to show that Mr. Akhmedov is the account holder of the khyshen@gmail.com and temur.akhmedov1993@gmail.com accounts. Dkt. 31 at 17-19. But Temur himself has sworn to the English Court to be the account holder for these accounts, and in fact has used these accounts to communicate with various third parties, such as his English solicitors, regarding assets known to belong to him. Temur has disclosed and produced a number of native format emails from khyshen@gmail.com and temur.akhmedov1993@gmail.com in the English Proceedings, which were previously received by his English solicitors. Dkt. 21-1. Additionally, Google has stated that it provided notice to the accounts on October 15, 2020, of the subpoena served in this action, and no other alleged user has responded or appeared to claim ownership or interest in the accounts. Dkt. 20 at 9; Dkt. 20-1 ¶ 6. Applicant has therefore met her burden in establishing ownership of the account, which showing Google has failed to rebut. The Magistrate Judge aptly noted that in this case, "neither Mr. Akhmedov's status as the account holder of the accounts nor his

consent to production of their contents is reasonably in dispute… the only information in the record before the Court is that the accounts belong to Mr. Akhmedov.  Google points to no evidence suggesting that Mr. Akhmedov is not the owner of the accounts, and he has clearly and expressly consented to production of their contents." Dkt. 30 at 5.

In connection with its dispute as to ownership of the account, Google makes the related argument that ownership of an account, and therefore "lawful consent" pursuant to the SCA, can only be demonstrated through Google's account verification process wherein an email is sent directly from the account(s) at issue.  Contrary to Google's objection, there is no support for its argument that its policy of email verification is the ***sole process*** which establishes lawful consent under the SCA statute.  Inferring such a requirement would go beyond the plain language of the statute as well as the legislative intent as reflected in the statutory language.  The Magistrate Judge held that Google's "verified-consent process is undoubtedly a satisfactory mechanism to obtain the account holder's consent. However, nothing in the SCA requires that consent be communicated in the manner Google prescribes or permits a service provider to dictate the form of acceptable consent." Dkt. 30 at 5.

Google suggests Temur's consent is not sufficient or lawful because it is "implied-in-fact." Dkt. 31 at 19 (citing *Negro v. Super Ct.*, 230 Cal. App. 4th 879 (2014)).  However, Temur's consent is NOT implied, but is express, and is therefore consistent with the consent provided by the user in *Negro, supra* and upheld by that Court.  Specifically, the Court noted that where there is no express consent provided but that a court merely infers consent by a party's silence, such "implied" consent is not lawful or valid under the SCA.  *Id.* at 889.  However, the Court distinguished this with consent which is expressly given, even when compelled by a Court by threat of discovery sanctions.  *Id.* at 896-899.  The *Negro* Court specifically noted that court-ordered, express consent has also been upheld in other cases.  *Id.* at 899 (citing cases).  The *Negro* Court "h[e]ld that the consent expressly given by him pursuant to court order constituted 'lawful consent' under the SCA." 230 Cal. App. 4th at 899.  Although Google is correct that the Court in the *Negro* case stated that implied consent is improper where there is no evidence of such consent before the Court (*id.* at 898), the Court held that where consent was provided, as here, to facilitate discovery through third party providers, the consent is lawful under the SCA exception.

11

Temur Akhmedov's, written, sworn statement, before the English court that he is the owner of the four Google accounts at issue, along with Google's own notice to those accounts on or about October 15, 2020, (to which no alternate user has responded), confirms that Temur Akhmedov provided express, lawful consent for the requested production of the content of his four email accounts.  The subpoena request therefore falls into the exceptions set forth in the SCA, compelling Google to make the production pursuant to this Court's Order.

### CONCLUSION

Based on the foregoing, Applicant respectfully states that this Court should deny Google's Motion for de novo review of the Magistrate Judge's order denying Google's motion to quash, or for relief from the Magistrate Judge's Non-Dispositive Order.  This Court should affirm the holding that the consent provided by Temur constitutes "lawful consent" pursuant to the SCA, and direct Google to comply with the subpoena on an expedited basis in light of the posture of the relevant foreign proceedings.

DATED:  December 7, 2020              HOLLAND & KNIGHT LLP

                                                              s/ Dan Kappes
                                       Attorneys for Applicant
                                       *Tatiana Akhmedova*