1  Julie E. Schwartz, Bar No. 260624
   JSchwartz@perkinscoie.com
2  PERKINS COIE LLP
   3150 Porter Drive
3  Palo Alto, CA 94304
   Telephone: 650.838.4300
4  Facsimile: 650.838.4350

5  *Attorney for Respondent and Non-Party Google LLC*

6
7
8                          **UNITED STATES DISTRICT COURT**
9                          **NORTHERN DISTRICT OF CALIFORNIA**
10

| | |
|---|---|
| IN RE EX PARTE APPLICATION OF TATIANA AKHMEDOVA, <br><br> Applicant. | Case No. 20-mc-80156-JD <br><br> **RESPONDENT AND NON-PARTY GOOGLE LLC'S NOTICE OF MOTION AND RENEWED MOTION DE NOVO DETERMINATION OF DISPOSITIVE MATTER REFERRED TO MAGISTRATE JUDGE OR, IN THE ALTERNATIVE, FOR RELIEF FROM NONDISPOSITIVE ORDER OF MAGISTRATE JUDGE** <br><br> Date: May 6, 2021 <br> Time: 10:00 a.m. <br> Judge: Hon. James Donato <br> Courtroom 11, 19th floor |

**NOTICE OF MOTION AND MOTION**

PLEASE TAKE NOTICE that on May 6, 2021 at 10:00 a.m., or as soon thereafter as this matter may be heard, in Courtroom 11, 19th Floor, of the United States District Court for the Northern District of California, located at 450 Golden Gate Avenue, San Francisco, CA 94102, Respondent and Non-Party Google LLC ("Google") will, and hereby does, renew its Motion for De Novo Determination of Dispositive Matter Referred to Magistrate Judge, or in the alternative, Motion for Relief from Nondispositive Pretrial Order of Magistrate Judge. This Motion is based on this Notice of Motion and Motion, Google's Objections, the Memorandum of Points and Authorities in Support, Google's Motion to Quash, the papers filed in support of and in opposition, and all other materials in the record.

Pursuant to this Court's Order dated December 9, 2020 (Dkt. No. 43), which permitted renewal of Google's objections following the parties' meet and confer; 28 U.S.C. § 636(b)(1)(B), (C); Federal Rule of Civil Procedure 72(b); and Civil Local Rules 7-2, 72-3; or, in the alternative, 28 U.S.C. § 636(b)(1)(A); Federal Rule of Civil Procedure 72(a); and Civil Local Rule 72-2, Google objects to the Order Denying Google's Motion to Quash Subpoena, Dkt. No. 30 (the "Order"). Google objects for the reasons discussed below.

**OBJECTIONS TO MAGISTRATE ORDER**

Pursuant to this Court's Order dated December 9, 2020 (Dkt. No. 43), which permitted renewal of Google's objections following the parties' meet and confer; 28 U.S.C. § 636(c)(1)(B), (C); Federal Rule of Civil Procedure 72(b); and Civil Local Rules 7-2, 72-3; or, in the alternative, 28 U.S.C. § 636(b)(1)(A); Federal Rule of Civil Procedure 72(a); and Civil Local Rule 72-2, Respondent and Non-Party Google LLC ("Google") objects to the Order Denying Google's Motion to Quash Subpoena, Dkt. No. 30 (the "Order"). Google objects for the following reasons as further discussed in Google's Memorandum in Support:

1. To the extent the Order is construed as an order as opposed to a report and recommendation, the Magistrate Judge erred by proceeding to issue an order that resolves this matter without Google's consent. Google's motion to quash was a dispositive motion because Applicant Tatiana Akhmedova ("Applicant")'s subpoena issued independent of any other

litigation between the parties and resolving Google's objections would therefore fully end the dispute. *See e.g.*, *In re DMCA Subpoena to Reddit, Inc.*, 441 F. Supp. 3d 875, 880–81 (N.D. Cal. 2020). Accordingly, Google's motion should be treated as dispositive, and the Order as a recommended disposition subject to de novo review, particularly as Google never consented to magistrate judge jurisdiction to issue final orders. *Id.* at 881.

2. The Magistrate Judge erred in placing the burden on Google to produce evidence showing that the purported account holder is not, in fact, the account holder, for purposes of the "lawful consent" exception under the SCA.

3. The Order is not limited to the facts of the case.

At oral argument on December 9, 2020, the Court affirmed the Order to the extent it required Google to produce documents pursuant to the subpoena issued by Applicant. However, the Court also invited the parties to meet and confer regarding Google's remaining concerns with the Order, and to seek review from the Court if those concerns could not be resolved. *See* Dkt. No. 43 (ordering production without prejudice to "any other objections Google would like to pursue" and directing the parties to meet and confer); Supplemental Declaration of Julie E. Schwartz ("Schwartz Decl."), Exhibit A at 15:6-16:13.

The parties have met and conferred since December 2020 regarding Google's concerns about the Order, but they have been unable to reach agreement on proposed modifications. A Proposed Order reflecting Google's proposed modifications is filed herewith, along with a "redline" version indicating where Google proposed revisions. *See* Schwartz Decl., Ex. F.

Google respectfully requests that the Court review the Order and revise the language implicating the above-listed objections, without modifying its ruling regarding Google's production obligation.

DATED: April 1, 2021

PERKINS COIE LLP

By: /s/ *Julie E. Schwartz*
Julie E. Schwartz

*Attorney for Respondent and Non-Party Google LLC*

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.     INTRODUCTION

Respondent and Non-Party Google LLC ("Google") hereby renews its Motion for a De Novo Determination of Dispositive Matter Referred to Magistrate Judge or, in the alternative, Motion for Relief from Nondispositive Pretrial Order of Magistrate Judge, Dkt. No. 31 ("Motion"), in this proceeding under 28 U.S.C. § 1782.[1]

At oral argument on December 9, 2020, the Court denied Google's Motion as to its obligation to produce the data sought by Applicant Tatiana Akhmedova ("Applicant"). However, the Court also invited the parties to meet and confer regarding Google's remaining concerns with the Magistrate Judge's order, Dkt. No. 30 ("Order"), and to seek review from the Court if those concerns could not be resolved. *See* Dkt. No. 43 (ordering production without prejudice to "any other objections Google would like to pursue" and directing the parties to meet and confer); Supplemental Declaration of Julie E. Schwartz ("Schwartz Decl."), Exhibit A ("Dec. 9, 2020 Hearing Transcript") at 15:6-16:13.

The parties have met and conferred since December 2020 regarding the issues raised by the Order, but they have been unable to reach agreement. Given the parties' impasse, Google respectfully requests that the Court grant its Renewed Motion and modify the Order as reflected in the redlined Proposed Order attached to the Schwartz Declaration as Exhibit F. These modifications are intended to (1) confirm that a de novo standard of review applies; (2) clarify that the party invoking the lawful consent exception under the Stored Communications Act ("SCA"), 18 U.S.C. § 2701 *et seq.*, has the burden of demonstrating lawful consent; and (3) limit the Order to the facts of the case.

These changes will alleviate Google's legal concerns with the Order, as contemplated by this Court. *See* Dec. 9, 2020 Hearing Transcript at 15:9-16 ("if there are still things you want to talk about with respect to the magistrate judge's order…[if] you want to say, 'Well, maybe the magistrate judge shouldn't have said X because that's going to be something that comes up in

---

[1] Google refers to this motion as its "Renewed Motion" herein.

1    other cases because it's phrased in a way that causes us concern as a legal matter…' that's fine.
2    I'll take a look at that."). Accordingly, Google requests that the language of the Order be revised
3    without modifying its ruling regarding Google's production obligation.

## II.     FACTUAL BACKGROUND

5    The facts relating to Applicant's *ex parte* application for discovery pursuant to 28 U.S.C.
6    § 1782, and her ensuing subpoena to Google (the "Subpoena"), are already familiar to the Court
7    and are set out more fully in the Motion. *See* Dkt. No. 31. Most pertinent here, Google moved to
8    quash the subpoena to the extent it sought content from two Gmail accounts ("Accounts")
9    belonging to Applicant's son, Temur Akhmedov. Although Mr. Akhmedov did not oppose the
10   discovery sought by Applicant, he was either unable or unwilling to regain access to the Accounts
11   in order to verify that he was, in fact, the account holder, and therefore able to authorize
12   disclosure pursuant to the SCA's lawful consent exception. *See id.* at 7-8; *see also* 18 U.S.C. §
13   2702(b)(3).

14   The Magistrate Judge denied Google's motion on November 24, 2020. *See* Order. On
15   November 30, 2020, Google filed its Motion. Dkt. No. 31. At oral argument on December 9, this
16   Court ordered Google to produce the requested communications content, but also indicated that if
17   the parties were unable to resolve Google's outstanding objections to the Order, the Court would
18   revisit the matter and consider tailoring the Order without altering its ruling. *See* Dec. 9, 2020
19   Hearing Transcript at 15:6-22 (agreeing to review Google's concerns regarding overbreadth of
20   magistrate judge's order at a later date). The Court instructed the parties to meet and confer
21   regarding Google's outstanding objections as a first step. *Id*. at 15:20-22 and 16:12-13 ("Just
22   share it with each other, and then you can decide what you want to do.").

23   Google's outside counsel provided Applicant's counsel with its proposed modifications to
24   the Order by email on December 28, 2020. *See* Schwartz Decl., Ex. B. In January 2021, counsel
25   for the parties exchanged emails regarding these proposed changes. *See id*., Ex. C. On January
26   29, 2021, counsel for the parties met and conferred by videoconference for an hour regarding
27   Google's proposed modifications. *Id*. at ¶ 4. Based on that discussion, Google's counsel
28   provided Applicant's counsel with a revised set of proposed modifications by email on February

19, 2021.  *See* Schwartz Decl., ¶ 5, Ex. D.  Counsel for the parties further discussed these proposals by email in March 2021.  *See id*., ¶ 6, Ex. E.

The parties were ultimately unable to agree on all but one of Google's proposed modifications—a modification that expressly limits the Order to the unique facts of the case.  *See id*., ¶ 6.  Google submits its proposed modifications to the Order, which include this agreed-upon modification, in conjunction with the instant motion.  *Id.*, Ex. F.

### III.  ARGUMENT

**A.  The Standard of Review that Applies is De Novo Review.**

As a preliminary matter, Google requests that the Court confirm that the appropriate standard of review for the Magistrate Judge's Order is a de novo standard of review.[2]  "The power of federal magistrate judges is limited by 28 U.S.C. § 636."  *Mitchell v. Valenzuela*, 791 F.3d 1166, 1168 (9th Cir. 2015).  That statute provides that nondispositive matters may be referred to a magistrate judge for decision while dispositive motions may be referred only for proposed findings and recommendations.  *United States v. Reyna-Tapia*, 328 F.3d 1114, 1118 (9th Cir. 2003); *see also Khrapunov v. Prosyankin*, 931 F.3d 922, 930-31 (9th Cir. 2019) (Callahan, dissenting).

Under Federal Rule of Civil Procedure 72, which implements § 636(b)(1), a magistrate judge may "hear and decide" "a pretrial matter not dispositive of a party's claim or defense," and such a decision may be set aside by the district court only if it is "clearly erroneous" or "contrary to law."  Fed. R. Civ. P. 72(a); *Khrapunov, supra,* 931 F.3d at 931.  For a "dispositive" matter, however, a magistrate judge may issue only "a recommended disposition, including, if appropriate, proposed findings of fact," which, upon a challenge, must be reviewed de novo by the district judge. Fed. R. Civ. P. 72(b); *Khrapunov, supra,* 931 F.3d at 931.  Indeed, "a magistrate judge may not determine motions that are analogous to the enumerated motions, i.e.,

---

[2] The Court indicated at the December 9, 2020 hearing that it would deny Google's Motion whether the Magistrate's order is construed as an order or a report and recommendation. *See* Dec. 9 Hearing Transcript at 14:1-5 (Google loses its motion under either standard).  However, the Court suggested that it would follow the standard it has ordered in other litigation.  Therefore, Google seeks to confirm that the Court is applying a de novo standard it has previously applied in reviewing the legal issues raised by Google herein.

1  dispositive motions," set forth in 28 U.S.C. § 636(b)(1)(A). *Strong v. United States*, 57 F. Supp.
2  2d 908, 913 (N.D. Cal. 1999).
3    This Court treats motions to quash subpoenas as dispositive motions where, as here, the
4  underlying subpoenas were issued independent of any other litigation between the parties. *See In*
5  *re DMCA Subpoena to Reddit, Inc.*, 441 F. Supp. 3d 875, 880–81 (N.D. Cal. 2020). Indeed,
6  Applicant "obtained the subpoena on a freestanding basis independent of a complaint or
7  litigation" against Google. *Id*. at 880. Resolving Google's objections would therefore fully
8  resolve the parties' dispute. *Id*. Consequently, as this Court noted, "[i]n effect, the subpoena is
9  its own civil case, and the motion to quash is dispositive of the sole issue presented in the case --
10 whether the subpoena should be enforced or not. Once that question is answered, the dispute
11 between the parties is fully decided." *Id*. at 880–81.
12   Accordingly, Google's Motion should be treated as dispositive, and the Order as a
13 recommended disposition subject to *de novo* review. *See* Fed. R. Civ. P. 72(b); *Khrapunov,*
14 *supra,* 931 F.3d at 931.[3]

15 **B.  The Magistrate Judge Erred by Shifting the Burden to Demonstrate Lawful Consent**
16   **to Google.**

17   Google also requests that the Court modify the Order to clarify that the burden of
18 establishing consent is on the party seeking to establish lawful consent. The Order, as currently
19 drafted, suggests that providers such as Google must introduce evidence to rebut claims that
20 someone is, in fact, the account holder and mischaracterizes Google's legal position. Order at 4
21 ("Google insists that its verified consent process is the only acceptable means for an account

---

[3] And if the Order is construed as an order as opposed to a report and recommendation, the Magistrate Judge erred by issuing an order that would resolve this matter without Google's consent. *See* 28 U.S.C. § 636(b)(1)(B) (magistrate judge may only issue a report and recommendation unless all parties consent). Parties generally must provide explicit consent; in the Ninth Circuit, consent can be implied only in "limited, exceptional circumstances." *In re DMCA Subpoena to Reddit, Inc.*, 441 F. Supp. 3d at 881 (citing *Anderson v. Woodcreek Venture Ltd.*, 351 F.3d 911, 915 (9th Cir. 2003)). Google never explicitly consented to general jurisdiction, and as in *Reddit*, the record is clear that no exceptional circumstances exist here. Accordingly, "magistrate judge jurisdiction was never created under Section 636(c)," and the magistrate judge's order "is best treated as a report and recommendation under 28 U.S.C. § 636(b)(1)(B)," subject to *de novo* review. *Id*. at 882.

holder to indicate consent"); *id.* at 5 ("nothing in the SCA requires that consent be communicated in the manner Google prescribes or permits a service provider to dictate the form of acceptable consent"), ("Google points to no evidence suggesting that Mr. Akhmedov is not the owner of the accounts."). The suggestion that Google may not make determinations regarding consent is not only legally erroneous, but also highly problematic from a practical perspective, as it has already resulted in litigants claiming that Google must accede to their claims unless it can prove otherwise.

The SCA generally prohibits providers from disclosing the content of communications except pursuant to certain enumerated exceptions. *See* 18 U.S.C. § 2702(a)(1), (2); 18 U.S.C. § 2702(b)(1)-(9). The SCA's purpose is "to protect internet subscribers from having their personal information wrongfully used and publicly disclosed by 'unauthorized private parties.'" *In re Subpoena Duces Tecum to AOL, LLC*, 550 F. Supp. 2d 606, 610 (E.D. Va. 2008) (quoting Sen. Rep. No. 99-541, 2d Sess., p. 3 (1986), reprinted in 1986 U.S. Code Cong. & Admin. News, pp. 3555, 3557).

A provider may voluntarily disclose the contents of a communication with the consent of the account holder, but the consent must be lawful. *See* 18 U.S.C. § 2702(b)(3). The party who seeks the benefit of the lawful consent exception has the burden to demonstrate that lawful consent exists. *See, e.g., In re Google Assistant Priv. Litig.*, 457 F. Supp. 3d 797, 823 (N.D. Cal. 2020) (evaluating whether litigant seeking content from Google had "conclusively establish[ed] consent."). Indeed, the general rule is that a party seeking to rely "upon an exception to a statute made by a proviso or distinct clause, whether in the same section of the statute or elsewhere, has the burden of establishing and showing that he comes within the exception." *United States v. Guess*, 629 F.2d 573, 576 (9th Cir. 1980) (internal quotation omitted); *see, e.g. In re Yahoo Mail Litig.*, 7 F. Supp. 3d 1016, 1028 (N.D. Cal. 2014) (citing *In re Pharmatrak, Inc.*, 329 F.3d 9, 19 (1st Cir. 2003)) (holding that the burden of proof is on "the party seeking the benefit of the exception" to the Wiretap Act, 18 USC § 2511(2)(d)).

Here, the issue before the Court was whether Applicant had met her burden to demonstrate that Mr. Akhmedov lawfully consented to disclosure of content from two accounts.

1  Google argued that Applicant had not done so because she had not provided verification that Mr.
2  Akhmedov was, in fact, the account holder and could consent to disclosure. *See* Dkt. No. 20 at 1-
3  2, 7-8; Dkt. No. 27 at 1-2, 4-5.  Google also argued that the Court should require verification
4  using Google's process to confirm that Mr. Akhmedov's claims.  *Id.*  Google did not argue that it
5  was entitled to specify the sole method by which a party provides lawful consent; rather, it argued
6  that under the circumstances, Google's verification process should be employed here.  *See*
7  Schwartz Decl., Ex. G (Transcript of Nov. 24, 2020 Hearing) at 7:12-16 ("Google's position is
8  not that it dictates necessarily what lawful consent is … [but] that lawful consent here should be
9  *consistent with* Google's verification process") (emph. added).

10  Therefore, the Order should have focused only on whether Applicant met her burden of
11 proof.  Instead, the Magistrate Judge suggested that once a user claims to be an account holder
12 and provides consent, Google must produce evidence negating such claims.  This is legally
13 erroneous and would place a heavy burden on Google to investigate claims regarding consent.
14 And by stating that Google cannot dictate consent (a position that Google did not take), the
15 Magistrate Judge also suggested that Google may not make determinations regarding consent.  Of
16 course, Google, which receives a huge volume of legal process, must be able to make judgments
17 about whether consent to disclosure of accounts has been provided.  If the parties disagree on
18 Google's determination, the parties may need to litigate the issue. But absent modification to the
19 language in the Order, litigants could claim, and in fact are already claiming, that Google must
20 accede to their claims, unless it can prove otherwise.

21  Google's proposed modifications, reflected in Exhibit F to the Schwartz Declaration, are
22 modest: they clarify Google's position, prevent the language of the Order from being misapplied
23 in future matters, and reframe certain language of the Order to clarify that the analysis is whether
24 Applicant had met her burden.  Therefore, Google requests that the Court modify the Order
25 accordingly.

26 **C.   Applicant Consents to Limiting the Order to the Facts in this Case.**

27  One of Google's concerns with the Order was that it was broadly drafted, and litigants
28 could attempt to use the Order to claim that lawful consent may always be demonstrated using a

consent form.  To address this concern, this Court expressly stated in its minute order following the hearing that its ruling was limited to the facts.  Dkt. No. 43 ("The Court emphasizes that the production here is limited to the facts and circumstances in this rather unique case, and is not intended to be representative of any production obligations *vel non* for Google in other cases.").

Therefore, to clarify the Order, Google requests that the Court modify the Order to limit it to the facts of the case and add the following language: "The Court emphasizes that this Order is limited to the facts and circumstances in this rather unique case, and is not intended to be representative of any production obligations *vel non* for Google in other cases."  *See* Proposed Order at 8.  Applicant has consented to the addition of this language to the Order.

## IV.  CONCLUSION

For the foregoing reasons, the Court should grant Google's Renewed Motion and adopt Google's modifications to the Order.

DATED: April 1, 2021					PERKINS COIE LLP

							By: */s/ Julie E. Schwartz*
							Julie E. Schwartz

							*Attorney for Respondent and Non-Party Google LLC*