# EXHIBIT B

| | |
|---|---|
| **From:** | Schwartz, Julie (SEA) |
| **Sent:** | Monday, December 28, 2020 8:28 PM |
| **To:** | James.Power@hklaw.com; Daniel.Kappes@hklaw.com; Marie.Larsen@hklaw.com; Smith, Kate (PAO) |
| **Cc:** | Bleicher, Michael (WDC); Naomi.Holliday-Martinez@hklaw.com; Earl, Erin K. (SEA) |
| **Subject:** | RE: Civil Subpoena, In re Ex Parte Application of Tatiana Akhmedova, Case No. 20-mc-80156-VKD (Northern District of California) |
| **Attachments:** | Akhmedova - Proposed District Court Order & Edits to MJ Order Denying Google's Motion to Quash Subpoena.docx |

Counsel,

We hope you are well.  We prepared the attached redline of the Court's order to show our proposed modifications. Please let us know if you are agreeable to these changes, whether you have additional proposed changes, or if we need to arrange for a briefing schedule.

Thank you,

Julie Schwartz | Perkins Coie LLP
PARTNER
3150 Porter Drive
Palo Alto, CA 94304-1212
D. +1.650.838.4490
F. +1.650.838.4690
E. JSchwartz@perkinscoie.com

**PROPOSED DISTRICT COURT ORDER**

### ORDER RE MOTION FOR DE NOVO DETERMINATION OF DISPOSITIVE MATTER REFERRED TO MAGISTRATE JUDGE

Before the Court is Respondent and Non-Party Google LLC's Motion for De Novo Determination of Dispositive Matter Referred to Magistrate Judge or, in the Alternative, for Relief from Nondispositive Order of Magistrate Judge ("Motion") (Dkt. 31). Google's Motion seeks this Court's review of the Magistrate Judge's Order Denying Google's Motion to Quash (Dkt. 20).

A threshold question is which standard of review this Court should apply in reviewing the Magistrate Judge's Order. Google contends that the Magistrate Judge's Order addresses a dispositive matter subject to de novo review, because it would end this Section 1782 proceeding by granting the ultimate relief sought, i.e., an order compelling production of discovery for use in a foreign proceeding. Motion at 6-8. This Court agrees. See, e.g., In re DMCA Subpoena to Reddit, Inc., 441 F. Supp. 3d 875, 880 (N.D. Cal. 2020) (order on a motion to quash a subpoena is dispositive and subject to de novo review where an applicant obtained a subpoena on a freestanding basis, such that "the motion to quash is dispositive of the sole issue presented in the case -- whether the subpoena should be enforced or not"). Accordingly, the Magistrate Judge's Order is best treated as a report and recommendation under 28 U.S.C. § 636(b)(1)(B). The Court will review the Order de novo, 28 U.S.C. § 636(b)(1), but would reach the same conclusions under the more deferential review for a non-dispositive order, id. § 636(b)(1)(A).

The substance of the Motion addresses Google's objections to the Magistrate Judge's denial of its Motion to Quash. Although those objections are overruled for the reasons discussed on the record in open court on December 9, 2020, the Court agrees that some clarifications to the Magistrate Judge's Order are warranted. In particular, the Court determines that the Magistrate

Judge's Order should be clarified as follows.

1.      The Order should place the burden of establishing lawful consent under the Stored Communications Act ("SCA") on the party invoking that exception.

2.      The Order should more specifically address the basis on which lawful consent was established under the facts and circumstances in this rather unique case.  Specifically, here (1) at the direction of the English court, Mr. Temur Akhmedov, a party to the English proceedings,signed mandates under oath expressly stating that he owns the accounts at issue and consented to the production of their contents; (2) the English court issued a statement indicating that it had determined the accounts belonged to Mr. Akhmedov and that the court would be assisted by production of the contents of those accounts; (3) Mr. Akhmedov filed a stipulation in this action confirming that he does not object to production of the contents of the accounts; and (4) the applicant's counsel has represented that, in the underlying litigation, there is no dispute that the accounts belong to the witness, that the witness has produced native copies of emails with the applicant and his attorneys from the accounts, and that it was apparent to the English court that the witness intentionally obstructed the discovery process.

3.      Finally, the Order should reiterate the general rule that discovery should be sought from litigants before burdening a non-party, including in the context of the SCA.

The Court therefore sustains in part Google's objections to the Magistrate Judge's Order, and will adopt the Magistrate Judge's Order with modifications to Sections I, II.A, and II.B based on

Google's objections.

Accordingly, having considered the Motion, the papers filed in support of and in opposition to the Motion, the pleadings herein, and oral argument held on December 9, 2020, the Court now hereby GRANTS the Motion, OVERRULES IN PART AND SUSTAINS IN PART Google's objections to the Magistrate Judge's Order, DENIES Google's Motion to Quash, and ADOPTS the Magistrate Judge's Order AS MODIFIED below.

IT IS SO ORDERED.

**PROPOSED MODIFICATIONS TO MJ ORDER**

**ORDER DENYING GOOGLE'S MOTION TO QUASH SUBPOENA**
Re: Dkt. No. 20

On October 6, 2020, the Court granted applicant Tatiana Akhmedova's ("Applicant") ex parte application for an order pursuant to 28 U.S.C. § 1782 authorizing service of a subpoena on Google LLC ("Google") for evidence to be used in pending litigation in the United Kingdom, High Court of Justice, Family Division, Case No. FD13D05340 ("English proceeding"). Dkt. No. 12. The Court amended the order on October 27, 2020 to correct an error. Dkt. No. 18. Google now moves to quash the subpoena on several grounds and to modify the Court's prior order regarding preservation of records. Dkt. No. 20. The Court held a hearing on the motion to quash on November 24, 2020. Dkt. No. 29.

Having considered the relevant submissions and the arguments presented at the hearing, the Court denies Google's motion to quash the subpoena and grants its motion to modify the Court's prior order regarding preservation of records.

**I.      BACKGROUND**

Applicant's subpoena to Google seeks production of the following documents:

a) All non-content electronically stored information ("ESI"), including but not limited to all metadata and subscriber information for the following email accounts:

    i)    temur@akhmedov.net;
    ii)   temur@stecapital.net;

-3-

iii)  khyshen@gmail.com;
iv)  temur.akhmedov1993@gmail.com;
v)   any other email address where Temur Akhmedov is determined to be the
subscriber or account holder.

b) All emails, documents or information regarding the above-listed accounts which
would ordinarily be recoverable to a subscriber or account holder through the
account recovery process with Google or based on the consent of the subscriber or
account holder.

Dkt. No. 18. In addition, the Court's order authorizing service of the subpoena required Google

to "produce the documents directly to the independent IT forensic expert appointed by the

English Court, Aon, whose contact information for such production shall be provided by Ms.

Akhmedova," and further required Google to "preserve documents, information and evidence,

electronic or otherwise, in its possession, custody or control that contain information potentially

relevant to the subject matter of the Ms. Akhmedova's request." *Id.*; *see also* Dkt. No. 20-2.

Temur Akhmedov is Applicant's son and a party to the English proceedings. Dkt. No.

2 ¶ 1. At the English court's direction, Mr. Akhmedov signed and dated four statements (the

"mandates")—one for each account—each of which provides in relevant part as follows:

To whom it may concern:

I, Temur Akhmedov, am the owner of the account [name
of account].

I consent to the disclosure of the data contained on or relating to my
account of whatever nature (including, but not limited to, emails
and documents (including deleted items), account/subscriber
information and metadata) being produced to Stroz Friedberg
Limited of The Aon Centre . . . .

I further instruct you to provide a copy of all data contained on or
relating to my account of whatever nature to Aon as soon as
possible, and to follow any and all further instructions from . . .
Aon to provide access to or copies of data on or relating to my
account.

I withdraw and waive any objection that I have made or could make
to the production by Google of any data which is the subject of this
consent and instruction pursuant to a subpoena or other court order
in any jurisdiction, provided that the subpoena or other court order
is consistent with this consent and instruction. I further confirm that
I consent to the production of such data (including contents of
communications) for purposes of 18 U.S. Code § 2702(b)(3) and

-4-

(c)(2) pursuant to any subpoena or other court order which
is consistent with this consent and instruction.

Dkt. No. 2-8 at ECF p. 5-8. On October 5, 2020, Mr. Akhmedov's counsel filed a stipulation on

his behalf in this action indicating that Mr. Akhmedov does not oppose Applicant's application

for the discovery described in the subpoena and consents to the application "without

qualification." Dkt. No. 9 at 2.

Applicant advises that since the submission of her original application, the English

court has issued a statement describing its view of the discovery Applicant seeks from Google

as follows:

> For the avoidance of doubt, this court would indeed be assisted
> by the production of Temur Akhmedov's Google
> accounts to the
> independent forensic expert, Aon, appointed by this court.
>
> Careful perusal of the judge's previous orders would have made
> clear that this material was an important, if not crucial, part of the
> evidential landscape relating to Temur Akhmedov which this
> court will need to survey in November and December 2020.
>
> The relief sought in the US District Court does NOT go further
> than the substance of what the judge intended and ordered.
>
> Further, this court has reason to be grateful for the past
> assistance provide to it pursuant to title 28 U.S.C. Section 1782
> . . . .
>
> Any perception that this court is not solicitous of assistance from
> the United States District Court could not be further from the truth.

Dkt. No. 21-3 at 2-3.

Applicant and Google subsequently agreed that Google need not produce documents

concerning "any other email address where Temur Akhmedov is determined to be the subscriber

or account holder," such that the scope of the subpoena is now limited to the four accounts that

are specifically identified by reference to an associated email address. Dkt. No. 20 at 5. Google

has produced responsive non-content information for the four accounts described in subsection

(a) of the subpoena but objects to producing the responsive content described in subsection (b).

*Id.* The parties agree that only two of the four accounts—those associated with the email

addresses *khyshen@gmail.com* and *temur.akhmedov1993@gmail.com*—are still active and

accessible. The findings in this Order thus are limited to these two Gmail accounts, and do not apply to the *temur@akhmedov.net* or *temur@stecapital.net* accounts, or any other accounts that may belong to Mr. Akhmedov. Dkt. No. 29. Google objects to the Court's order requiring it to preserve information beyond these two specific accounts. Dkt. No. 20 at 3; Dkt. No. 29.

## II.    DISCUSSION

Google moves to quash or modify the subpoena and the Court's prior order on four grounds. First, Google argues that Title II of the Electronic Communications Privacy Act, known as the Stored Communications Act ("SCA"), 18 U.S.C. §§ 2701-2703, prohibits production of the contents of the accounts. Second, Google argues that Applicant must exhaust efforts to obtain the contents of the accounts from Mr. Akhmedov before seeking discovery from Google. Third, Google argues, in a footnote, that the subpoena is overbroad and seeks information that is not relevant to the English proceeding. Fourth, Google argues that because it cannot ascertain what evidence must be preserved, beyond the identified accounts, the Court's preservation order should be modified. The Court considers each argument separately.

### A.    Stored Communications Act

The SCA prohibits service providers, like Google, from disclosing the contents of an account holder's electronic communications, unless one of several exceptions applies. 18 U.S.C. § 2702(a)(1), (a)(2); 18 U.S.C. § 2702(b)(1)-(9). The parties agree that one such exception is that a service provider may disclose the contents of an account holder's electronic communications with the "lawful consent" of the account holder. 18 U.S.C. § 2702(b)(3).

Google argues that Mr. Akhmedov's ~~purported~~ consent to production of the contents of the accounts does not meet the statutory requirement of "lawful consent" because the evidence before the Court does not sufficiently establish that Mr. Akhmedov is ~~unable or unwilling to use Google's~~the account ~~recovery options to access the accounts himself. Specifically, Google argues that it has developed a~~holder for these accounts, including because Mr. Akhmedov was unable to complete the "verified ~~consent~~" process that ~~requires~~Google has developed to enable

an account holder to ~~(1) log in to the~~simultaneously verify account ~~at issue, (2) send an email to Google from the account attaching a court order to produce account holder's communications, and (3) provide an express statement consenting to Google's disclosure. Dkt. No. 20 at 7. Google insists that its verified-consent process is the only acceptable means for an account holder to indicate consent. Given~~ownership and consent to the ~~nature and magnitude of its service, Google says that it cannot reasonably be expected to evaluate other means of expression of consent or to make judgments about whether a purported account holder is, in fact,~~production of the ~~owner~~contents of ~~a Google account, and that requiring it to make such judgments creates an unacceptable risk of exposure under the SCA. Dkt. No. 29~~his or her accounts.

Google's concern for the privacy and security of its account holders' communications is commendable, and its verified-consent process is undoubtedly a satisfactory mechanism to verify account ownership and obtain the account holder's consent. However, ~~nothing in~~ the ~~SCA requires~~Court finds that ~~consent be communicated in the manner Google prescribes or permits a service provider to dictate the form of acceptable consent. In this case, neither~~the evidence before the Court is, in this instance, sufficient to meet Applicant's burden to establish that Mr. Akhmedov~~'s status as~~ is the account holder ~~of~~for the accounts ~~nor his consent to production of their contents is reasonably in dispute~~at issue, and thus has provided lawful consent. *See, e.g.,* *In* ~~the~~*re Google Assistant Priv. Litig.*, 457 F. Supp. 3d 797, 823 (N.D. Cal. 2020) (burden of establishing the existence of lawful consent under 18 U.S.C. § 2702 rests on the party seeking the benefit of the exception). Specifically, Mr. Akhmedov signed mandates ~~he signed~~under oath, at the direction of the English court,~~ Mr. Akhmedov~~ expressly stat~~es~~ing that he owns the accounts and consents to Google's production of their contents, including specifically for purposes of compliance with the SCA.[1] Likewise, Mr. Akhmedov has filed a stipulation in this action indicating that he does not object to Applicant's effort to obtain production of the contents of the accounts from Google. The English court issued a statement indicating that it had

---

[1] ~~The English court has accepted both Mr. Akhmedov's representations and other evidence before it in concluding that he owns the accounts and in ordering him to produce their contents.~~

determined the accounts belonged to Mr. Akhmedov and that the court would be assisted by production of the contents of those accounts. Furthermore, Applicant's counsel has represented that there is no dispute in the underlying litigation that the accounts belong to Mr. Akhmedov, that he has produced emails from the accounts in the litigation, and that it was apparent to the English court that Mr. Akhmedov intentionally obstructed the discovery process.

Google suggests that Mr. Akhmedov's statements are untrustworthy because he has engaged in a "pattern of deceptive and destructive behavior" in the English court. Dkt. No. 20 at 7. Even so, Mr. Akhmedov's generally uncooperative behavior in the English proceeding does not inform the specific question before this Court, which is whether the accounts belong to Mr. Akhmedov and whether he consents to Google's production of their contents. The only information in the record before Under the unique and specific factual circumstances presented in this case, the Court is, finds that the accounts belong to Mr. Akhmedov. Google points to no evidence suggesting that Mr. Akhmedov is not the owner of the accounts, and that he has clearly and expressly consented to production of their contents.

Accordingly, the Court concludes that Applicant's subpoena for production of the contents of the accounts falls within the "lawful consent" exception to the SCA's prohibition against disclosure of an account holder's electronic communications. The Court emphasizes that this Order is limited to the facts and circumstances in this rather unique case, and is not intended to be representative of any production obligations *vel non* for Google in other cases.

**B.     Duty to Obtain Discovery from Party**

Google's argument that the Court should quash Applicant's subpoena because she failed to exhaust efforts to obtain discovery directly from Mr. Akhmedov in the English proceeding has no merit. is unavailing under the circumstances. The Court acknowledges that, as a general matter, discovery should be sought from the parties to litigation before burdening a non-party, including in the context of the SCA. *Suzlon Energy Ltd. v. Microsoft Corp.*, 671 F.3d 726, 730 (9th Cir. 2011); *In re CareSource Mgmt. Grp. Co.*, 289 F.R.D. 251, 254 (S.D. Ohio 2013).

The Here, however, the record reflects that Applicant has attempted to obtain the

discovery from Mr. Akhmedov, but he has refused (or has been unable) to provide it. Indeed, as a remedy for Mr. Akhmedov's inability or refusal to access the accounts himself and produce their contents, the English court required him to provide his consent for Google to disclose the contents to Aon, an independent forensic examiner appointed by the English court.

Google does not claim that compliance with the subpoena would pose an undue burden in terms of the effort and expense required to comply. Apart from its desire to avoid exposure under the SCA (described above), Google offers no other explanation for why its status as a non-party to the English proceeding justifies quashing the subpoena. The Court concludes that Applicant has attempted to obtain discovery directly from Mr. Akhmedov in the English proceeding. As those efforts have been unsuccessful, there is no reason Applicant may not subpoena Mr. Akhmedov's communications held by non-party Google.

### C.    Overbreadth

The Court is reluctant to credit an argument Google makes only in a footnote in its opening motion and in its reply. However, for the sake of completeness, the Court addresses Google's argument that Applicant's request for production of the contents of Mr. Akhmedov's email accounts is improper because it is not limited to documents relevant to the matters at issue in the English proceeding.

In the circumstances of this case, Google's objections are not well-taken. Mr. Akhmedov, the party with a direct interest in the scope of production, does not seek a narrowing limitation, although the English court afforded him an opportunity to do so. Also, the English proceeding includes a mechanism by which Mr. Akhmedov will have an opportunity to review the documents Google produces to Aon before they are shared with Applicant or the English court, thereby ensuring that Mr. Akhmedov has an opportunity to raise any objections he may have before the English court, which is in the best position to evaluate questions of relevance or privilege. Conversely, Google does not say how its own interests are adversely affected by the scope of production described in the subpoena.

For these reasons, the Court denies Google's motion to quash the subpoena on the ground

that it is overbroad.

### D.     Scope of Preservation Order

Google argues that its obligation to preserve documents, information and evidence should be limited to the two accounts specifically identified in the subpoena that are still active and acceptable. Additionally, Google asks to be relieved of any preservation obligations once it has made a production of responsive documents pursuant to the subpoena. Applicant concurs in Google's proposed modifications to the Court's prior preservation order.

The Court finds good cause to modify its order regarding Google's preservation obligations and will adopt the parties' proposed modification as set forth below.

## III.   CONCLUSION

For the reasons set forth above, the Court denies Google's motion to quash Applicant's subpoena and grants Google's motion to modify the subpoena and the Court's prior order as follows:

Google shall produce all emails, documents or information regarding the email accounts *khyshen@gmail.com* and *temur.akhmedov1993@gmail.com* which would ordinarily be recoverable to a subscriber or account holder through the account recovery process with Google or based on the consent of the subscriber or account holder. Google shall produce responsive documents directly to the independent IT forensic expert appointed by the English Court, Aon, whose contact information for such production shall be provided by Applicant. Google shall preserve the *khyshen@gmail.com* and *temur.akhmedov1993@gmail.com* accounts for 90 days from the date of this order. This preservation obligation shall elapse unless an application for a renewal for an additional 90 days is filed.

In view of the November 30, 2020 trial date set in the English proceeding, and in view of Google's representation that the production of this material does not require undue effort or expense, the Court expects Google to produce the requested information concerning the *khyshen@gmail.com* and *temur.akhmedov1993@gmail.com* accounts directly to Aon without

delay.

**IT IS SO ORDERED.**