# EXHIBIT D

| | |
|---|---|
| **From:** | Bleicher, Michael (WDC) |
| **To:** | Marie.Larsen@hklaw.com; Daniel.Kappes@hklaw.com; "James.Power@hklaw.com" |
| **Cc:** | Schwartz, Julie (SEA) |
| **Subject:** | RE: Google / Akhmedova / Follow-up Call |
| **Date:** | Friday, February 19, 2021 11:31:00 AM |
| **Attachments:** | Redline of Proposed Changes - Akhmedova - Draft District Court Order & Edits to MJ Order Denying Google"s Motion to Quash Subpoena.docx |

Counsel,

Attached, please find a new redline of our client's proposed changes reflecting our takeaways from the parties' conversation last month. We're available to meet and confer if you'd like to discuss.

Best,
Michael

**Michael Bleicher** | **Perkins Coie LLP**
ASSOCIATE
700 Thirteenth Street, N.W. Suite 600
Washington, DC 20005-3960
D. +1.202.654.6328
F. +1.202.654.6211
E. MBleicher@perkinscoie.com

**From:** Schwartz, Julie (SEA) <JSchwartz@perkinscoie.com>
**Sent:** Thursday, February 4, 2021 3:10 PM
**To:** Marie.Larsen@hklaw.com; Daniel.Kappes@hklaw.com
**Cc:** Bleicher, Michael (WDC) <MBleicher@perkinscoie.com>
**Subject:** RE: Google / Akhmedova / Follow-up Call

Okay, thanks. I will take the call off calendar and let you know our client's final position.

**Julie Schwartz** | **Perkins Coie LLP**
PARTNER
3150 Porter Drive
Palo Alto, CA 94304-1212
D. +1.650.838.4490
F. +1.650.838.4690
E. JSchwartz@perkinscoie.com

**From:** Marie.Larsen@hklaw.com <Marie.Larsen@hklaw.com>
**Sent:** Thursday, February 4, 2021 12:01 PM
**To:** Schwartz, Julie (SEA) <JSchwartz@perkinscoie.com>; Daniel.Kappes@hklaw.com
**Cc:** Bleicher, Michael (WDC) <MBleicher@perkinscoie.com>
**Subject:** RE: Google / Akhmedova / Follow-up Call

Julie,

We have spoken to our client, who is not willing to eliminate the specific sentence focused on during our last call, which was "However, nothing in the SCA requires that consent be communicated in the manner Google prescribes or permits a service provider to dictate the form of acceptable consent."

Along the lines of our last call, our position is that an extensive re-write along the lines proposed exceeds the scope of what the District Court contemplated. We reiterate our willingness to include language which states that the holding in this matter is limited to the factual circumstances therein.

Let us know if you would like to discuss any remaining issues.

Best,
Marie

**Marie Larsen | Holland & Knight**
Partner
Holland & Knight LLP
31 West 52nd Street | New York, New York 10019
Phone 212.513.3477 | Fax 212.341.7167
marie.larsen@hklaw.com | www.hklaw.com

Add to address book | View professional biography

**From:** Schwartz, Julie E. (Perkins Coie) <JSchwartz@perkinscoie.com>
**Sent:** Thursday, February 04, 2021 2:46 PM
**To:** Kappes, Daniel P (SFO - X56951) <Daniel.Kappes@hklaw.com>; Larsen, Marie E (NYC - X73477) <Marie.Larsen@hklaw.com>
**Cc:** Bleicher, Michael (Perkins Coie) <MBleicher@perkinscoie.com>
**Subject:** RE: Google / Akhmedova / Follow-up Call

*[External email]*
Counsel,

Has your client changed her position? If not, I'm not sure we need the call today.

**Julie Schwartz | Perkins Coie LLP**
PARTNER
3150 Porter Drive
Palo Alto, CA 94304-1212
D. +1.650.838.4490
F. +1.650.838.4690
E. JSchwartz@perkinscoie.com

-----Original Appointment-----
**From:** Schwartz, Julie (SEA)
**Sent:** Friday, January 29, 2021 10:23 AM
**To:** Schwartz, Julie (SEA); Daniel.Kappes@hklaw.com; Marie.Larsen@hklaw.com; Bleicher, Michael (WDC)
**Subject:** Google / Akhmedova / Follow-up Call
**When:** Thursday, February 4, 2021 1:00 PM-1:30 PM (UTC-08:00) Pacific Time (US & Canada).
**Where:** WebEx

-- Do not delete or change any of the following text. --

[Join Webex meeting at Perkins Coie LLP](#)
Meeting number (access code): 145 742 0238
Meeting password: 3dgYVEsAP76

**Tap to join from a mobile device (attendees only)**
+1-415-655-0001,,1457420238## US Toll

**Join by phone**
+1-415-655-0001 US Toll
[Global call-in numbers](#)

**Join from a video system or application**
Dial 1457420238@perkinscoie.webex.com
You can also dial 173.243.2.68 and enter your meeting number.  Can't join the meeting?

If you are a host, click here to view host information.
IMPORTANT NOTICE: Please note that this Webex service allows audio and other information sent during the session to be recorded, which may be discoverable in a legal matter. By joining this session, you automatically consent to such recordings. If you do not consent to being recorded, discuss your concerns with the host or do not join the session.

NOTICE: This communication may contain privileged or other confidential information. If you have received it in error, please advise the sender by reply email and immediately delete the message and any attachments without copying or disclosing the contents. Thank you.

NOTE: This e-mail is from a law firm, Holland & Knight LLP ("H&K"), and is intended solely for the use of the individual(s) to whom it is addressed. If you believe you received this e-mail in error, please notify the sender immediately, delete the e-mail from your computer and do not copy or disclose it to anyone else. If you are not an existing client of H&K, do not construe anything in this e-mail to make you a client unless it contains a specific statement to that effect and do not disclose anything to H&K in reply that you expect it to hold in confidence. If you properly received this e-mail as a client, co-counsel or retained expert of H&K, you should maintain its contents in confidence in order to preserve the attorney-client or work product privilege that may be available to protect confidentiality.

**PROPOSED DISTRICT COURT ORDER**

ORDER RE MOTION FOR DE NOVO DETERMINATION OF DISPOSITIVE MATTER REFERRED TO MAGISTRATE JUDGE

Before the Court is Respondent and Non-Party Google LLC's Motion for De Novo Determination of Dispositive Matter Referred to Magistrate Judge or, in the Alternative, for Relief from Nondispositive Order of Magistrate Judge ("Motion") (Dkt. 31). Google's Motion seeks this Court's review of the Magistrate Judge's Order Denying Google's Motion to Quash (Dkt. 20).

A threshold question is which standard of review this Court should apply in reviewing the Magistrate Judge's Order. Google contends that the Magistrate Judge's Order addresses a dispositive matter subject to de novo review, because it would end this Section 1782 proceeding by granting the ultimate relief sought, i.e., an order compelling production of discovery for use in a foreign proceeding. Motion at 6-8. This Court agrees. See, e.g., In re DMCA Subpoena to Reddit, Inc., 441 F. Supp. 3d 875, 880 (N.D. Cal. 2020) (order on a motion to quash a subpoena is dispositive and subject to de novo review where an applicant obtained a subpoena on a freestanding basis, such that "the motion to quash is dispositive of the sole issue presented in the case -- whether the subpoena should be enforced or not"). Accordingly, the Magistrate Judge's Order is best treated as a report and recommendation under 28 U.S.C. § 636(b)(1)(B). The Court will review the Order de novo, 28 U.S.C. § 636(b)(1), but would reach the same conclusions under the more deferential review for a non-dispositive order, id. § 636(b)(1)(A).

The substance of the Motion addresses Google's objections to the Magistrate Judge's denial of its Motion to Quash. Although those objections are overruled for the reasons discussed on the record in open court on December 9, 2020, the Court agrees that some clarifications to the

1

Magistrate Judge's Order are warranted.  In particular, the Court determines that the Magistrate Judge's Order should be clarified as follows.

1. The Order should place the burden of establishing lawful consent under the Stored Communications Act ("SCA") on the party invoking that exception.

2. The Order should more specifically address the basis on which lawful consent was established under the facts and circumstances in this rather unique case. Specifically, here (1) at the direction of the English court, Mr. Temur Akhmedov, a party to the English proceedings, signed mandates under oath expressly stating that he owns the accounts at issue and consented to the production of their contents; (2) the English court issued a statement indicating that it had determined the accounts belonged to Mr. Akhmedov and that the court would be assisted by production of the contents of those accounts; (3) Mr. Akhmedov filed a stipulation in this action confirming that he does not object to production of the contents of the accounts; and (4) the applicant's counsel has represented that, in the underlying litigation, there is no dispute that the accounts belong to the witness, and that the witness has produced native copies of emails with the applicant and his attorneys from the accounts.

The Court therefore sustains in part Google's objections to the Magistrate Judge's Order in part, and will adopt the Magistrate Judge's Order with modifications to Sections II.A and II.B based on Google's objections.

Accordingly, having considered the Motion, the papers filed in support of and in opposition to the Motion, the pleadings herein, and oral argument held on December 9, 2020, the Court now hereby GRANTS the Motion, OVERRULES IN PART AND SUSTAINS IN PART

2

Google's objections to the Magistrate Judge's Order, DENIES Google's Motion to Quash, and ADOPTS the Magistrate Judge's Order AS MODIFIED below.

IT IS SO ORDERED.

**PROPOSED MODIFICATIONS TO MJ ORDER**

**ORDER DENYING GOOGLE'S MOTION TO QUASH SUBPOENA**

On October 6, 2020, the Court granted applicant Tatiana Akhmedova's ("Applicant") ex parte application for an order pursuant to 28 U.S.C. § 1782 authorizing service of a subpoena on Google LLC ("Google") for evidence to be used in pending litigation in the United Kingdom, High Court of Justice, Family Division, Case No. FD13D05340 ("English proceeding"). Dkt. No. 12. The Court amended the order on October 27, 2020 to correct an error. Dkt. No. 18. Google now moves to quash the subpoena on several grounds and to modify the Court's prior order regarding preservation of records. Dkt. No. 20. The Court held a hearing on the motion to quash on November 24, 2020. Dkt. No. 29.

Having considered the relevant submissions and the arguments presented at the hearing, the Court denies Google's motion to quash the subpoena and grants its motion to modify the Court's prior order regarding preservation of records.

**I.   BACKGROUND**

Applicant's subpoena to Google seeks production of the following documents:

a) All non-content electronically stored information ("ESI"), including but not limited to all metadata and subscriber information for the following email accounts:

    i) temur@akhmedov.net;

    ii) temur@stecapital.net;

    iii) khyshen@gmail.com;

    iv) temur.akhmedov1993@gmail.com;

3

>   v) any other email address where Temur Akhmedov is determined to be the subscriber or account holder.
>
> b) All emails, documents or information regarding the above-listed accounts which would ordinarily be recoverable to a subscriber or account holder through the account recovery process with Google or based on the consent of the subscriber or account holder.

Dkt. No. 18. In addition, the Court's order authorizing service of the subpoena required Google to "produce the documents directly to the independent IT forensic expert appointed by the English Court, Aon, whose contact information for such production shall be provided by Ms. Akhmedova," and further required Google to "preserve documents, information and evidence, electronic or otherwise, in its possession, custody or control that contain information potentially relevant to the subject matter of the Ms. Akhmedova's request." *Id.*; *see also* Dkt. No. 20-2.

Temur Akhmedov is Applicant's son and a party to the English proceedings. Dkt. No. 2 ¶ 1. At the English court's direction, Mr. Akhmedov signed and dated four statements (the "mandates")—one for each account—each of which provides in relevant part as follows:

> To whom it may concern:
>
> I, Temur Akhmedov, am the owner of the account [name of account].
>
> I consent to the disclosure of the data contained on or relating to my account of whatever nature (including, but not limited to, emails and documents (including deleted items), account/subscriber information and metadata) being produced to Stroz Friedberg Limited of The Aon Centre . . . .
>
> I further instruct you to provide a copy of all data contained on or relating to my account of whatever nature to Aon as soon as possible, and to follow any and all further instructions from . . . Aon to provide access to or copies of data on or relating to my account.
>
> I withdraw and waive any objection that I have made or could make to the production by Google of any data which is the subject of this consent and instruction pursuant to a subpoena or other court order in any jurisdiction, provided that the subpoena or other court order is consistent with this consent and instruction. I further confirm that I consent to the production of such data (including contents of communications) for purposes of 18 U.S. Code § 2702(b)(3) and (c)(2) pursuant to any subpoena or other court order which is consistent with this consent and instruction.

Dkt. No. 2-8 at ECF p. 5-8. On October 5, 2020, Mr. Akhmedov's counsel filed a stipulation on his behalf in this action indicating that Mr. Akhmedov does not oppose Applicant's application for the discovery described in the subpoena and consents to the application "without qualification." Dkt. No. 9 at 2.

Applicant advises that since the submission of her original application, the English court has issued a statement describing its view of the discovery Applicant seeks from Google as follows:

> For the avoidance of doubt, this court would indeed be assisted by the production of Temur Akhmedov's Google accounts to the independent forensic expert, Aon, appointed by this court.
>
> Careful perusal of the judge's previous orders would have made clear that this material was an important, if not crucial, part of the evidential landscape relating to Temur Akhmedov which this court will need to survey in November and December 2020.
>
> The relief sought in the US District Court does NOT go further than the substance of what the judge intended and ordered.
>
> Further, this court has reason to be grateful for the past assistance provide to it pursuant to title 28 U.S.C. Section 1782 . . . .
>
> Any perception that this court is not solicitous of assistance from the United States District Court could not be further from the truth.

Dkt. No. 21-3 at 2-3.

Applicant and Google subsequently agreed that Google need not produce documents concerning "any other email address where Temur Akhmedov is determined to be the subscriber or account holder," such that the scope of the subpoena is now limited to the four accounts that are specifically identified by reference to an associated email address. Dkt. No. 20 at 5. Google has produced responsive non-content information for the four accounts described in subsection (a) of the subpoena but objects to producing the responsive content described in subsection (b). *Id.* The parties agree that only two of the four accounts—those associated with the email

addresses *khyshen@gmail.com* and *temur.akhmedov1993@gmail.com*—are still active and accessible. Dkt. No. 29. Google objects to the Court's order requiring it to preserve information beyond these two specific accounts. Dkt. No. 20 at 3; Dkt. No. 29.

II.     DISCUSSION

Google moves to quash or modify the subpoena and the Court's prior order on four grounds. First, Google argues that Title II of the Electronic Communications Privacy Act, known as the Stored Communications Act ("SCA"), 18 U.S.C. §§ 2701-2703, prohibits production of the contents of the accounts. Second, Google argues that Applicant must exhaust efforts to obtain the contents of the accounts from Mr. Akhmedov before seeking discovery from Google. Third, Google argues, in a footnote, that the subpoena is overbroad and seeks information that is not relevant to the English proceeding. Fourth, Google argues that because it cannot ascertain what evidence must be preserved, beyond the identified accounts, the Court's preservation order should be modified. The Court considers each argument separately.

A.     Stored Communications Act

The SCA prohibits service providers, like Google, from disclosing the contents of an account holder's electronic communications, unless one of several exceptions applies. 18 U.S.C. § 2702(a)(1), (a)(2); 18 U.S.C. § 2702(b)(1)-(9). The parties agree that one such exception is that a service provider may disclose the contents of an account holder's electronic communications with the "lawful consent" of the account holder. 18 U.S.C. § 2702(b)(3).

Google argues that Mr. Akhmedov's ~~purported~~ consent to production of the contents of the accounts does not meet the statutory requirement of "lawful consent" because the evidence before the Court does not sufficiently establish that Mr. Akhmedov is the account holder for the accounts, including because Mr. Akhemedova was unable or unwilling to use Google's account

6

recovery options to access the accounts himself. Specifically, Google ~~argues that it~~ has developed a ~~"verified consent"~~ process to verify that the person who is providing consent is, in fact, the account holder. This requires an account holder to (1) log in to the account at issue, (2) send an email to Google from the account attaching a court order to produce account holder's communications, and (3) provide an express statement consenting to Google's disclosure. Dkt. No. 20 at 7. ~~Google insists that its verified-consent process is the only acceptable means for an account holder to indicate consent.~~ Given the nature and magnitude of its service, Google says that it cannot reasonably be expected to evaluate other means of expression of consent or to make judgments about whether a purported account holder is, in fact, the owner of a Google account, and that requiring it to make such judgments creates an unacceptable risk of exposure under the SCA. Dkt. No. 29.

      Google's concern for the privacy and security of its account holders' communications is commendable, and its ~~verified-consent~~ process is undoubtedly a satisfactory mechanism to verify account ownership and obtain the account holder's consent. ~~However, nothing in the SCA requires that consent be communicated in the manner Google prescribes or permits a service provider to dictate the form of acceptable consent.~~ In this case, neither Mr. Akhmedov's status as the holder of the accounts nor his consent to production of their contents is reasonably in dispute. In the mandates he signed, at the direction of the English court, Mr. Akhmedov expressly states that he owns the accounts and consents to Google's production of their contents, including specifically for purposes of compliance with the SCA.[1] Likewise, Mr. Akhmedov has filed a stipulation in this action indicating that he does not object to Applicant's effort to obtain production of the contents of the accounts from Google. The English court issued a statement

---

[1] The English court has accepted both Mr. Akhmedov's representations and other evidence before it in concluding that he owns the accounts and in ordering him to produce their contents.

7

indicating that it had determined the accounts belonged to Mr. Akhmedov and that the court would be assisted by production of the contents of those accounts. Furthermore, Applicant's counsel has represented that there is no dispute in the underlying litigation that the accounts belong to Mr. Akhmedov and that he has produced emails from the accounts in the litigation.

Google suggests that Mr. Akhmedov's statements are untrustworthy because he has engaged in a "pattern of deceptive and destructive behavior" in the English court. Dkt. No. 20 at 7. Even so, Mr. Akhmedov's generally uncooperative behavior in the English proceeding does not inform the specific question before this Court, which is whether the accounts belong to Mr. Akhmedov and whether he consents to Google's production of their contents. Under the unique and specific factual circumstances presented in this case, ~~The only information in the record before~~ the Court find~~is~~ that the accounts belong to Mr. Akhmedov, ~~. Google points to no evidence suggesting that Mr. Akhmedov is not the owner of the accounts,~~ and that he has clearly and expressly consented to production of their contents..

Accordingly, the Court concludes that Applicant's subpoena for production of the contents of the accounts falls within the "lawful consent" exception to the SCA's prohibition against disclosure of an account holder's electronic communications. The Court emphasizes that this Order is limited to the facts and circumstances in this rather unique case, and is not intended to be representative of any production obligations vel non for Google in other cases

     **B.**     **Duty to Obtain Discovery from Party**

Google's argument that the Court should quash Applicant's subpoena because she failed to exhaust efforts to obtain discovery directly from Mr. Akhmedov in the English proceeding is unavailing under the circumstances~~circumstanceshas no merit~~. The record reflects that Applicant has attempted to obtain the discovery from Mr. Akhmedov, but he has refused (or has been

8

unable) to provide it. Indeed, as a remedy for Mr. Akhmedov's inability or refusal to access the accounts himself and produce their contents, the English court required him to provide his consent for Google to disclose the contents to Aon, an independent forensic examiner appointed by the English court.

Google does not claim that compliance with the subpoena would pose an undue burden in terms of the effort and expense required to comply. Apart from its desire to avoid exposure under the SCA (described above), Google offers no other explanation for why its status as a non-party to the English proceeding justifies quashing the subpoena. The Court concludes that Applicant has attempted to obtain discovery directly from Mr. Akhmedov in the English proceeding. As those efforts have been unsuccessful, there is no reason Applicant may not subpoena Mr. Akhmedov's communications held by non-party Google

    **C.    Overbreadth**

The Court is reluctant to credit an argument Google makes only in a footnote in its opening motion and in its reply. However, for the sake of completeness, the Court addresses Google's argument that Applicant's request for production of the contents of Mr. Akhmedov's email accounts is improper because it is not limited to documents relevant to the matters at issue in the English proceeding.

In the circumstances of this case, Google's objections are not well-taken. Mr. Akhmedov, the party with a direct interest in the scope of production, does not seek a narrowing limitation, although the English court afforded him an opportunity to do so. Also, the English proceeding includes a mechanism by which Mr. Akhmedov will have an opportunity to review the documents Google produces to Aon before they are shared with Applicant or the English court, thereby ensuring that Mr. Akhmedov has an opportunity to raise any objections he may have

9

before the English court, which is in the best position to evaluate questions of relevance or privilege. Conversely, Google does not say how its own interests are adversely affected by the scope of production described in the subpoena.

For these reasons, the Court denies Google's motion to quash the subpoena on the ground that it is overbroad.

### D. Scope of Preservation Order

Google argues that its obligation to preserve documents, information and evidence should be limited to the two accounts specifically identified in the subpoena that are still active and acceptable. Additionally, Google asks to be relieved of any preservation obligations once it has made a production of responsive documents pursuant to the subpoena. Applicant concurs in Google's proposed modifications to the Court's prior preservation order.

The Court finds good cause to modify its order regarding Google's preservation obligations and will adopt the parties' proposed modification as set forth below.

### III. CONCLUSION

For the reasons set forth above, the Court denies Google's motion to quash Applicant's subpoena and grants Google's motion to modify the subpoena and the Court's prior order as follows:

Google shall produce all emails, documents or information regarding the email accounts *khyshen@gmail.com* and *temur.akhmedov1993@gmail.com* which would ordinarily be recoverable to a subscriber or account holder through the account recovery process with Google or based on the consent of the subscriber or account holder. Google shall produce responsive documents directly to the independent IT forensic expert appointed by the English Court, Aon, whose contact information for such production shall be provided by Applicant. Google shall

10

preserve the *khyshen@gmail.com* and *temur.akhmedov1993@gmail.com* accounts for 90 days from the date of this order. This preservation obligation shall elapse unless an application for a renewal for an additional 90 days is filed.

      In view of the November 30, 2020 trial date set in the English proceeding, and in view of Google's representation that the production of this material does not require undue effort or expense, the Court expects Google to produce the requested information concerning the *khyshen@gmail.com* and *temur.akhmedov1993@gmail.com* accounts directly to Aon without delay.

      **IT IS SO ORDERED.**