1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

HOLLAND & KNIGHT LLP
James H. Power *(pro hac vice)*
Daniel P. Kappes (SBN 303454)
50 California Street, 28th Floor
San Francisco, CA 94001
T 415.743.6900 | F 415.743.6951
E-mail: james.power@hklaw.com
E-mail: daniel.kappes@hklaw.com

Attorneys for Applicant
*Tatiana Akhmedova*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

|  |  |
|---|---|
| IN RE APPLICATION OF TATIANA AKHMEDOVA,<br><br>                    Applicant,<br><br>REQUEST FOR DISCOVERY PURSUANT TO 28 U.S.C. § 1782. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | Case No. 5:20-mc-80156-JD<br><br>**OPPOSITION TO GOOGLE LLC'S RENEWED MOTION FOR DE NOVO DETERMINATION OF DISPOSITIVE MATTER REFERRED TO MAGISTRATE JUDGE, OR IN THE ALTERNATIVE, FOR RELIEF FROM NONDISPOSITIVE ORDER OF MAGISTRATE JUDGE**<br><br>Date: May 6, 2021<br>Time: 10:00 am<br>Judge: Hon. James Donato<br>Courtroom 11, 19th Floor |

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ........................................................................................................ ii

OPPOSITION TO GOOGLE LLC'S RENEWED MOTION FOR DE NOVO REVIEW OR IN
THE ALTERNATIVE, FOR RELIEF FROM ORDER................................................................. 1

BACKGROUND FACTS AND PROCEDURAL HISTORY ...................................................... 1

ARGUMENT ............................................................................................................................... 3

       I. ......... THE MAGISTRATE JUDGE'S RULING SHOULD BE UPHELD AS
              WRITTEN REGARDLESS OF THE STANDARD OF REVIEW ........................... 3

      II......... THE MAGISTRATE'S ORDER DENYING GOOGLE'S MOTION TO
             QUASH IS PROPER AS WRITTEN..................................................................... 6

            A.      Applicant Met Her Burden to Establish Lawful Consent of the Account
                      Holder Under the SCA, and the Court Properly Rejected Google's
                      Verification Requirement .......................................................................... 6

CONCLUSION ............................................................................................................................ 8

1

## <u>TABLE OF AUTHORITIES</u>

2

**Page(s)**

3

**Cases**

4

*In re Application of Quadre Investments, L.P.*,
  No. 18 Misc. 118 (AB), 2019 WL 1075274 (C.D. Cal. Jan. 7,2019) ...........................................4

5

6

*In re Application of Rainsy*,
  No. 16-mc-80258, 2017 WL 528476 (N.D. Cal. Feb. 9, 2017) .................................................4

7

*Campbell v. City of Milpitas*,
  No. 13-CV-03817, 2014 WL 5077135 (N.D. Cal. Oct. 9, 2014) .................................................5

8

9

*Four Pillars Entertainment Co., Ltd. v. Avery Dennison Corp.*,
  308 F.3d 1075 (9th Cir. 2002) ...................................................................................................4

10

11

*In re Hulley Enterprises Ltd.*,
  400 F. Supp. 3d 62 (S.D.N.Y. 2019) .....................................................................................4, 5

12

*Jordan v. Commissioner, Mississippi Department of Corrections*,
  947 F.3d 1322 (11th Cir. 2020) .................................................................................................4

13

14

*Nikon Corp. v. Global Foundries U.S., Inc.*,
  No. 17-mc-80071, 2017 WL 4647753 (N.D. Cal. Oct. 16, 2017)...............................................4

15

16

*Perry v. Schwarzenegger*,
  268 F.R.D. 344 (N.D. Cal. 2010) ..............................................................................................5

17

*In re Pola Maritime Ltd.*,
  No. 416-333, 2018 A.M.C. 982, 2018 WL 1787181 (S.D. Ga. 2018) .......................................4

18

19

*United States v. Abonce-Barrera*,
  257 F.3d 959 (9th Cir. 2001).....................................................................................................5

20

21

*United States v. U.S. Gypsum Co.*,
  333 U.S. 364 (1948)...................................................................................................................5

22

**Statutes**

23

18 U.S.C. § 2701, *et seq.* ...............................................................................................*passim*

24

28 U.S.C. § 636(b)(1)(A).........................................................................................................4, 5

25

28 U.S.C. § 1782 .......................................................................................................................1, 4

26

27

Fed. R. Civ. P. 72(a) .................................................................................................................4, 5

28

OPPOSITION TO GOOGLE LLC'S RENEWED MOTION FOR DE
NOVO REVIEW OR FOR RELIEF FROM ORDER                                    Case No. 5:20-mc-80156-JD

1

**Other Authorities**

Jon Swartz, *Google becomes third U.S. tech company worth $1 trillion*, Market
Watch (Jan. 16, 2020), https://www.marketwatch.com/story/google-parent-
alphabet-joins-1-trillion-in-market-value-for-first-time-2020-01-16 (Jan 16,
2020) ...................................................................................................................................7

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

OPPOSITION TO GOOGLE LLC'S RENEWED MOTION FOR DE
NOVO REVIEW OR FOR RELIEF FROM ORDER                    Case No. 5:20-mc-80156-JD

1

2

## OPPOSITION TO GOOGLE LLC'S RENEWED MOTION FOR DE NOVO REVIEW OR IN THE ALTERNATIVE, FOR RELIEF FROM ORDER

3       Applicant Tatiana Akhmedova ("Ms. Akhmedova" or "Applicant") submits this

4   memorandum of law in opposition to Google, LLC's ("Google") renewed motion for *de novo*

5   determination of a dispositive matter referred to the magistrate judge, or in the alternative, for relief

6   from a non-determinative pretrial order of the magistrate judge.  For the reasons set forth below, this

7   Court should deny Google's renewed motion, as it has already properly overruled Google's objections

8   to the Magistrate Judge's Order directing Google to immediately produce the requested information

9   on the basis of the account holder's lawful consent under the Federal Stored Communications Act,

10  18 U.S.C. § 2701, *et seq.*  As confirmed by this Court at the December 9, 2020 hearing, Judge

11  DeMarchi's Order is consistent with the facts, and correctly applies the law.  This Court has ruled

12  from the bench that its Order directing the production of documents by Google is limited to the facts

13  and circumstances of this case, thus obviating the alleged concerns raised by Google.  Accordingly,

14  this Court should uphold the Order as currently drafted, or at the very least, decline to enter the revised

15  order as drafted by Google.

16  ## BACKGROUND FACTS AND PROCEDURAL HISTORY

17      On September 16, 2020, Applicant filed an Application in this Court under 28 U.S.C. § 1782

18  (the "1782 Application") seeking discovery with respect to documents located in this judicial district

19  in the possession or control of Google for use in the then-pending litigation in the United Kingdom

20  (High Court of Justice, Family Division, Case No. FD13D05340) (the "English Proceeding"), which

21  application was granted.  Dkt. 12, as amended at Dkt. 18.  The factual background of this dispute

22  including the English Proceeding and the discovery sought in support thereof is fully set forth in the

23  1782 Application, in Applicant's opposition to Google's motion to quash, and in Applicant's

24  opposition to Google's initial motion for *de novo* review, filed on November 17, 2020.  Dkts. 1-3, 22,

25  39.  Applicant fully incorporates those details here.

26      Notwithstanding the lawful consent provided by Temur Akhmedov as the subscriber to the

27  Google-hosted email accounts pursuant to the Stored Communications Act ("SCA") as established in

28  the English Proceeding and before this Court, Google moved to quash the subpoena, arguing that

1

1  producing the requested information would constitute a violation of the federal SCA.  Specifically,

2  Google argued that 1) the SCA prohibits it from producing the contents of an account holder's

3  information in response to a civil subpoena; 2) the "lawful consent" exception under 18 U.S.C. §

4  2702(b)(3) was not met on the basis of the Temur's inability to provide lawful consent via Google's

5  "verified consent" process;[1] and 3) the information requested may not be relevant in the English

6  Proceedings, and that Applicant must seek production of the emails from the account holder, Temur,

7  directly, as opposed to from Google as the provider.  Dkt. 20.

8      On November 24, 2020, Magistrate Judge DeMarchi issued an order denying Google's

9  motion to quash the production of information related to the two active email accounts of Temur

10  Akhmedov, khyshen@gmail.com and temur.akhmedov1993@gmail.com.  Dkt. 30.  In her reasoned

11  opinion and order, Judge DeMarchi noted that contrary to Google's argument, nothing in the SCA,

12  18 USC § 2702(b)(3) requires that lawful consent to the production of a subscriber's content "be

13  communicated in the manner Google prescribes or permits a service provider to dictate the form of

14  acceptable consent."  Dkt. 30 at 5.  The Magistrate further noted that Temur's status as the account

15  holder was not "reasonably in dispute," and that he had provided express, lawful consent in the

16  English Proceeding, and which consent was on the record in this action.  *Id.*  The Magistrate ordered

17  that "[i]n view of the November 30, 2020 trial date set in the English proceeding, and in view of

18  Google's representation that the production of this material does not require undue effort or expense,

19  the Court expects Google to produce the requested information concerning the khyshen@gmail.com

20  and temur.akhmedov1993@gmail.com accounts directly to Aon without delay."  Dkt. 30 at 7-8.

21      On November 17, 2020 Google filed a motion for *de novo* review of the Magistrate's order,

22  or in the alternative, for relief from the order based on certain objections of the non-dispositive order.

23  Dkt. 31.  In its motion for review Google argued that 1) Ms. Akhmedova should have been required

24  to undertake further efforts to obtain the requested information directly from Mr. Akhmedova, and 2)

25  that the Magistrate Judge's order improperly shifted the burden to Google to rebut evidence of lawful

26  _____

27  [1] Specifically, Google argued "Google has developed a verified-consent process that is consistent with the SCA to ensure that consent to production of content is lawful… Applicant should be required to review the non-consent production to see if access to the Accounts can be recovered.  Only then can Google verify consent and produce content in response to the Subpoena."  Dkt. 20 at 12-13.

28

OPPOSITION TO GOOGLE LLC'S RENEWED MOTION FOR DE
NOVO REVIEW OR FOR RELIEF FROM ORDER                    Case No. 5:20-mc-80156-JD

consent.  Dkt. 31.  A hearing was held on December 9, 2020 before this Court in which this Court noted that Google "misconstru[es] the order" (Dkt. 45 at 4), which does not improperly shift the burden to Google to show lawful consent, but properly noted that Applicant met her burden to show lawful consent of the account holder, to which Google improperly expressed doubts ("[h]e does not have to prove to Google's satisfaction that they have passed muster from Google's internal criterion. That is not the test." Dkt. 45 at 3).  The Court further held that "the heart of the order is perfectly fine" and that requiring Google to submit a factual basis for its rejection of the lawful consent established by Applicant was not an improper shifting of the burden under the SCA.  Dkt. 45 at 4, 8-9.  The Court confirmed that "we're talking only about the application of this particular set of facts" (Dkt. 45 at 4), but stated that if Google wished to raise additional issues with the Magistrate's order not addressed at the hearing that it could make such a motion.

Following the December 9, 2020 hearing, Google and Ms. Akhmedova's counsel met and conferred on several instances in order to attempt to address Google's concerns with the wording of the Magistrate Judge's order.  The parties were unable to reach an agreement because, as can be seen by the form of Google's proposed order here (Dkt. 47-9), Google now attempts not only to limit the application of the order to facts and circumstances of this case, but to entirely re-write the Magistrate Judge's holdings, including the citation of additional legal authority and a re-characterization of the lawful consent arguments previously made by Google.  *See* Dkt. 47-7.  While it may be that Google wishes for this Court to eliminate the express portions of the Magistrate's order which rejected Google's arguments under the SCA, the holdings contained therein are legally sound, and keeping the original language in the order is necessary in order to prevent Google from relying on its verified consent process as a basis to reject its discovery obligations in circumstances where lawful consent has been established, as here.

## ARGUMENT

## I.  THE MAGISTRATE JUDGE'S RULING SHOULD BE UPHELD AS WRITTEN REGARDLESS OF THE STANDARD OF REVIEW

Google's renewed motion seeks a determination that the appropriate standard of review of the Magistrate Judge's order is a *de novo* review, based on its contention that the ruling was dispositive,

OPPOSITION TO GOOGLE LLC'S RENEWED MOTION FOR DE
NOVO REVIEW OR FOR RELIEF FROM ORDER                    Case No. 5:20-mc-80156-JD

and therefore the Magistrate should have issued a report and recommendation.  Dkt. 47 at 7 (citing *In re DMCA Subpoena to Reddit, Inc.*, 441 F. Supp. 3d 875, 880–81 (N.D. Cal. 2020)).  Specifically, Google argues that because the order would end this Section 1782 proceeding, granting the ultimate relief sought (an order compelling production of discovery for use in a foreign proceeding), that the order is considered dispositive and subject to de novo review.  Dkt. 47 at 6-7.

Applicant respectfully submits that the caselaw cited by Google and referred to by this Court at the December 9, 2020 hearing (*see* Dkt. 45 at 14) is inapplicable to relief sought pursuant to 28 U.S.C. § 1782.  In *Nikon Corp. v. Global Foundries U.S., Inc.*, No. 17-mc-80071, 2017 WL 4647753 (N.D. Cal. Oct. 16, 2017), this Court noted that while neither the Supreme Court nor the Ninth Circuit has squarely addressed this question, in *Four Pillars Entertainment Co., Ltd. v. Avery Dennison Corp.*, 308 F.3d 1075 (9th Cir. 2002), the Ninth Circuit applied an abuse of discretion standard in reviewing a magistrate judge's order relevant to a Section 1782 application.  *Id.* at *2.  Accordingly, many courts within the Ninth Circuit have relied on *Four Pillars* to conclude that a 1782 application is a non-dispositive matter subject to review for clear error under 28 U.S.C. § 636(b)(1)(A) and Fed. R. Civ. P. 72(a).  *Id.* at *2 (citing *In re Application of Rainsy*, No. 16-mc-80258, 2017 WL 528476, at *1, nt. 1 (N.D. Cal. Feb. 9, 2017); *In re Application of AIS GmbH Aachen Innovative Sols. & Abiomed Europe GmbH*, No. 16-mc-80094, 2017 WL 3115228, at *3 (N.D. Cal. July 21, 2017)).

A majority of courts in other jurisdictions agree.  In *In re Hulley Enterprises Ltd.*, 400 F. Supp. 3d 62, 71 (S.D.N.Y. 2019), the Court performed a survey of district court decisions and noted that most lower courts have found that such rulings are not dispositive and are therefore subject to review only for clear error.  *See also In re Application of Quadre Investments, L.P.,* No. 18 Misc. 118 (AB), 2019 WL 1075274, at *1 (C.D. Cal. Jan. 7 ,2019) (noting that the "majority" of courts to address the issue have ruled that "a §1782 application is a non-dispositive matter subject to review for clear error"); *In re Pola Maritime Ltd.*, No. 416-333, 2018 A.M.C. 982, 2018 WL 1787181 (S.D. Ga. 2018); *Jordan v. Commissioner, Mississippi Department of Corrections*, 947 F.3d 1322, 1327-1328 (11th Cir. 2020).  The *Hulley* Court detailed how "a ruling is dispositive if it resolves substantive claims for relief rather than mere issues in the litigation… a § 1782 motion, however, is ancillary by nature… although a ruling on a § 1782 motion may terminate a matter before a U.S. court, it does not

4

dispose of the underlying claims or defenses pending in the foreign or international tribunal." *Id.* at 71 (citations omitted).

Based on the non-dispositive nature of the Magistrate Judge's order, this Court "must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a); *see also* 28 U.S.C. § 636(b)(1)(A). This standard is not easily satisfied because it affords the magistrate judge significant deference. *United States v. Abonce-Barrera*, 257 F.3d 959, 969 (9th Cir. 2001) ("[T]he text of the Magistrates Act suggests that the magistrate judge's decision in such nondispositive matters is entitled to great deference by the district court."). "This standard is highly deferential—the district judge may not simply substitute his or her judgment for that of the magistrate judge." *Campbell v. City of Milpitas*, No. 13-CV-03817, 2014 WL 5077135, at *1 (N.D. Cal. Oct. 9, 2014) (*citing Grimes v. City and Cnty. of San Francisco*, 951 F.2d 236, 241 (9th Cir. 1991)). "A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court, after reviewing the entire evidence, is left with the definite and firm conviction that a mistake has been committed." *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948). The legal conclusions of a magistrate judge are 'contrary to law' if the magistrate applies an incorrect legal standard or fails to consider an element of the applicable standard. *Perry v. Schwarzenegger*, 268 F.R.D. 344, 348 (N.D. Cal. 2010).

Notwithstanding the above authorities, Applicant respectfully submits that Google's argument concerning the standard of review is not a sufficient basis for this Court to issue a revised order completely re-written by Google to suit its own interests, where this Court has already ruled that "either under a de novo or clearly an [sic] erroneous review, the production order stands." (Dkt. 45 at 14). This Court also held that "the heart of the order is perfectly fine. The lawful owner of the accounts has consented and Google has no right and no prerogative to stand in the way of that production and certainly does not make -- has no right to require the person who's claimed ownership to jump through Google hoops when the status just says 'lawfully consents' and that has been amply established in this case." Dkt. 45 at 8-9. In addition to Google's production obligation (which Applicant does not dispute has been met as of December 2020), neither standard of review allows

OPPOSITION TO GOOGLE LLC'S RENEWED MOTION FOR DE
NOVO REVIEW OR FOR RELIEF FROM ORDER                                        Case No. 5:20-mc-80156-JD

1   Google to propose a re-write to the Magistrate Judge's order which seeks to eliminate the above

2   holdings.

3   **II.    THE    MAGISTRATE'S    ORDER    DENYING    GOOGLE'S    MOTION    TO**

4   **QUASH IS PROPER AS WRITTEN**

5   Google's motion for relief from the Magistrate's Order fails because it improperly seeks to

6   re-write the order to avoid the holdings as written.  Even applying the higher *de novo* standard of

7   review, this Court has already found that the Magistrate Judge properly denied Google's motion to

8   quash on the basis of Temur's express, lawful consent to the disclosure of information under the SCA,

9   rejecting Google's prior arguments that Applicant was required to establish lawful consent under the

10  SCA through Google's "required" verification process.  Dkt. 45.  While the Court granted permission

11  at the December 9, 2020 hearing to Google to raise any ***additional*** issues with the order not reached

12  at the hearing (*id.*), Google now simply re-argues that in noting that lawful consent had been

13  established outside of the Google-created verified consent process, the Court improperly shifted the

14  burden of rebutting lawful consent to Google.  Dkt. 47 at 7-9.  This Court has already rejected that

15  interpretation of the Magistrate Judge's order, which simply points out that Google improperly

16  declined to accept the form of consent presented by Applicant - the sworn declarations submitted by

17  Temur Akhmedov in the English Proceeding and in this proceeding.  Accordingly, Applicant has met

18  her burden under the SCA and the production by Google was directed to be made.

19  **A.    Applicant Met Her Burden to Establish Lawful Consent of the Account Holder**

20  **Under the SCA, and the Court Properly Rejected Google's Verification**

21  **Requirement**

22  Generally, the SCA, 18 U.S.C. § 2701, *et seq.*, prohibits electronic communication service

23  providers from "knowingly divulg[ing] to any person or entity the contents of a communication while

24  in electronic storage by that service".  18 U.S.C. § 2702(a)(1).  The Act provides exceptions for the

25  disclosure of communications "with the lawful consent of the originator or an addressee or intended

26  recipient of such communication, or the subscriber in the case of a remote computing service."  §

27  2702(b)(3).  As held by this Court, the information requested by Applicant falls into the Act's

28  exception from disclosure under Section 2702(b)(3) based on Temur's lawful consent, as reflected in

OPPOSITION TO GOOGLE LLC'S RENEWED MOTION FOR DE
NOVO REVIEW OR FOR RELIEF FROM ORDER                                    Case No. 5:20-mc-80156-JD

1  the documents executed in the English Proceeding, referred to herein as the "Google Mandates" (Dkt.
2  2-8 at 4-8), and as further confirmed by Temur's appearance and stipulation in this action confirming
3  that he does not object to the disclosure of the content of his email accounts (at Dkt. 9).

4      Notwithstanding the above forms of consent on the record in this case, Google argued that
5  Applicant has failed to meet her burden to show that Mr. Temur Akhmedov is the account holder of
6  the khyshen@gmail.com and temur.akhmedov1993@gmail.com accounts.  Dkt. 31 at 17-19.  The
7  Magistrate Judge aptly noted that in this case, "neither Mr. Akhmedov's status as the account holder
8  of the accounts nor his consent to production of their contents is reasonably in dispute… the only
9  information in the record before the Court is that the accounts belong to Mr. Akhmedov.  Google
10 points to no evidence suggesting that Mr. Akhmedov is not the owner of the accounts, and he has
11 clearly and expressly consented to production of their contents."  Dkt. 30 at 5.

12     In connection with its dispute as to ownership of the account, Google made the related
13 argument that ownership of an account, and therefore "lawful consent" pursuant to the SCA, can only
14 be demonstrated through Google's account verification process wherein an email is sent directly from
15 the account(s) at issue.  *See* Dkt. 20-4 at 5 (Google objection to subpoena wherein it states
16 "verification is necessary to establish lawful consent under the SCA" and setting out Google's
17 required user verification process); Dkt. 20 at 12-13 (same, cited at nt. 1, *supra*).  Based on these
18 arguments, the Magistrate Judge held that Google's "verified-consent process is undoubtedly a
19 satisfactory mechanism to obtain the account holder's consent.  However, nothing in the SCA requires
20 that consent be communicated in the manner Google prescribes or permits a service provider to dictate
21 the form of acceptable consent."  Dkt. 30 at 5.  Now, faced with that legally sound holding, Google
22 is unhappy because it claims that it does not actually require the verification process in ***all***
23 ***circumstances***, but that it only argued that the process was appropriate ***here*** (Dkt. 47 at 9), and that
24 the Order's failure to make note of this nuance may impose a greater burden on Google in future
25 cases.

26     Google - one of the largest email providers in the world, and whose parent company is
27 commonly known to be one of the most powerful companies in the world valued at $1 trillion dollars[2]

28

[2] Jon Swartz, *Google becomes third U.S. tech company worth $1 trillion*, Market Watch (Jan. 16, 2020),

OPPOSITION TO GOOGLE LLC'S RENEWED MOTION FOR DE
NOVO REVIEW OR FOR RELIEF FROM ORDER            Case No. 5:20-mc-80156-JD

1  - complains that the Magistrate Judge's order which notes that once lawful consent is established

2  Google must have a credible basis for denying its legal obligation to produce information, "would

3  place a heavy burden on Google to investigate claims regarding consent." Dkt. 47 at 9. But Google

4  is already required to consider whether lawful consent under the SCA has been provided in order to

5  determine whether to comply with legal subpoenas directed to it. This is a burden placed on it by

6  Congress. This Court has simply confirmed that Google is not permitted to rely on its own verified

7  consent process as the sole manner of confirming that such consent has been provided, usurping all

8  other forms of consent permitted under the SCA. This is an accurate interpretation of the SCA, and

9  is an important legal holding. While limiting lawful consent to the verified consent process might

10 streamline Google's legal compliance tasks (though Google fails to present any evidence in this

11 regard), this is not what Congress intended. Google's attempt to re-write the language of this Court's

12 rulings in order to better position itself in future litigations, or to avoid litigation by smaller actors

13 who are not in a position to fight Google's refusal to produce documents as required under the law,

14 should be categorically denied. Such efforts are better left for Google's cadre of D.C. lobbyists.

15                                        **CONCLUSION**

16        Based on the foregoing, Applicant respectfully states that this Court should deny Google's

17 Renewed Motion for de novo review of the Magistrate Judge's order denying Google's motion to

18 quash, or for relief from the Magistrate Judge's Non-Dispositive Order. This Court has already

19 affirmed the Magistrate's holdings that the consent provided by Temur constitutes "lawful consent"

20 pursuant to the SCA, and should deny Google's request to enter a revised order in the form drafted

21 by Google.

22
23 DATED: April 15, 2021                HOLLAND & KNIGHT LLP

24                                        _____/s/ Dan Kappes_____
25                                        Attorneys for Applicant
                                          *Tatiana Akhmedova*
26
27
28 ─────────────────
https://www.marketwatch.com/story/google-parent-alphabet-joins-1-trillion-in-market-value-for-first-time-2020-01-16.

8
OPPOSITION TO GOOGLE LLC'S RENEWED MOTION FOR DE
NOVO REVIEW OR FOR RELIEF FROM ORDER            Case No. 5:20-mc-80156-JD