Julie E. Schwartz, Bar No. 260624
JSchwartz@perkinscoie.com
PERKINS COIE LLP
3150 Porter Drive
Palo Alto, CA 94304
Telephone: 650.838.4300
Facsimile: 650.838.4350

*Attorney for Respondent and Non-Party Google LLC*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE EX PARTE APPLICATION OF TATIANA AKHMEDOVA,<br><br>Applicant. | Case No. 20-mc-80156-JD<br><br>**RESPONDENT AND NON-PARTY GOOGLE LLC'S REPLY IN SUPPORT OF RENEWED MOTION FOR DE NOVO DETERMINATION OF DISPOSITIVE MATTER REFERRED TO MAGISTRATE JUDGE OR, IN THE ALTERNATIVE, FOR RELIEF FROM NONDISPOSITIVE ORDER OF MAGISTRATE JUDGE**<br><br>Date: May 6, 2021<br>Time: 10:00 a.m.<br>Judge: Hon. James Donato<br>Courtroom 11, 19th floor |

## I. INTRODUCTION

Respondent and Non-Party Google LLC ("Google") respectfully requests that the Court grant its renewed Motion for De Novo Determination of Dispositive Matter Referred to Magistrate Judge or, in the alternative, Motion for Relief from Nondispositive Pretrial Order of Magistrate Judge, Dkt. No. 47 ("Renewed Motion") regarding the Magistrate Judge's November 24, 2020 order. *See* Dkt. No. 30 ("Order"); Dkt. No. 45 ("Transcript").

It is unclear why Applicant opposes all but one of the modifications proposed by Google. *See* ECF No. 48 ("Opp."). Applicant has no apparent stake in the modifications—Google produced the documents Applicant sought *back in December 2020*, fulfilling Google's obligations in this matter, and the proposals are non-controversial. Google simply asks the Court to (1) confirm that it applied the de novo standard of review, consistent with the Court's prior decision in and reference to *In re DMCA Subpoena to Reddit, Inc.*, 441 F. Supp. 3d 875, 880 (N.D. Cal. 2020) ("*Reddit*") at the December 2020 hearing, (2) modify broad language that can be misconstrued with regard to who bears the burden of establishing lawful consent under the federal Stored Communications Act ("SCA"), 18 U.S.C. § 2701 *et seq.*, and (3) limit the Order to the facts of the case (Applicant consents to this modification).

Google proposes these modifications to avoid unnecessary legal disputes in countless matters moving forward. In addition to other minor clarifications, there are three key sentences in the Order that are problematic from a legal perspective:

- Google insists that its verified-consent process is the only acceptable means for an account holder to indicate consent. (Order at 4);
- However, nothing in the SCA requires that consent be communicated in the manner Google prescribes or permits a service provider to dictate the form of acceptable consent. (*Id.* at 5);
- Google points to no evidence suggesting that Mr. Akhmedov is not the owner of the accounts… (*Id.*).

Since the issuance of the Magistrate's Order, Google has already faced arguments that it must now accept *any* form of consent that it is provided, and that the only way it may refute such

consent is if Google affirmatively provides evidence that someone is not the account holder.[1] Google receives a huge volume of legal process, and it must be able to evaluate claims of account holdership to protect user privacy and avoid risk under the SCA. If a dispute exists, then it is the province of the Court to review the evidence and decide whether the proponent of the exception has established lawful consent. Google's straightforward proposed modifications are designed to clarify the law in this regard and alleviate the issues the Order presents to Google from a legal and practical perspective going forward.

Applicant's Opposition to these modifications is not only peculiar since Google has long since produced the data requested in the underlying matter, but also meritless. Contrary to Applicant's argument, the Court authorized Google to raise these issues and *any* issues, other than Google's immediate production obligation, that "concern[ed] [Google] … as a legal matter" at a later date. Tr. at 15:14-15. Further, there is no reason to depart from the Court's prior ruling in *Reddit* that orders on motions to quash by magistrate judges are reviewed de novo. *See* Tr. at 14:7-21. The Court's logic regarding motions to quash applies equally to motions to quash in the context of proceedings under Section 1782 of United States Code. Finally, Google's proposed modifications maintain the overall findings of the Order and simply clarify the law regarding burden (well-established law that Applicant does not dispute) and correct misstatements of its position.

Ultimately, Google's concerns regarding the Order are meritorious, and Applicant's resistance to these changes is unfounded. Accordingly, for the reason set forth in its moving papers and below, Google requests that the Court grant its Renewed Motion.

## II.   ARGUMENT

### A.   The Court authorized Google to raise any objections to the Order.

In its December 9, 2020 ruling, this Court specifically authorized Google to renew its challenges to the Order, other than its challenge to production. ECF No. 43("The *production* is

---

[1] While this case dealt with consent in the form of a sworn declaration that was found to be sufficient under the facts, users attempt to provide consent to Google via means that are difficult or impossible to verify, including informal emails, handwritten letters, and oral requests made over the phone.

without prejudice to *any other objections* Google would like to pursue on review of the magistrate judge's order") (emphasis added). Applicant incorrectly claims that the Court authorized Google only to raise "additional" issues with the Order.² Opp. at 6. But the Court was clear that it reserved review of Google's objections to the Order, except as to production:

- This [order] is not tying Google's hands in any way outside of this one production deadline [to produce on the subpoena]. (Tr. at 12:16-17);

- Now, after [Google produces], we can work on -- **if there's anything else you'd like to discuss about the magistrate judge's order**, I'd be happy to take it up at that point. We can do -- [Google] can propose whatever you'd like, [Applicant] can respond, and then I will decide what to do. (*Id.* at 13:4-8.) (emph. added);

- [I]f there are still things you want to talk about with respect to the magistrate judge's order, for example, we put to rest the production issue but now you want to say, **"Well, maybe the magistrate judge shouldn't have said x because that's going to be something that comes up in other cases because it's phrased in a way that causes us concern as a legal matter, not just as a business matter but as a legal matter," that's fine. I'll take a look at that.** We've got plenty of time to do that and we'll do that, as I've said several times, in a reasoned and organized fashion. (*Id.* at 15:6-18) (emph. added).

Google's Renewed Motion seeks review and modification of the Order to correct language regarding the SCA and Google's positions that "cause[] … concern as a legal matter." *Id*. at 15:12-16. This is precisely what the Court invited at the December hearing, contrary to Applicant's representations that further review is unnecessary because the Court previously ordered Google to produce. *See, e.g.*, Opp. at 5; 9; 11.³ Accordingly, the Renewed Motion is proper and consistent with the scope of the Court's December ruling.

---

² Applicant cites generally to ECF No. 45, the transcript of the December 9, 2020 hearing, for her contention that the Court only permitted briefing to raise "additional issues," but that instruction or limitation does not appear anywhere in the transcript. Applicant may not invent requirements or misrepresent the transcript to further her arguments.

³ The Opposition attempts to collapse the distinction between this Court's conclusion that the "heart" of the Order is "perfectly fine," and its holding that Google may raise legal objections to other aspects of the Order at a later date. Opp. at 9. As the above-cited excerpts of the Transcript

**B.     The Court should apply a de novo standard of review.**

Google seeks to confirm that the Court is applying a de novo standard of review to this matter. At the December 9, 2020 hearing on Google's motion to quash, the Court explained that its *Reddit* decision was directly applicable. *See* Tr. at 14:7-21 ("...I have written at some length on what the appropriate standard of review is in exactly this context, a motion to quash a third-party subpoena….[in] *In re DMCA Subpoena to Reddit*…. [B]ut either under a de novo or clearly an erroneous review, the production order stands.").

Indeed, the logic of the *Reddit* decision applies here. That decision holds that a ruling by a magistrate judge resolving a motion to quash is dispositive when it resolves the "sole issue presented" in the dispute between the parties. *Reddit*, 441 F. Supp. 3d at 880. That is the case here—Applicant obtained the subpoena "on a freestanding basis independent of a complaint or litigation," making enforcement of that subpoena the only dispositive issue here. *Id*. Accordingly, the Order, which purported to resolve the motion to quash, was dispositive.

"This determination matters because the procedures for reviewing a magistrate judge's decision depend on whether the parties consented to entry of a dispositive order." *Id*. at 881. There is a "stringent requirement" that consent vesting a magistrate with authority to enter dispositive orders be "clear and unambiguous." *Id*. (citations omitted). "In the absence of consent by all the parties" to such an order, "a magistrate judge may hear all pretrial matters but may address dispositive issues only in the form of a report and recommendation to a district judge, and not in a final order or judgment." *Id*.; *see* 28 U.S.C. § 636(b)(1)(B)-(C). In that circumstance, "the parties may challenge the report and recommendation before a district judge," who "makes a de novo determination about the report and recommendation." *Reddit*, 441 F. Supp. 3d at 881; *see* 28 U.S.C. § 636(b)(1).

Here, the record is clear that Google did not consent to entry of dispositive orders by the Magistrate Judge. The "record shows that [Google's] consent was never confirmed or explored by

---

make clear, those two aspects of the December 9, 2020 ruling are discrete, and this Court's approval of the production obligation has no bearing on Google's right under the Court's decision to request further review of the Order's factual and legal issues here. *See, e.g.*, Tr. 15:6-18.

the [M]agistrate [J]udge, and the docket does not indicate that [Google] was ever advised of the right to appear before a district judge via a consent-or-declination form, or any other means." *Reddit*, 441 F. Supp. 3d at at 881-82. Accordingly, the Magistrate Judge only had authority to issue a report and recommendation on Google's motion to quash, which Google properly challenged. Under *Reddit*, the Court should review that report and recommendation de novo. *Id*. at 881.[4]

Google therefore seeks confirmation on what standard of review is being applied. Separately, even under an abuse of discretion standard of review, the Court may modify the Order to correct misstatements and misinterpretations of the SCA. Pursuant to that standard, the "Court reviews the magistrate judge's findings of fact for clear error, and reviews legal conclusions to determine whether they are contrary to law." *Bernstein v. Virgin Am., Inc.*, No. 15-CV-02277-JST, 2017 WL 7156342, at *1 (N.D. Cal. June 28, 2017) (int. punctuation omitted) (citing *United States v. Doe*, 136 F.3d 631, 636 (9th Cir. 1998)). Because the Order contains errors of law and fact, it may be modified under this standard of review, as well.

---

[4] The cases Applicant cites regarding review of Section 1782 orders do not compel a different outcome, as Ninth Circuit courts routinely apply de novo review to Section 1782 orders or acknowledge the validity of de novo review. *See, e.g., Khrapunov v. Prosyankin*, 931 F.3d 922, 927, 931-34 (9th Cir. 2019) (Callahan, J., concurring) (stating that rulings on Section 1782 applications are dispositive and should be reviewed de novo); *de Leon v. Clorox Co.*, No. 19-MC-80296-EMC, 2021 WL 718840, at *3 (N.D. Cal. Feb. 24, 2021) (acknowledging Circuit split and considering magistrate's order under de novo); *Illumina Cambridge Ltd v. Complete Genomics, Inc.*, No. 19-MC-80215-WHO, 2020 WL 1694353, at *2 (N.D. Cal. Apr. 7, 2020) (acknowledging that the "Ninth Circuit has not yet clearly ruled on this issue and courts have applied different standards," and reviewing under both a clear error and de novo standard "to avoid a needless battle about the standard of review that cannot affect the outcome.") (int. citations and quotation marks omitted); *Advanced Micro Devices v. Intel Corp.*, No. C 01-7033, 2004 WL 2282320, at *1 (N.D. Cal. Oct. 4, 2004) (reviewing Section 1782 application de novo); *see also In re Letters Rogatory from the Tokyo Dist. Prosecutor's Office, Tokyo, Japan*, 16 F.3d 1016, 1018 n.1 (9th Cir. 1994) ("[O]rders made pursuant to § 1782 are final, and thus appealable under 28 U.S.C. § 1291."); Wright & Miller, 12 Fed. Prac. & Proc. Civ. § 3068.3 (2d ed.) (motions under § 1782 are dispositive matters).

### C. The Court should modify the Order to correct the legal standard for establishing consent under the SCA.

Applicant does not dispute that the party seeking the benefit of the SCA's lawful consent exception, 18 U.S.C. § 2702(b)(3), must demonstrate that lawful consent exists. *See, e.g., In re Google Assistant Priv. Litig.*, 457 F. Supp. 3d 797, 823 (N.D. Cal. 2020) (evaluating whether litigant seeking content from Google had "conclusively establish[ed] consent."); *compare Calhoun v. Google LLC*, No. 20-CV-05146-LHK, 2021 WL 1056532, at *7 (N.D. Cal. Mar. 17, 2021) (when *Google* seeks "benefit of the [lawful consent] exception, [then] it is Google's burden to prove consent."); *Matera v. Google Inc.*, No. 15-CV-04062-LHK, 2016 WL 5339806, at *17 (N.D. Cal. Sept. 23, 2016) (same); *In re Yahoo Mail Litig.*, 7 F. Supp. 3d 1016, 1028 (N.D. Cal. 2014) (citing *In re Pharmatrak, Inc.*, 329 F.3d 9, 19 (1st Cir. 2003)) (burden of proof is on "the party seeking the benefit of the exception" to the Wiretap Act, 18 USC § 2511(2)(d)).

Google simply asks that the Court modify the Order to clarify the obligations of a litigant claiming the benefit of the lawful consent exception, by removing broad language that is not limited to the facts of this matter. As drafted, the Order suggests that once any form of consent is provided, providers such as Google cannot require any form of account verification, and must introduce evidence to rebut claims of account holdership. *See, e.g.*, Order at 5 ("nothing in the SCA … permits a service provider to dictate the form of acceptable consent" and "*Google* points to no evidence suggesting that Mr. Akhmedov is not the owner of the accounts.") (emph. added). This language has already been cited to Google for the proposition that it cannot seek any form of account verification to validate claims of account holdership, and that once consent has been provided in any manner ranging from handwritten notes to informal requests over the phone, Google must present evidence to show that someone is *not* the account holder in order to argue that the consent is insufficient.[5]

---

[5] Google does not verify an individual's identity upon account creation, and therefore cannot be tasked with proving or disproving who owns an account. Accordingly, because Google does not already know who holds each account, it is not feasible for Google to disprove claims of account holdership.

Applicant is incorrect that the Magistrate "simply confirmed that Google is not permitted to rely on its own verified consent process as the sole manner of confirming that … consent has been provided, usurping all other forms of consent permitted under the SCA." Opp. at 12. Google did not make the argument that its method was the *sole* manner in which consent could be provided under the SCA. Instead, Google argued that Applicant had not demonstrated that Temur Akhmedov was the account holder because he could not access his account, and as a result, Google could not verify whether he in fact, was the holder of the accounts for which he was consenting in this specific matter. *See* ECF No. 47-8 (Transcript of Nov. 24, 2020 Hearing) at 7:12-16 ("Google's position is not that it dictates necessarily what lawful consent is … [but] that lawful consent here should be *consistent with* Google's verification process") (emph. added). The Magistrate Judge reviewed the evidence and disagreed, finding that under the facts of the case, Temur Akhmedov's signed declaration was sufficient.[6]

Google's concerns with this language is not hypothetical. Providers must adhere to high standards to ensure compliance with SCA, both to protect user privacy and protect themselves from liability. As part of that, they must be able to develop processes to determine whether someone is, in fact, the account holder before disclosing the content of an account. *Cf. Negro v. Superior Court*, 230 Cal. App. 4th 879, 897 n.3 (2014), *as modified (*Nov. 18, 2014). But the Order suggests that setting any such standards is impermissibly "dictating" consent. *See* Order at 4 ("Google insists that its verified consent process is the only acceptable means for an account holder to indicate consent"); *id.* at 5 ("nothing in the SCA requires that consent be communicated in the manner Google prescribes.").

As drafted, the Order appears to suggest that providers cannot develop such processes and dispute claims regarding account holdership absent litigation.  This is not the law, and this

---

[6] Applicant incorrectly claims that Google argued lawful consent "can only be demonstrated through Google's account verification process wherein an email is sent directly from the account(s) at issue," but Applicant's only basis for this assertion is Applicant's interpretation of Google's assertion in its objection letter that "verification is necessary to establish lawful consent under the SCA." Opp. at 11; *see* ECF No. 20-4 at 5. As the record makes clear, Google has not argued that its process is the only way to verify consent.

1  language has emboldened subpoenaeing parties to claim that any form of consent is arguably
2  "lawful consent," and Google cannot require account verification. As a provider that receives a
3  high volume of "consents," Google is far better situated than Applicant to identify the problems
4  that some language in the Order presents. Google requests these modifications not to "streamline
5  Google's legal compliance tasks," as the Opposition claims, but because it has already seen
6  firsthand the privacy and legal risk that litigants' misunderstanding and misapplication of this
7  broad language introduces. Opp. at 12. Accordingly, the Order should be corrected to clarify the
8  law and to ensure that litigants do not selectively misapply the language of the Order going
9  forward.

**D.     Applicant consents to limiting the Order to the facts of the case.**

As noted in Google's moving papers, Applicant consents to the following modification to limit the Order to the facts of the case: "The Court emphasizes that this Order is limited to the facts and circumstances in this rather unique case, and is not intended to be representative of any production obligations *vel non* for Google in other cases." *See* Renewed Motion at 10. Google requests that the Court modify the Order to include this language, which is consistent with the Court's December 9, 2020 ruling. *See* ECF No. 43 ("The Court emphasizes that the production here is limited to the facts and circumstances in this rather unique case, and is not intended to be representative of any production obligations *vel non* for Google in other cases.").

Contrary to Applicant's argument that this change is sufficient to prevent misapplication of the Order in future cases, this addition alone does not address the implications of problematic language elsewhere in the Order. Parties will selectively rely upon the few broad sentences in the Order discussed above—and in fact, are already doing so—to seek production based on any type of consent they see fit. If this addition is the only modification, Google will continue to face claims that any form of consent, irrespective of its legitimacy or verifiability, must be accepted to demonstrate that someone is, in fact, the account holder, absent evidence that the individual is not the account holder.

### III. CONCLUSION

For the reasons set forth herein, and in its moving papers, Google respectfully requests that this Court grants its Renewed Motion and adopt the proposed order submitted with its moving papers.

DATED: April 22, 2021                    PERKINS COIE LLP

                                         By: */s/ Julie E. Schwartz*
                                         Julie E. Schwartz

                                         *Attorney for Respondent and Non-Party Google LLC*